IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ARY JEWELERS, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 03-0439-CV-W-FJG ) |
| IBJTC BUSINESS CREDIT CORPORATION et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the Alternative to Transfer on the Ground of Inconvenient Forum (Doc. No. 8).

### I. Introduction

Plaintiff ARY Jewelers, LLC ("ARY") is a Nevada limited liability company whose members all reside in Dubai in the United Arab Emirates. Defendant IBJTC Business Credit Corporation ("IBJTC") is a New York corporation with its principal place of business in New York City. Defendant IBJTC had an office in Massachusetts until recently, where defendant David Molinario ("Molinario") worked at the time of the events at issue in this lawsuit. Mr. Molinario continues to reside in Massachusetts, although he is no longer employed by IBJTC.

Plaintiff ARY alleges that defendants intentionally interfered with ARY's business relationship with another lender, Foothill Capital Corporation ("Foothill") and purposefully disclosed information to Foothill that IBJTC discovered in a background check of one

investor/member of ARY. Plaintiff ARY alleges that defendants knew that ARY had entered into an agreement to purchase Krigel's Inc. stock as part of a prepackaged bankruptcy action filed in the Western District of Missouri, and that defendants' disclosure of information prevented ARY from being able to reach financing on reasonable terms from Foothill, and ultimately prevented ARY for closing on its agreement to purchase Krigel's. Consequently, plaintiff filed the current lawsuit, alleging the following counts: (1) Tortious Interference with Contract and Business Expectancies; and (2) Breach of Confidential or Fiduciary Relationship.

Defendants, in their motion to dismiss, supply affidavits stating that both IBJTC and Molinario are non-residents of Missouri and had no contacts with Missouri supporting personal jurisdiction over them in plaintiff's case. In particular, defendants assert that the alleged disclosure of information to Foothill occurred entirely in Massachusetts.[1]

---

[1] Molinario states the following in his affidavit, attached as Exhibit 2 to Doc. No. 9: In February 2001, Molinario was asked to perform an analysis of a $12 million credit facility that IBJTC was considering extending to Krigel's. Molinario understood that Krigel's had intended to sell its stock to plaintiff, and that the facility considered by IBJTC was to be used, in part, to repay Krigel's outstanding debt to Foothill. IBJTC obtained background information on plaintiff as part of its evaluation of the financial transaction it was considering with Krigel's. Newspaper articles discovered in this background check disclosed that Haji Abdul Razzak, one of plaintiff's principals, faced charges of embezzlement and bribery related to the award to a related entity of an exclusive license to import gold into Pakistan. The articles also stated that Mr. Abdul Razzak had been charged with corruption and fraud in connection with the misappropriation of $5 million from a Dubai bank account. Based in part upon this background information, IBJTC decided not to enter into the financing transaction with Krigel's. Following this decision, Mr. Molinario states he made a courtesy telephone call from IBJTC's office in Braintree, Massachusetts to Tom Morgan at Foothill Capital's office in Boston, Massachusetts, informing Mr. Morgan as to the reason IBJTC would not be extending financing to Krigel's. Notably, plaintiff does not challenge defendant Molinario's assertion that the telephone call that provided the basis for this lawsuit was placed from one

## II. Discussion

### A. Motion to Dismiss for Lack of Personal Jurisdiction–Applied to All Defendants

#### 1. Standard

The party seeking to invoke the jurisdiction of a federal court bears the burden of establishing that jurisdiction exists. Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 653 n. 3 (8th Cir. 1982)(citations omitted). To defeat a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction. Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991) (citations omitted). Where the Court relies on only the pleadings and affidavits in making its decision, and does not conduct an evidentiary hearing on the issue of jurisdiction, it views the facts in the light most favorable to the non-moving party, and resolves all factual conflicts in favor of that party. Id.

A federal court may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and the Due Process Clause of the Constitution. Pecoraro v. Sky Ranch For Boys, Inc., 340 F.3d 558, 561 (8th Cir. 2003). Because Missouri's long-arm statute has been construed to permit jurisdiction to the fullest extent permitted by the Due Process Clause, see Porter v. Berall, 293 F.3d 1073, 1074 (8th Cir. 2002), the Court will "turn immediately to the question of whether the assertion of personal jurisdiction would violate due process." Id. at 1075.

