**ARY JEWELERS, LLC**
c/o Abdul Razzak
15318 Amesbury
Sugar Land, Texas 77478

March 28, 2001

<u>Via Certified Mail</u>
<u>Return Receipt Requested</u>
<u>And Also by Federal Express</u>

Mr. Scott W. Krigel, Trustee of
Scott W. Krigel Revocable Trust
12112 Catalina
Leawood, Kansas 66209

  Re: Stock Purchase Agreement, dated November 21, 2000, by and between Scott W. Krigel, Trustee of the Scott W. Krigel Revocable Trust, as Seller, and ARY Jewelers, LLC, a Nevada limited liability company, as Purchaser, pertaining to the purchase of all of the issued and outstanding shares of common stock of Krigel, Inc., a Kansas corporation (the "Stock Purchase Agreement")

Dear Mr. Krigel:

  Section 4 (c) of the Stock Purchase Agreement states as follows:

> "Within four weeks from the date hereof Purchaser shall provide Seller with evidence of Foothill Capital's consent to the continued financing of Company's obligations to Foothill Capital. In the event Foothill Capital does not consent within the foregoing time period this Stock Purchase Agreement and related agreements shall be void and of no further effect."

  As you are fully aware Foothill Capital did not give its consent to the continued financing of Krigel, Inc.'s obligations to Foothill Capital on or before December 19, 2000. Indeed, to date Foothill Capital has not given such consent.

  At the time the undersigned entered into the Stock Purchase Agreement, you assured us that after the undersigned's acquisition of Krigel, Inc.'s stock Foothill Capital would continue to provide the financing to Krigel on the same terms as it was then providing such financing. However, it appears that Foothill Capital is not prepared to continue the existing financing arrangements after the undersigned's acquisition of the Krigel, Inc. stock. The non-binding letters of expression of interest (the "Expression Letters") that the undersigned has received from representatives of Foothill Corporation, i.e. the letter dated March 20, 2001 from Wells Fargo Retail Finance, and the letter dated



ARY - 01011

000142

March 27, 2001 from Wells Fargo Retail Finance, provide for an inventory borrowing base of 70% of Net Retail Liquidation Value, whereas Krigel, Inc.'s existing arrangement with Foothill Capital provides an inventory borrowing base of 90% of the Net Retail Liquidation Value. Moreover, the Expression Letters also impose a minimum availability requirement of $2,000,000 at all times. The Expression Letters also require that at closing Krigel, Inc. should have a minimum unused loan availability of $2,000,000, and also require the undersigned to furnish a $500 M secured guaranty in the form of a Letter of Credit to further secure the Foothill Capital's loan. The Expression Letters also require a financing fee. Needless to say that the additional requirements by Foothill Corporation's representatives materially change the stock acquisition transaction from the undersigned's standpoint because they require substantial infusion of additional capital by the undersigned, and also increase the cost of the transaction. The new terms and conditions contained in the Expression Letters are not acceptable to the undersigned.

The undersigned is ready, able and willing to consummate the transactions contemplated in the Stock Purchase Agreement upon the terms and conditions stated in the Stock Purchase Agreement, i.e. if Foothill Capital continues to provide Krigel, Inc. financing upon the same terms and conditions as were in effect at the time the Stock Purchase Agreement was entered into. As you are aware, the undersigned has fully performed its obligations under the Stock Purchase Agreement by timely depositing $1,500,000 in escrow, and by depositing $6,000,000 (60% of Krigel's unsecured creditors claims) in a domestic federally insured banking institution.

The undersigned has in good faith and in reliance upon your assurance that Foothill Capital would eventually agree to continue the existing financing arrangement with Krigel, Inc. deposited $6,000,000 in a domestic federally insured bank, and has dealt with Foothill Capital's representatives. However, if Foothill Capital continues to insist upon the new terms and conditions contained in the Expression Letters discussed above, and does not consent to the continued financing of Krigel, Inc.'s obligations, then the undersigned's position shall be that the Stock Purchase Agreement and related agreements are null and void pursuant to Section 4 (c) of the Stock Purchase Agreement, and the undersigned will request the escrow agent to return to the undersigned the $1,500,000 placed in escrow.

Pursuant to Section 8 (d) of the Stock Purchase Agreement, the undersigned hereby notifies you that all notices, requests, demands, and other communication required or permitted to be given under the Stock Purchase Agreement should be addressed to the undersigned at the following address:

        ARY JEWELERS, LLC
        c/o Abdul Razzak
        15318 Amesbury
        Sugar Land, Texas 77478

With a copy to:

ARY - 01012

000143

Anwar-i-Qadeer & Associates, P.C.
Attn: Anwar-i-Qadeer, Esq.
50 Briar Hollow Lane
Suite 230 West
Houston, Texas 77027
Telephone: 713-622-8187
Facsimile: 713-622-8704

    The undersigned has invested a lot of time, effort and expense in this transaction, and has let other business opportunities slip away. The undersigned urges you to use whatever influence you may have on Foothill Capital to continue providing financing on the same terms and conditions as existed on or about November 21, 2001, so that we can consummate the transactions contemplated in the Stock Purchase Agreement.

Sincerely,

ARY Jewelers, LLC

By: _ARSUSH_

Copy to: <u>Via Certified Mail</u>
<u>Return Receipt Requested</u>
<u>And Also Via Fax # 816-756-1999</u>

Krigel & Krigel, P.C.
Attention: Mr. Sanford Krigel
4550 Belleview
Kansas City, Missouri 64111

000144

ARY - 01013