**ARY JEWELERS, LLC**
c/o Abdul Razzak
15318 Amesbury
Sugar Land, Texas 77478

April 5, 2001

<u>Via Certified Mail</u>
<u>Return Receipt Requested</u>
<u>And Also by Overnight Courier Service</u>

Mr. Scott W. Krigel, Trustee of
Scott W. Krigel Revocable Trust
12112 Catalina
Leawood, Kansas 66209

      Re:    Stock Purchase Agreement, dated November 21, 2000, by and between Scott W. Krigel, Trustee of the Scott W. Krigel Revocable Trust, as Seller, and ARY Jewelers, LLC, a Nevada limited liability company, as Purchaser, pertaining to the purchase of all of the issued and outstanding shares of common stock of Krigel, Inc., a Kansas corporation (the "Stock Purchase Agreement")

Dear Mr. Krigel:

    By our letter, dated March 28, 2001, a copy of which is enclosed, we informed you that ARY Jewelers, LLC was ready, able and willing to consummate the transactions contemplated in the Stock Purchase Agreement upon the terms and conditions stated in the Stock Purchase Agreement, i.e. if Foothill Capital continues to provide Krigel, Inc. financing upon the same terms and conditions as were in effect at the time the Stock Purchase Agreement was entered into. In said letter we notified you that Foothill Capital had not given its consent to the continued financing of Krigel, Inc.'s obligations to Foothill Capital, and that it was imposing additional requirements on the undersigned which additional requirements are unacceptable to the undersigned. In said letter the undersigned urged you to use whatever influence you may have on Foothill Capital to continue providing financing on the same terms and conditions as existed on or about November 21, 2001, so that we could consummate the transactions contemplated in the Stock Purchase Agreement on an expeditious basis.

    After sending the March 28, 2001 letter we met with Foothill Corporation's representative on April 1, 2001, in Cincinnati, and then on April 4, 2001 in Houston, Texas. On April 5, 2001, we had telephone discussion with Foothill Corporation's representative. Foothill Corporation has categorically informed us that they are not willing to provide Krigel, Inc. financing upon the same terms and conditions as were in effect at the time the Stock Purchase Agreement was entered into, and Foothill

ARY - 01018        000

EXHIBIT
I

Corporation continues to insist on imposing additional requirements on the undersigned as set forth in our letter of March 28, 2001.

Accordingly, the undersigned is left with little option but to declare that the Stock Purchase Agreement and related agreements are null and void pursuant to Section 4 (c) of the Stock Purchase Agreement since Foothill Corporation has not given its consent to the continued financing of Krigel, Inc.'s obligations to Foothill Capital. Inasmuch as the Stock Purchase Agreement and related agreements are null and void, we hereby request you to give a joint written instruction to Assured Quality Title Company to release to the undersigned the $1,500,000 that was deposited with said Assured Quality Title Company pursuant to the Stock Purchase Agreement and or related agreements. If you do not give such joint written instructions to the escrow agent, the undersigned may pursue such remedies as may be available to the undersigned.

By a copy of this letter, Assured Quality Title Company is being informed of the matters stated herein.

Sincerely,

ARY Jewelers, LLC

By: _____

Copy to: Via Certified Mail
Return Receipt Requested

Krigel & Krigel, P.C.
Attention: Mr. Sanford Krigel
4550 Belleview
Kansas City, Missouri 64111

Via Certified Mail
Return Receipt Requested

Assured Quality Title Company
Attn: Mr. Jose Evans
1001 Walnut
Kansas City, Missouri 64106

2

ARY - 01019                    000150