# Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd.

55 East Monroe Street • Suite 3700 • Chicago, Illinois 60603

## FACSIMILE TRANSMISSION

The information transmitted in this facsimile message and attachments, if any, is attorney-client information, privileged and confidential matter intended only for the use of the individual or entity named below. Distribution to unauthorized persons is prohibited. If you have received this transmission in error, immediately notify us by telephone and arrange for its return.

**Date:** ~~March 12,~~ 2001
**From:** Randall L. Klein
**Direct Dial:** (312) 201-3974

**Billing Number:** 1989.019
**Sender's Personal ID #:** 168

### DISTRIBUTION LIST

**To:** Tom Morgan
**Fax Number:** (617) 523-4027
**Phone Number:** (617) 854-7236

**To:** Steve Cole
**Fax Number:** (617) 523-4032
**Phone Number:** (617) 854-7244

Number of Pages in this transmission (including cover sheet) [5]

If you have any problems with this transmission, please contact us at:

(312) 201-4000
Ext. 6581
(Voice)

(312) 332-2196
(Fax)

01 APR -6 AM 9:23

#284588.v01 4/6/01 9:17 AM 63L801!.DOC

1989.019

EXHIBIT
C

F 01317

RLK Desk Copy

## LAW OFFICE
## KRIGEL & KRIGEL, P.C.
### 4550 BELLEVIEW
### KANSAS CITY, MISSOURI 64111

SANFORD P. KRIGEL
ERLENE W. KRIGEL
ANITA B. BUTLER
KAREN S. ROSENBERG*
KEVIN W. KENNEY**
STEVEN J. BRAUN**
*Also admitted in Illinois and Kansas
**Also admitted in Kansas

AREA CODE (816) 756-5800

## FACSIMILE TRANSMITTAL

DATE: April 5, 2001

NUMBER OF PAGES (including this page): 4

FROM: Sandy Krigel

    KRIGEL & KRIGEL, P.C.
    4550 BELLEVIEW
    KANSAS CITY, MISSOURI 64111
    (816) 756-5800
    Fax No.: (816) 756-1999

TO:   Randall L. Klein, Esq.    312 332-2196
       Mark T. Benedict, Esq.   816 421-0596

ORIGINAL [] WILL [X] WILL NOT BE SENT VIA U.S. MAIL

*********************************************************************

Re: Foothill - Krigel's

    Attached is a copy of the March 28, 2001 letter from ARY Jewelers, LLC to Scott Krigel. As we discussed earlier today, while we disagree with some of the positions taken by ARY in the letter, ARY is unequivocal that it would close on the deal if it were offered the same terms and conditions on a Foothill loan package that Krigel's had with Foothill last November.

    While Krigel's is willing to enter into a stalking horse contract with a liquidator, and while Krigel's is willing to agree to a new financing agreement with Foothill, Krigel's first wants Foothill to offer ARY financing under the same terms as Krigel's had with Foothill last November. We would ask that this offer be made to ARY in writing this weekend, with Krigel's receiving a copy.

O:\WPLET\Krigels Corp\ARY\fax to klein and benedict.wpd

F 01313

**ARY JEWELERS, LLC**
c/o Abdul Razzak
15318 Amesbury
Sugar Land, Texas 77478

March 28, 2001

<u>Via Certified Mail</u>
<u>Return Receipt Requested</u>
<u>And Also by Federal Express</u>

Mr. Scott W. Krigel, Trustee of
Scott W. Krigel Revocable Trust
12111 Catalina
Leawood, Kansas 66209

Re: Stock Purchase Agreement, dated November 21, 2000, by and between Scott W. Krigel, Trustee of the Scott W. Krigel Revocable Trust, as Seller, and ARY Jewelers, LLC, a Nevada limited liability company, as Purchaser, pertaining to the purchase of all of the issued and outstanding shares of common stock of Krigel, Inc., a Kansas corporation (the "Stock Purchase Agreement")

Dear Mr. Krigel:

Section 4 (c) of the Stock Purchase Agreement states as follows:

> "Within four weeks from the date hereof Purchaser shall provide Seller with evidence of Foothill Capital's consent to the continued financing of Company's obligations to Foothill Capital. In the event Foothill Capital does not consent within the foregoing time period this Stock Purchase Agreement and related agreements shall be void and of no further effect."

