ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY Jewelers, LLC., <br>    Plaintiff, <br> <br> v. <br> <br> IBJTC Business Credit Corp. and <br> David Molinario, <br>    Defendants. | ) <br> ) <br> ) <br> )   CIVIL ACTION NO. 04:-CV-10281 EFH <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF ARY JEWELERS, LLC.'S OBJECTIONS TO DEFENDANTS'
SUMMARY JUDGMENT EVIDENCE AND MOTION TO STRIKE**

TO THE UNITED STATES DISTRICT COURT:

Plaintiff, ANY Jewelers, LLC., ("ANY") hereby files its Objections to Defendants' Summary Judgment Evidence and Motion to Strike and in support thereof, respectfully shows the following:

ANY objects to the Exhibits A - F, H - K attached to Kate Cimini's affidavit because they are not sworn or certified copies of documents as required under Federal Rule of Civil Procedure 56(e). Exhibits attached to affidavits must be either certified copies or sworn to by a person through whom the exhibits could be admitted into evidence. *Nolla Morell v. Riefkohl*, 651 F.Supp. 134, 140 (D. Puerto Rico 1986); Fed. R. Ev. 901 and 902; 10A C. Wright & A. Miller and M. Kane, *Federal Practice & Procedure*, § 2722, pp. 58-60 (1983); *see also Sanabia v. Travelers Ins. Co.*, 1999 Mass. App. Div. 46, 1999 WL 66915 (1999)(affiant's characterization of a document attached to her affidavit as a "'true and correct'" copy of a consent agreement between a doctor and the medical board did not transform the document into the "'sworn or certified copy' required by [Massachusetts

1

Rule of Civil Procedure] Rule 56(e)."); *Galena v. Commerce Ins. Co.*, 2001 Mass. App. Div. 222, 2001 WL 34032349 (2001)(documents attached to affidavit were not certified or sworn to by someone in a position to attest to the character of the items)[1]. Ms. Cimini's affidavit purporting to authenticate the above-mentioned documents as "true and correct copies" fails to satisfy the requirements that they be sworn to by someone in a position to attest to the character of each.

ANY objects to Exhibit G, H, and I to Ms. Cimini's affidavit on the grounds that it is inadmissible hearsay under Fed. R. Ev. 802.

ANY objects to Exhibit M to Ms. Cimini's affidavit on several grounds: (1) the entire letter is not properly authenticated; (2) the handwritten note is not properly authenticate; and (3) the entire letter and handwritten note are hearsay. Fed. R. Civ. P. 56(e); Fed. R. Ev. 802; 901 and 902.

ANY objects to all of the Exhibits attached to the Affidavit of Francis O'Connor because they are not sworn or certified copies of documents as required under Federal Rule of Civil Procedure 56(e). *Nolla Morell*, 651 F.Supp. at 140; Fed. R. Ev. 901 and 902; Wright & Miller, § 2722; *see also Sanabia*, 1999 Mass. App. Div. 46; *Galena*, 2001 Mass. App. Div. 222. Additionally, all of the exhibits are inadmissible hearsay in violation of Fed. R. Ev. 802..

ANY objects to Exhibit C to the Affidavit of Steven Cole on the grounds that the document has not been properly authenticated. Federal Rule of Civil Procedure 56(e). *Nolla Morell*, 651 F.Supp. at 140; Fed. R. Ev. 901 and 902; Wright & Miller, § 2722; *see also Sanabia*, 1999 Mass. App. Div. 46; *Galena*, 2001 Mass. App. Div. 222. Additionally, Exhibit C is inadmissible hearsay in violation of Fed. R. Ev. 802.

---

[1] Although *Sanabia* and *Galena* are Massachusetts state court cases interpreting the Massachusetts Rules of Civil Procedure, the cases provide authority on the point since the state rule 56 is modeled after Fed. R. Civ. P. 56.

For the foregoing reasons, ANY moves the Court to strike the above-objected to Exhibits.

Dated: September 14th, 2005        Respectfully submitted,

                                           THE CARRIGAN LAW FIRM, L.L.P.

                                  By: _____
                                           Stephen P. Carrigan (Admitted Pro Hac Vice)
                                           2 Houston Center
                                           909 Fannin, Suite 1575
                                           Houston, Texas 77010
                                           (713) 739-0810 (telephone)
                                           (713) 739-0821 (telefax)
                                           *Attorney-in-Charge for Plaintiff*

OF COUNSEL:

| **THE CARRIGAN LAW FIRM, L.L.P.** | **MAHENDRU, P.C.** |
| --- | --- |
| Jill L. Groff (Admitted Pro Hac Vice) | Ashish Mahendru BBO#647661 |
| 2 Houston Center | 1111 Bagby, Suite 2000 |
| 909 Fannin, Suite 1575 | Houston, Texas 77002 |
| Houston, Texas 77010 | (713) 571-1519 (telephone) |
| (713) 739-0810 (telephone) | (713) 651-0776 (telefax) |
| (713) 739-0821 (telefax) | *Of counsel for Plaintiff* |
| *Of Counsel for Plaintiff* | |

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a true and correct copy of the foregoing instrument was forwarded as indicated below by certified mail, facsimile and/or hand delivery, return receipt requested in accordance with the Federal Rules of Civil Procedure on this 14th day of September, 2005.

Robert S. Fischler
ROPES & GRAY, L.L.P.
45 Rockefeller Plaza
New York, NY 10111
Tel: (212)841-0444

                                                 _____
                                                Stephen P. Carrigan/Jill L. Groff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANY Jewelers, LLC., <br>         Plaintiff, <br><br> v. <br><br> IBJTC Business Credit Corp. and <br> David Molinario, <br>         Defendants. | ) <br> ) <br> ) <br> )    CIVIL ACTION NO. 04:-CV-10281 EFH <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING ARY JEWELERS, LLC.'S OBJECTIONS TO DEFENDANTS' SUMMARY JUDGMENT EVIDENCE AND MOTION TO STRIKE**

ON THIS the _____ day of _____, 2005, this Court considered ANY Jewelers, LLC.'s Objections to Defendants' Summary judgment Evidence and Motion to Strike . After consideration of the same, the Court is of the opinion that said motion should be SUSTAINED.

It is, therefore, ORDERED that all of the following exhibits are stricken:

1. Exhibits A - F, G - K, and M attached to Kate Cimini's affidavit;

2. All of the Exhibits attached to the Affidavit of Francis O'Connor; and

3. Exhibit C to the Affidavit of Steven Cole.

_____
UNITED STATES DISTRICT JUDGE

Signed the _____ day of _____, 2005.