UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY Jewelers, LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 04-10281-EFH <br> ) |
| IBJTC Business Credit Corporation and David Molinario, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendants IBJTC Business Credit Corporation ("IBJ") and David Molinario (collectively, "defendants") respectfully submit this Opposition to ARY Jewelers, LLC's ("ARY") Motion for Leave to File Second Amended Complaint. ARY's Motion – which was filed more than two years after the initiation of this action, three months after the close of fact discovery, and a month after defendants moved for summary judgment – is nothing more than a procedural device submitted by ARY in an attempt to avoid entry of summary judgment. ARY itself recognizes that the timing of its motion may "seem suspect." Mot. to Am. ¶ 6[1]. More importantly, the First Circuit and courts in this District have uniformly recognized the suspect nature of motions to amend filed by litigants only after being confronted by a motion for summary judgment, and have subjected such motions to a heightened degree of scrutiny. *See, e.g., Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) ("[w]here the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required

---

[1] Citations to "Mot. to Am." are to ARY Jewelers, LLC's Motion for Leave to File Second Amended Complaint.

9828978_1.DOC

to show 'substantial and convincing evidence' to justify a belated attempt to amend a complaint") (citation omitted).

Here, ARY's Motion cannot withstand any level of scrutiny. As set forth more fully below, allowance of the Motion would be highly prejudicial to defendants, especially in light of the fact that defendants' motion for summary judgment already is pending. Moreover, and perhaps more fundamentally, the claims proposed by ARY lack any legal or factual basis and, therefore, are simply not viable. Accordingly, ARY's Motion is an act of futility. This Court should firmly deny ARY's Motion to Amend, and should enter summary judgment in favor of defendants.

## BACKGROUND

ARY filed its initial complaint in this matter on May 20, 2003 in the United States District Court for the Western District of Missouri. It filed its First Amended Complaint on September 8, 2003. Both complaints contained two counts: (i) tortious interference with a prospective credit facility; and (ii) breach of confidential or fiduciary relationship. On February 10, 2004, the action was transferred to the United States District Court for the District of Massachusetts. The original scheduling order called for fact discovery to close on March 14, 2005, but the deadline was later extended to June 15, 2005 on request by ARY (and assented to by defendants).

On August 11, 2005, approximately two months after the close of fact discovery, defendants filed a motion seeking summary judgment on both counts of ARY's amended complaint. ARY opposed that motion on September 15, 2005, and concurrently filed the instant motion seeking leave to file a second amended complaint. The proposed amendment does not include any additional or newly-discovered facts. Instead, it merely asserts two additional

counts: breach of an implied contract of confidentiality (never recognized under Massachusetts law); and a violation of Mass. Gen. L. ch.93A, § 2. As noted above, this proposed amendment was filed *over two years* (twenty-eight months) after the filing of ARY's initial complaint, *three months* after the close of fact discovery (which had already been extended by three months), and over *one month* after defendants filed their motion for summary judgment on all counts of ARY's complaint.

ARY's Motion does not even attempt to offer an excuse for its belated filing. Instead, ARY bafflingly asserts that it "is timely making this request." Mot. to Am. ¶ 6. The only reason ARY gives for not having filed its motion sooner is that the receipt of their expert witness reports "prompted [it] to desire to amend its complaint." Mot. to Am. ¶ 3. However, ARY does not explain how receipt of the reports of its purported experts could possibly have given rise to the new causes of action it now seeks to assert against defendants. Moreover, ARY fails to offer any legal or factual bases for its proposed amendment, nor does it show support in the record for the additional counts. That ARY's proposed amendment is unsupported by law or fact is not surprising. Rather, it is totally consistent with the inappropriate purpose for which the Motion has been interposed.

