UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY Jewelers, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>IBJTC Business Credit Corporation and David Molinario,<br><br>           Defendants. | Civil Action No. 04-10281-EFH |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Defendants IBJTC Business Credit Corporation ("IBJ") and David Molinario respectfully submit this Opposition to Plaintiff ARY Jewelers, LLC's ("ARY") Objections to Defendants' Summary Judgment Evidence and Motion to Strike.

### PRELIMINARY STATEMENT

By its motion, ARY seeks to have seventeen documents submitted to the Court by defendants in support of their motion for summary judgment stricken on the grounds that they were not "properly authenticated" and/or that they constitute "inadmissible hearsay." Plaintiff's Motion at 1-2. Significantly, ARY's motion does not include any support for its assertions. That is because the motion is nothing more than another in a series of tactics utilized by ARY in an attempt to divert the Court from the actual issues to be determined on defendants' motion for summary judgment.[1] With no answer to defendants' summary judgment evidence, ARY now embarks on a baseless attempt to exclude it. In so doing, ARY seeks to strike, among other

---

[1] Not only does ARY not explain the factual basis for its motion, but the motion lacks any citation to appropriate legal authority. Indeed, ARY relies solely on a case in which the moving party did not transmit the documents at issue by affidavit at all, and two state court cases applying the Massachusetts rules instead of the Federal Rules of Civil Procedure.

things: (i) its own admissions contained in ARY's court submissions which are available in official court files; (ii) a published court decision; (iii) documents authenticated by ARY itself in its response to defendants' requests for admissions; (iv) a letter sent by ARY's counsel, Mr. Carrigan, to counsel for defendants, which contains Mr. Carrigan's handwritten notation; and (v) incredibly, documents that ARY itself has put before this Court in its papers in opposition to defendants' motion for summary judgment.

Even a cursory review of ARY's motion reveals that it lacks any reasonable basis in law or fact. The Court should deny the motion in its entirety, and grant summary judgment in favor of defendants based upon the record evidence submitted by defendants.

## ARGUMENT

ARY has moved to strike Exhibits A through K, and Exhibit M of the Cimini Affidavit, Exhibits A through D of the O'Connor Affidavit, and Exhibit C to the Cole Affidavit. As demonstrated below, each of the documents identified by ARY were submitted by sworn affidavit, are verifiable, and are of known origin, and, further, were largely produced in this litigation *by ARY itself*. Accordingly, each of the documents is properly before the Court. *See, e.g., Johnson v. Med. Ctr. of La. at New Orleans*, Nos. Civ. A. 01-0191 & Civ. A. 01-1560, 2002 WL 31886829 (E.D. La. Dec. 26, 2002) (denying a motion to strike where the documents objected to were verifiable and of known origin, and which were not actually alleged to be inauthentic). We discuss each of the challenged documents separately below.

**Cimini Affidavit Exhibit A**

This document is a decision of the Supreme Court of Kansas in *ARY Jewelers, LLC v. Krigel*, and is published at 277 Kan. 27, 82 P.3d 460, 2003 WL 23094781 (Kan. Dec. 31, 2003). As an official publication, this document is self-authenticating pursuant to Federal Rule of

Evidence 902(5). ARY's attempt to argue that a published judicial decision cannot be considered is hard to fathom.

**Cimini Affidavit Exhibit G**

Exhibit G consists of a document authored by Gohar Husain to ARY's Chairman, Haji Abdul Razzak, bates-stamped ARY 01987-88, which was *produced by ARY in this litigation.* The document bears a fax line indicating it was "From: Gohar Husain" and was sent on March 21, 2001. More importantly, however, ARY itself authenticated this document in response to defendants' Request for Admission No. 2, which is attached as Exhibit L to the Affidavit of Kate Cimini ("Cimini Aff.").

ARY does not offer any support for its contention that this document constitutes inadmissible hearsay. To the extent that Mr. Husain was acting on behalf of ARY, the document is admissible as an admission against a party-opponent pursuant to Federal Rule of Evidence 801(d)(2)(providing that a statement is not hearsay if it is offered against a party and it is the "party's own statement"). Alternatively, the document also is admissible under the business records exception of Rule 803(6).

**Cimini Affidavit Exhibit M**

Exhibit M consists of a letter from counsel for defendants to Stephen Carrigan, Esq., counsel for ARY in this matter, bearing a handwritten response transmitted by Mr. Carrigan back to counsel for defendants. The letter bears a facsimile line indicating that it was faxed from Mr. Carrigan's office to counsel for defendants on July 18, 2005. In the handwritten notation Mr. Carrigan, who previously had agreed, on the record at the deposition of Mr. Molinario, that he would recommend dropping Mr. Molinario as a defendant, states that he would not do so unless he could extract a concession from the defendants. While ARY's efforts to keep this letter from

the Court may be understandable, ARY cites no legal authority for its contention that this document was not properly authenticated, nor could it possibly do so. The letter may properly be considered by the Court as it reflects a position taken by ARY in this litigation.

**Cimini Affidavit Exhibit H**

Exhibit H is a letter from Abdul Razzak to Scott Krigel, dated March 28, 2001, which was produced by ARY in this litigation (and is bates-stamped ARY – 01011-13). It is amazing that ARY asserts that this letter was not properly authenticated, since *ARY itself* put this document before the Court in its opposition to defendants' motion for summary judgment. *See* Affidavit of Barry Pickens ("Pickens Aff.") Ex. 1. Accordingly, ARY's assertion that this document was not properly authenticated is, at best, puzzling, and, at worst, disingenuous.