---

Massachusetts resident to another.

A state may exercise personal jurisdiction over a nonresident defendant consistent with due process when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945)(quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). The defendant's contact with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). A party may anticipate being haled into court in a particular jurisdiction if it "purposefully directed" its activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to" those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)(citations omitted). Furthermore, the contacts with the forum state must be more than random, fortuitous or attenuated. Id. at 475.

Two types of personal jurisdiction exist: general and specific. If the exercise of jurisdiction does not depend on the relationship between the cause of action and the defendant's contacts with the forum state, the exercise of personal jurisdiction is one of general jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 n.9 (1984). General jurisdiction is only applicable if the defendants' contacts with the forum state are continuous and systematic. Id. at 414. If, on the other hand, the cause of action arises out of or is related to a defendant's contacts with the forum state, the exercise of personal jurisdiction is one of specific jurisdiction. Id. at 414 n.8.

In the Eighth Circuit, courts examine five factors in determining whether a non-resident defendant's contacts are sufficient to support the exercise of personal jurisdiction

in the forum state: (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of the contacts; (3) the relationship between the cause of action and the contacts; (4) the forum state's interest in providing a forum for its residents; and (5) the convenience of the parties. Pecoraro, 340 F.3d at 562. The first three factors are of primary importance, while the last two are of secondary importance. Id.

Additionally, in cases where defendants are alleged to have committed an intentional tort outside the forum state, the Court may consider the extent to which the alleged conduct had an effect on the forum state. See Calder v. Jones, 465 U.S. 783 (1984); Dakota Indus., 946 F.2d at 1391. The "effects" test adopted in Calder "allows the assertion of personal jurisdiction over non-resident defendants whose acts 'are performed for the very purpose of having their consequences felt in the forum state.'" Dakota Indus., 946 F.2d at 1390-91 (citing Brainerd v. Governors of Univ. of Alberta, 873 F.2d 1257, 1260 (9th Cir. 1989). The "effects" test supports personal jurisdiction where the defendant "expressly aimed" his conduct at the forum state and knew that the "brunt of the harm" would be felt in the forum state. See Calder, 465 U.S. at 789-90.

2. Application

Defendants assert that, based on their allegations in their affidavits, neither of them have the "continuous and systematic" contacts necessary for an exercise of general jurisdiction. See Helicopteros Nacionales, 466 U.S. at 414. Plaintiff, in its response, does not argue that defendants are subject to general jurisdiction. Instead, plaintiff appears to argue that defendants are subject to specific jurisdiction, given that their alleged tortious interference had an effect in the state of Missouri.

Defendants state that they are not subject to specific jurisdiction because (1) they have no contacts with the forum state from which the cause of action could have arisen, and (2) the Calder "effects" test does not grant personal jurisdiction where the effects of a tort are felt in the forum state, but there are no other contacts between the defendant and the forum state that are related to plaintiff's claims. See Hicklin Eng'g Inc. v. Aidco, Inc., 959 F.2d at 739 (stating that an effect in the forum state "alone will not be sufficient to bestow personal jurisdiction"). Furthermore, defendants assert that the "effects" test does not support personal jurisdiction because plaintiff is not a Missouri resident; therefore, the "brunt of the injury" would have been felt not in Missouri, but in Nevada and/or Dubai. Defendants argue that the pendency of the Krigel's bankruptcy case in the Western District of Missouri is irrelevant to the issue of personal jurisdiction because (1) any alleged injury was to plaintiff, not to the Krigel's bankruptcy case; (2) the pendency of the bankruptcy case in the Western District of Missouri was a fortuity and not connected to any purposeful action by defendants; and (3) for personal jurisdiction to exist, there must be more than "mere effects" of out-of-state conduct in Missouri.

Plaintiff argues that ARY's claims arise from defendants' contacts with this district in that defendants knew that ARY intended to use the loan to purchase the Krigel's, Inc. jewelry stores from the Western District of Missouri bankruptcy action filed by Krigel's, Inc. ARY argues that it never intended to do business in Nevada; instead, it intended to acquire Krigel's, Inc., whose jewelry stores are located primarily in this district. Additionally, ARY states that defendants admitted in their affidavits that they communicated with representatives of plaintiff, and plaintiff states that these discussions occurred while ARY's

representatives were located in Kansas City. Regarding the Calder "effects" test, plaintiff states that the effects test has greater reach in cases of intentional torts, in that as long as the defendant has committed an intentional tort and the defendant should have expected the brunt of the injury to be felt in the forum, personal jurisdiction should be exercised over that defendant.