As you are fully aware Foothill Capital did not give its consent to the continued financing of Krigel, Inc.'s obligations to Foothill Capital on or before December 19, 2000. Indeed, to date Foothill Capital has not given such consent.

At the time the undersigned entered into the Stock Purchase Agreement, you assured us that after the undersigned's acquisition of Krigel, Inc.'s stock Foothill Capital would continue to provide the financing to Krigel on the same terms as it was then providing such financing. However, it appears that Foothill Capital is not prepared to continue the existing financing arrangements after the undersigned's acquisition of the Krigel, Inc. stock. The non-binding letters of expression of interest (the "Expression Letters") that the undersigned has received from representatives of Foothill Corporation, i.e. the letter dated March 20, 2001 from Wells Fargo Retail Finance, and the letter dated

F 01314

March 27, 2001 from Wells Fargo Retail Finance, provide for an inventory borrowing base of 70% of Net Retail Liquidation Value, whereas Krigel, Inc.'s existing arrangement with Foothill Capital provides an inventory borrowing base of 90% of the Net Retail Liquidation Value. Moreover, the Expression Letters also impose a minimum availability requirement of $2,000,000 at all times. The Expression Letters also require that at closing Krigel, Inc. should have a minimum unused loan availability of $2,000,000, and also require the undersigned to furnish a $500 M secured guaranty in the form of a Letter of Credit to further secure the Foothill Capital's loan. The Expression Letters also require a financing fee. Needless to say that the additional requirements by Foothill Corporation's representatives materially change the stock acquisition transaction from the undersigned's standpoint because they require substantial infusion of additional capital by the undersigned, and also increase the cost of the transaction. The new terms and conditions contained in the Expression Letters are not acceptable to the undersigned.

The undersigned is ready, able and willing to consummate the transactions contemplated in the Stock Purchase Agreement upon the terms and conditions stated in the Stock Purchase Agreement, i.e. if Foothill Capital continues to provide Krigel, Inc. financing upon the same terms and conditions as were in effect at the time the Stock Purchase Agreement was entered into. As you are aware, the undersigned has fully performed its obligations under the Stock Purchase Agreement by timely depositing $1,500,000 in escrow, and by depositing $6,000,000 (60% of Krigel's unsecured creditors claims) in a domestic federally insured banking institution.

The undersigned has in good faith and in reliance upon your assurance that Foothill Capital would eventually agree to continue the existing financing arrangement with Krigel, Inc. deposited $6,000,000 in a domestic federally insured bank, and has dealt with Foothill Capital's representatives. However, if Foothill Capital continues to insist upon the new terms and conditions contained in the Expression Letters discussed above, and does not consent to the continued financing of Krigel, Inc.'s obligations, then the undersigned's position shall be that the Stock Purchase Agreement and related agreements are null and void pursuant to Section 4 (c) of the Stock Purchase Agreement, and the undersigned will request the escrow agent to return to the undersigned the $1,500,000 placed in escrow.

Pursuant to Section 8 (d) of the Stock Purchase Agreement, the undersigned hereby notifies you that all notices, requests, demands, and other communication required or permitted to be given under the Stock Purchase Agreement should be addressed to the undersigned at the following address:

    ARY JEWELERS, LLC
    c/o Abdul Razzak
    15318 Amesbury
    Sugar Land, Texas 77478

With a copy to:

F 01315

Anwar-i-Qadeer & Associates, P.C.
Attn: Anwar-i-Qadeer, Esq.
50 Briar Hollow Lane
Suite 230 West
Houston, Texas 77027
Telephone: 713-622-8187
Facsimile: 713-622-8704

The undersigned has invested a lot of time, effort and expense in this transaction, and has let other business opportunities slip away. The undersigned urges you to use whatever influence you may have on Foothill Capital to continue providing financing on the same terms and conditions as existed on or about November 21, 2001, so that we can consummate the transactions contemplated in the Stock Purchase Agreement.

Sincerely,

ARY Jewelers, LLC

By: _____

Copy to: Via Certified Mail
Return Receipt Requested
And Also Via Fax # 816-756-1999

Krigel & Krigel, P.C.
Attention: Mr. Sanford Krigel
4550 Belleview
Kansas City, Missouri 64111

3

F 01316