**ARGUMENT**

The First Circuit has recognized that motions to amend filed only after the moving party has been confronted with a motion for summary judgment are inherently suspect (as ARY itself admits), and can "be viewed as an attempt to avoid an adverse ruling on summary judgment." *Kennedy v. Josephthal & Co.*, 814 F.2d 798, 806 (1st Cir. 1987). Thus, the First Circuit has repeatedly held that a party who seeks to amend its pleading under such circumstances must

meet an extremely high burden, and must provide the District Court with "substantial and convincing evidence" in support of the amendment. *See Steir,* 383 F.3d at 12.

ARY cannot come close to meeting the required standard, and its Motion should be denied for several wholly independent reasons. First, entertaining ARY's belated filing would impose an undue burden, and would cause unfair prejudice to defendants. Second, ARY has failed to articulate *any* (let alone a valid) reason for its belated filing. Finally, ARY's proposed claims are so devoid of substance that permitting the amendment would be futile. In reality, ARY's motion is precisely the kind of abuse of the pleading rules that the heightened First Circuit standards were designed to prevent. It is nothing more than a last ditch attempt to avoid an adverse ruling on summary judgment, which should be denied out of hand.

I.  **ARY's Motion Should be Denied Because of its Undue Delay in Filing the Proposed Amendment and Allowing it Would Unfairly Prejudice Defendants**

Courts in the First Circuit have shown little reticence in denying motions to amend submitted after the close of discovery, and even less where a motion for summary judgment is pending before the court. *See, e.g., Kennedy,* 814 F.2d at 806 (affirming denial of a motion to amend filed after the close of discovery, and after a motion for summary was filed); *Hayes v. New England Millwork Distribs., Inc.,* 602 F.2d 15, 19-20 (1st Cir. 1979) (affirming denial of a motion to amend on grounds of undue delay, as plaintiff waited until motion for summary judgment was filed to file motion to amend); *Wells v. Monarch Capital Corp.,* No. 91-10575-ADM, 1996 WL 728125, at *9-10 (D. Mass. Oct. 22, 1996) (holding that granting leave to file an amended complaint would prejudice the defendant, where the motion was filed after the defendant moved for summary judgment), *aff'd,* 129 F.3d 1253 (1st Cir. 1997). "Regardless of the context, the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient

reason for the court to withhold permission to amend." *Steir,* 383 F.3d at 12 (denying a motion to amend filed after the close of discovery).

Moreover, when a motion to amend a complaint is filed after the close of discovery, or even just if "considerable time has elapsed between the filing of the complaint and the motion to amend, the *movant* has the burden of showing some 'valid reason for his neglect and delay'." *Grant v. News Group Boston, Inc.,* 55 F.3d 1, 6 (1st Cir. 1995) (affirming the district court's denial of a motion to amend on lateness grounds) (quoting *Hayes,* 602 F.2d at 19-20 (holding that where a considerable period has passed between the filing of the complaint and the motion to amend, courts have placed the burden on the movant to show some valid reason for his neglect and delay)); *Gallerani v. Town of Plymouth,* No. Civ. A. 01-10551-GAO, 2003 WL 21696437, at *2 (D. Mass. May 1, 2003) (stating that "[i]f a plaintiff files a motion to amend his complaint after the discovery period has ended, the burden is on him 'to give a valid reason for having waited so long to file his motion'") (citation omitted). ARY has not even articulated a reason for its undue delay[2] and, to the contrary, denies that there was an undue delay. Mot. to Am. ¶¶ 4-6.