ARY's assertion that this document constitutes inadmissible hearsay is even more puzzling. Leaving aside the fact that ARY itself submitted this document in support of its opposition, the document, as the statement of a party-opponent, is not hearsay pursuant to Federal Rule of Evidence 801(d)(2). Moreover, the letter may also be admissible under the business records exception of Rule 803(6).

**Cimini Affidavit Exhibits B through F**

Exhibits B and C are court pleadings submitted by ARY in *ARY Jewelers, LLC v. Krigel*, which was pending in the state courts of Kansas. These documents were produced *by ARY* in this litigation and bear bates-ranges ARY – 00619-30 and ARY – 02038-79. They each bear a date stamp by the clerk of the applicable court, indicating that they were, indeed, filed in the above-referenced action. Accordingly, these documents are publicly available through the Kansas state courts, and the dockets in each action (in the District Court and the Court of Appeals) are available online at http://www.jococourts.org/civroaprn.aspx?SORT=DES and

http://judicial.kscourts.org:7780/pls/coa/CLERKS_OFFICE.list_case_detail?i_case_number=88991&i_case_name, respectively.

Exhibits D, E and F are documents filed by ARY in the United States District Court for the Western District of Missouri in *M. Fabrikant & Sons, Inc. v. ARY Jewelers, LLC*, Civil Action No. 01-0671. These documents were publicly filed and are available through the electronic filing system located at http://www.mow.uscourts.gov/dc_cmecf.htm.

All of the foregoing materials constitute official publications, which are self-authenticating pursuant to Federal Rule of Evidence 902(5).[2] They obviously are admissible.

**Cimini Affidavit Exhibit J and O'Connor Affidavit Exhibit C**

ARY also asserts that the documents submitted as Exhibit J to the Cimini Affidavit and Exhibit C to the O'Connor Affidavit were not properly authenticated. To the contrary, those documents – news articles from the New York Times and from Dow Jones Newswires – are self-authenticating pursuant to Federal Rule of Evidence 902(6). Moreover, these documents do not constitute hearsay because they are not offered to prove the truth of the matter asserted therein.

**Cimini Affidavit Exhibit K**

Exhibit K is an ARY brochure which was produced to defendants by ARY. Thus, as with the other documents produced by ARY, there is no legitimate issue concerning its authenticity, and the statements contained therein are admissible pursuant to Rule 801(d)(2), as a business record under Rule 803(6) and/or as a commercial publication under Rule 803(17).

**Cimini Affidavit Exhibit I**

Exhibit I is another letter from Abdul Razzak to Scott Krigel (similar to Exhibit H, discussed above), which was *produced by ARY* and bears the bates-stamp ARY- 01018-19. This

---

[2] Exhibit F was also authenticated at page 43 of the deposition of Abdul Razzak, which was attached as Exhibit O to the Cimini Affidavit. Cimini Aff. Ex. O (Razzak Dep.) at 43.

document is referred to in ARY's Suggestions in Opposition to Plaintiffs' Emergency Motion for a Temporary Restraining Order (Cimini Aff. Ex. D), and was filed in the United States District Court for the Western District of Missouri (although the exhibit itself is not available online, a reference to the letter is contained in the brief, and the letter is listed as Exhibit 10 on the Notice of Exhibits filed concurrently therewith). This letter was further authenticated by Mr. Razzak during his deposition in this case. Cimini Aff. Ex. O (Razzak Dep.) at 43. Finally, as is true with regard to Exhibit H, this document does not constitute hearsay as it is an admission by a party-opponent pursuant to Rule 801(d)(2).

**O'Connor Affidavit Exhibits A through D and Cole Affidavit Exhibit C**

Exhibits A, B and D of the O'Connor Affidavit consist of correspondence and the Stock Purchase Agreement which were properly authenticated by Mr. O'Connor's Affidavit, and are admissible under the hearsay exception established by Federal Rule of Evidence 803(6). Exhibit C consists of the Dow Jones articles, which are discussed above, and which are self-authenticating pursuant to Federal Rule of Evidence 902.

Exhibit C to the Cole Affidavit consists of a fax cover sheet transmitting a letter from Mr. Razzak of ARY to Scott Krigel. Not only is the letter properly authenticated by Mr. Cole, but it was submitted to this Court *by ARY itself* in support of its opposition to defendants' motion for summary judgment. *See* Pickens Aff. Ex. 1.

## CONCLUSION

For the reasons stated above, ARY's motion should be denied in its entirety, and this Court should enter summary judgment in favor of defendants.

IBJTC BUSINESS CREDIT CORPORATION and DAVID MOLINARIO

By their attorneys,

__/s/ Kate Cimini__
Kate Cimini (BBO No. 654336)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Robert S. Fischler (Admitted Pro Hac Vice)
Ropes & Gray LLP
45 Rockefeller Plaza
New York, NY 10111
(212) 841-5700

Dated:  September 29, 2005

## Certificate of Service

I hereby certify that on September 29, 2005, copies of the foregoing Opposition to Plaintiff's Motion to Strike was served on counsel for the plaintiff Stephen P. Carrigan, The Carrigan Law Firm, LLP, 1331 Lamar, Suite 1550, Houston, TX 77010
by Email and Federal Express.

/s/ Kate Cimini
Kate Cimini