The Court finds that plaintiff has failed to make a prima facie showing of personal jurisdiction. Defendants' contacts with Missouri, as alleged by plaintiff, are random, fortuitous, and attenuated. See Burger King Corp., 471 U.S. at 475. Defendants had no control over where the Krigel's, Inc. bankruptcy action was filed. The Court finds that plaintiff's statement that it <u>intended</u> to operate a business in the Western District of Missouri to be unavailing; plaintiff is not a resident of this judicial district and therefore any conduct that defendants "purposefully directed" at plaintiff must have been directed to plaintiff's residence, not Missouri. Furthermore, the Court agrees that the Calder "effects" test does not aid plaintiff because the "brunt of the injury" plaintiff felt would have been felt at plaintiff's residence—not in Missouri. Therefore, the Court concludes it lacks personal jurisdiction over defendants.

<u>B.     Motion to Dismiss for Improper Venue—Applied to All Defendants</u>

The Court has subject matter jurisdiction over the present matter based upon diversity of citizenship. The venue statute applicable to actions based upon diversity provides that such actions "may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurs. . . or (3) a judicial district in which

any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

Because all defendants do not reside in the same state, subsection (1) is inapplicable. The Court's earlier holding that it lacks personal jurisdiction over this matter makes subsections (2) and (3) inapplicable. Therefore, venue in this Court is improper. 28 U.S.C. § 1406(a), which allows a court to dismiss or transfer a case in which venue is laid in the "wrong division or district," applies whenever there is an impediment, such as lack or personal jurisdiction, preventing the court from proceeding to trial on the merits. Mayo Clinic v. Kaiser, 383 F.2d 653, 655-56 (8th Cir. 1967). Additionally, transfer is permissible "whether the court in which it was filed had personal jurisdiction over the defendants or not. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962). Therefore, the Court is free to dismiss or transfer the case.

The Court concludes that transfer is the preferable outcome in this case. Plaintiff has presented at least a colorable claim, and dismissal would require the case to be re-filed, further delaying proceedings. Therefore, the Court determines that the interests of justice require the Court to transfer the case to the District of Massachusetts, Eastern Division, where there will be no questions over personal jurisdiction or venue.[2]

---

[2] Defendant Molinario is a resident of the District of Massachusetts, Eastern Division, and therefore personal jurisdiction and venue there are plainly appropriate as to Molinario. Plaintiff, however, attempts to argue that IBJTC has not established that it is subject to venue and jurisdiction in the District of Massachusetts, Eastern Division. See Doc. No. 15, p. 11. However, the Court believes the defendants have sufficiently demonstrated that IBJTC is subject to venue and jurisdiction in that court. Defendant IBJTC has asserted that it had an office in Massachusetts until recently, and defendant Molinario worked out of that office at the time of the events at issue in this lawsuit. The

Accordingly, for the above stated reasons, it is ORDERED that:

(1) Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the Alternative to Transfer on the Ground of Inconvenient Forum (Doc. No. 8) is **DENIED IN PART** as it relates to dismissal of this action;

(2) Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the Alternative to Transfer on the Ground of Inconvenient Forum (Doc. No. 8) is **GRANTED IN PART** as it relates to transfer of this action; and

(3) This case is **TRANSFERRED TO THE DISTRICT OF MASSACHUSETTS, EASTERN DIVISION.**

**IT IS SO ORDERED.**

/s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: January 29, 2004 .
Kansas City, Missouri.

---

Massachusetts long-arm statute provides that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth . . . (c) causing tortious injury by an act or omission in this commonwealth." Mass. Gen. Laws. ch. 223A, § 3. Personal jurisdiction as to IBJTC, therefore, is apparent under both of these provisions. Further, as the Court mentioned previously in this Order, the telephone call that forms the basis of this lawsuit occurred entirely within the state of Massachusetts. Therefore, venue is appropriate under 28 U.S.C. § 1391(a)(2) as to both defendants in the District of Massachusetts, Eastern Division.