Even if ARY had sought to satisfy its burden of showing a valid reason for its delay, it would be fruitless. ARY does not – and cannot – contend that its amendment is justified because newly-discovered facts led to the amendment. *See Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.,* 412 F.3d 215, 231, n.4 (1st Cir. 2005) (distinguishing between the situation in the instant case, where the moving party sought to add a new legal theory, which was denied, and a situation where the moving party "sought only to incorporate facts in the complaint

---

[2] ARY's assertion that its expert reports "prompted ARY to desire to amend its complaint" does not constitute a valid excuse. Indeed, attempting to add counts belatedly because it did not occur to the plaintiff to add them earlier has been held to be insufficient. *See Almaz v. Temple-Inland Forest Prods. Corp.,* 243 F.3d 57, 72 (1st Cir. 2001) (holding that the moving party did not meet its burden of showing a valid reason for neglect and delay, despite the party's assertion that the additional counts had not occurred to him earlier).

that had been discovered" during the discovery period); *see also Kennedy*, 814 F.2d at 806 (noting, while affirming the district court's denial of a motion to amend, that the additional allegations contained no newly discovered evidence or facts of a different character); *Hayes*, 602 F.2d at 20 (holding that appellant failed to meet his burden, and noting that he did not argue that discovery led to previously unknown facts which altered the shape of his case).

ARY's proposed amendment contains no new facts, let alone newly-discovered ones. Instead, the only substantive difference between ARY's first amended complaint and its proposed second amendment is that the proposed amendment contains two new legal theories and causes of action against the defendants. As in *Hayes*, "[t]his is not a situation in which the delay in moving to amend can be attributed, even in part, to either [defendants] or the court." *Hayes*, 602 F.2d at 20. Accordingly, ARY has not satisfied its initial burden and, for this reason alone, its Motion should be denied.

Denial of the Motion also is warranted because the amendment would be prejudicial to the defendants, and ARY's hollow assertion to the contrary, Mot. to Am. ¶ 5, should be disregarded.[3] Indeed, courts have recognized that the mere fact that a motion to amend is made in the face of a duly filed motion for summary judgment causes substantial prejudice to the party seeking summary judgment. Here, as in *Wells*, the fact that ARY moved to amend its complaint on the very day its opposition to defendants' motion for summary judgment was due suggests that their motion is an attempt to defeat summary judgment. *See Wells*, 1996 WL 728125, at *9 (holding that, after defendants spent time and money briefing summary judgment, it would be unfair to allow the motion to amend) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617,

---

[3] ARY's assertion that the changes to the pleading do not alter the nature of the trial is demonstrably false. It is self-evident that the addition of two new counts which incorporate elements not included in ARY's first amended complaint will inevitably alter the nature of the trial.

623 (1st Cir. 1996) (stating motion to amend following motion for summary judgment constitutes "an attempt to alter the shape of the case in order to defeat summary judgment")). As in *Wells,* the defendants have expended substantial time and effort preparing their motion for summary judgment, which seeks dismissal of all counts of ARY's complaint. That alone should establish prejudice.

Furthermore, the addition of two new counts to ARY's complaint could result in additional discovery and other proceedings. Although ARY has not asserted additional facts, it has asserted claims with additional elements. For example, in the proposed amendment, ARY asserts, among other things, that the defendants behaved "wilfully (sic) or knowingly" and that a contract was implied between ARY and the defendants which contained, as a term, an agreement to "hold information in confidence." Second Am. Compl. ¶¶ 31, 34. If ARY is permitted to make such allegations, even though the parties have completed extensive discovery and accumulated an extensive record, defendants would then be required to seek further discovery to defend against those new allegations.[4] Courts, however, have consistently held that a need to reopen discovery once it has closed constitutes unfair prejudice. *See Torres-Rios v. LPS Labs., Inc.,* 152 F.3d 11, 16 (1st Cir. 1998); *Kennedy,* 814 F.2d at 806; *Wells,* 1996 WL 728125, at *10; *Saunders,* 1995 WL 598959, at*2-3.

Finally, it would be unfair to permit ARY to add two counts to this action when defendants have utilized the past two years, and the entire discovery period, defending against ARY's current claims. *See Span East Airlines, Inc. v. Digital Equip. Corp.,* 486 F. Supp. 831,

---

[4] For example, the defendants might by interrogatory ask ARY to state the factual bases for their new allegations. "That is an appropriate and germane matter for discovery, but it [would be] no longer open to the defendant[s] because discovery has closed." *Saunders v. R. D. Werner Co.,* Civ. A. No. 94-10782-GAO, 1995 WL 598959, at *3 (D. Mass. Sept. 26, 1995) (denying plaintiff's motion to amend). It also appears that ARY expects to be able to obtain further discovery, as the allegations of Count III (violation of the Massachusetts unfair trade practices statute) are pled on "information and belief." Second Am. Compl. ¶ 31.

835 (D. Mass. 1980) (holding that it was unfair to allow the plaintiff to amend its complaint where the defendant utilized the discovery period to prepare their defense against a two count complaint and the plaintiff wrongfully delayed defendants' discovery attempts). It is particularly so because the addition of the Mass. Gen. L. ch. 93A claim significantly increases the range of potential damages, as proof that defendants' conduct was knowing or willful would entitle the plaintiff to double or treble any actual damages. *See Saunders*, 1995 WL 598959, at *3. In short, as defendants "had filed and briefed their ... motion[] for summary judgment before the motion to amend was filed, it would be unfair to allow that motion and thus reward an evident effort to avoid an adverse ruling on the request for summary judgment." *Citizens to End Animal Suffering & Exploitation, Inc. v. New England Aquarium*, 836 F. Supp. 45, 58 (D. Mass. 1993).

## II.     ARY's Motion Should be Denied Since ARY's Proposed Amendment Would be Futile

ARY's motion to amend should be denied for the wholly independent reason of futility. "In the abstract, futility is fully sufficient to justify the denial of a motion to amend." *Hatch v. Dep't for Children, Youth, & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001) (citing *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 59 (1st Cir. 1990) ("Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters")). If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, "the accuracy of the 'futility' label is gauged by reference" to Federal Rule of Civil Procedure 12(b)(6). *See Hatch*, 274 F.3d at 19. However, if, as here, "leave to amend is not sought until after discovery has closed and a summary judgment motion has been docketed, the proposed amendment must be not only theoretically viable but also solidly grounded in the record." *Id.* In this situation, an amendment is properly classified as futile unless the moving party demonstrates that the proposed amendments have "substantial merit and

[are] supported by substantial and convincing evidence." *Glassman*, 90 F.3d at 623; *Pol-Sella v. Ser Jobs for Progress National, Inc.*, 11 F. Supp. 2d 170, 176 (D.P.R. 1998).

ARY has not met this standard. To the contrary, ARY has not articulated *any* legal or factual basis for the new claims against the defendants, and, despite the extensive record amassed over years of discovery, has pled its new M. G. L. ch. 93A claim on information and belief. Second Am. Compl. ¶ 31. However, even if ARY was not subject to the heightened standard requiring "substantial and convincing evidence", its proposed amendments could not satisfy the more liberal Rule 12(b)(6) standard.

ARY's proposed Count IV – Breach of Implied Contract of Confidentiality – is nothing but a blatant attempt to recast its already-existing breach of confidential or fiduciary relationship claim (Count II of its current pleading) and, by so doing, avoid entry of summary judgment.[5] As set forth at 14-17 of Defendants' Reply Memorandum in Further Support of Motion for Summary Judgment ("Reply Mem."), ARY's existing "breach of confidentiality claim" is not viable.[6] Because Count IV of ARY's proposed pleading is simply a re-cast of that very same claim, it too would be subject to dismissal. Moreover, ARY's proposed cause of action has never been recognized by Massachusetts courts, and in the rare jurisdiction where it is recognized, courts have only applied it to physician-patient and bank-depositor relationships, and have expressly excluded bank-borrower relationships from its scope. *See Sharma v. Skaarup*

---

[5] The Second Circuit provides an explanation of the development of the breach of confidential relationship/ breach of implied contract of confidentiality. *See Young v. United States Dep't of Justice*, 882 F.2d 633, 641 (2d Cir. 1989) (noting that the breach-of-confidence cause of action is "experiencing growing pains" and pointing out that courts that recognize it "have resorted to a confused tangle of legal theories, including invasion of privacy, implied term of contract, implied private cause of action in statute, and tortious breach of confidence...." and stating that the plaintiffs implied-contract-theory was not an appropriate starting point.)

[6] Defendants respectfully refer the Court to pp. 14-17 of the Reply Mem. for a full discussion of the reasons why ARY's breach of confidentiality claims must be dismissed. Those arguments apply equally to ARY's proposed claim.

*Ship Mgmt. Corp.*, 699 F. Supp. 440, 449 (S.D.N.Y. 1988) ("New York recognizes an implied duty of confidentiality between a bank and its depositors, but not between a bank and its borrowers"); *Graney Dev. Corp. v. Taksen,* 400 N.Y.S.2d 717, 720 (Sup. Ct.), *aff'd,* 411 N.Y.S.2d 756 (App. Div. 1978).[7]

Further, even if Count IV of the proposed amendment did lay out a valid cause of action for breach of an implied contract of confidentiality – which it does not – it would fail for the same reasons articulated in defendants' motion for summary judgment and its Reply Memorandum. Specifically, ARY's argument will fail because it has not – and cannot – demonstrate that the information transmitted from IBJ to Foothill was "confidential information", and, in fact, the only support they use for their position that it is confidential is an expert affidavit that, incredibly, refers to a statute that expressly states that information obtained from the Internet is the very definition of *public information*, and its transmission cannot possibly be deemed a breach of any duty of confidentiality. Thus, in the end, ARY's "confidentiality" claims are nonsensical, and allowing ARY to amend its complaint to add yet another deficient claim would clearly be futile.

ARY's proposed Count III also fails to meet the applicable standard. Indeed, the mere fact that the purported claim is pled on information and belief should be sufficient to establish that ARY has not satisfied the "substantial and convincing" standard. That ARY does not even plead all of the necessary elements of a 93A claim provides another basis for denial of the amendment. In any event, assuming that ARY's 93A claim is premised on the transmission of the Internet articles to Foothill, for the reasons set forth in defendants' motion and Reply

---

[7] In *Graney*, the court held that a borrower could not maintain a cause of action against a bank on the theory that it breached an implied contract of confidentiality in allegedly disclosing information to officers of another lender in light of the fact that the information in question pertained to a creditor-debtor relationship between a bank and a borrower rather than a bank and an depositor. *Id.*

Memorandum, ARY will be unable to demonstrate that the defendants' actions were the legal cause of any injury suffered by ARY, or that the transmission of those articles was "unfair or deceptive" within the meaning of c. 93A.  In any event, since ARY has not even attempted to demonstrate that its proposed amendments are supported by substantial and convincing evidence, and, in fact, cannot do so, allowing its proposed amendments would be futile.

## CONCLUSION

For the reasons stated above, ARY's Motion for Leave to File a Second Amended Complaint should be denied in its entirety.

IBJTC BUSINESS CREDIT CORPORATION and
DAVID MOLINARIO

By their attorneys,


 /s/ Kate Cimini
Kate Cimini (BBO No. 654336)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Robert S. Fischler (Admitted Pro Hac Vice)
Ropes & Gray LLP
45 Rockefeller Plaza
New York, NY 10111
(212) 841-5700

Dated:  September 29, 2005

9828978_1.DOC                                        -11-

**Certificate of Service**

I hereby certify that on September 29, 2005, a copy of the foregoing Opposition to Plaintiff's Motion to File Second Amended Complaint was served on counsel for the plaintiff Stephen P. Carrigan, The Carrigan Law Firm, LLP, 1331 Lamar, Suite 1550, Houston, TX 77010 by E-mail and Federal Express.

/s/ Kate Cimini
Kate Cimini