UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY JEWELERS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>IBJTC BUSINESS CREDIT CORPORATION )<br>and DAVID MOLINARIO, )<br>)<br>Defendants. )<br>) | Civil Action No. 04-cv-10281-EFH |

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants IBJTC Business Credit Corporation ("IBJ") and David Molinario (collectively, "Defendants") answer the Plaintiff ARY Jewelers, LLC's ("ARY") Second Amended Complaint as follows:

1.  Defendants admit that Plaintiff is a limited liability company which exists under the laws of Nevada, and which was formed in 2000 for the purpose of purchasing the outstanding stock of Krigel's, Inc. ("Krigel's"), which was a privately owned company that operated a chain of retail jewelry stores in the midwestern United States. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Second Amended Complaint.

2.  Defendants admit the allegations contained in paragraph 2 of the Second Amended Complaint.

3.  Defendants deny the allegations contained in paragraph 3 of the Second Amended Complaint, except admit that Mr. Molinario resides in Massachusetts and has made an appearance in this lawsuit.

-2-

4.      Defendants deny the allegations contained in paragraph 4 of the Second Amended Complaint, except they admit that the Court has subject matter jurisdiction with respect to this action.

5.      Defendants admit the allegations contained in paragraph 5 of the Second Amended Complaint.

6.      Defendants repeat and incorporate herein their responses to paragraphs 1 through 5.

7.      Defendants admit that, in November 2000, ARY entered into a Stock Purchase Agreement (the "SPA") with Scott Krigel. To the extent paragraph 7 purports to describe the terms of the SPA, no answer is required because the document speaks for itself. To the extent a further response is required, Defendants deny the remaining allegations contained in paragraph 7 of the Second Amended Complaint.

8.      Defendants deny the allegations contained in paragraph 8 of the Second Amended Complaint.

9.      The allegation contained in paragraph 9 of the Second Amended Complaint is vague as to time; however, Defendants admit that, at some point in time Plaintiff began negotiations with Foothill Capital.

10.     Defendants admit that, on December 15, 2000, Foothill Capital issued a "term sheet" setting forth the basic terms of a potential new credit facility (the "December Proposal"). Defendants admit that the December Proposal set forth the basic terms of a potential new credit facility, but it was not a commitment to lend. To the extent the allegations in paragraph 10 purport to describe the terms of the December Proposal, no response is required because the document speaks for itself.

11. To the extent the allegations in paragraph 11 purport to describe the terms of the December Proposal, no response is required because the document speaks for itself.

12. Defendants deny the allegations contained in paragraph 12 of the Second Amended Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Second Amended Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Second Amended Complaint.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Second Amended Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17 of the Second Amended Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Second Amended Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Second Amended Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Second Amended Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Second Amended Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Second Amended Complaint.

23. Defendants repeat and incorporate herein their responses to paragraphs 1 through 22.

24. Defendants deny the allegations contained in paragraph 24 of the Second Amended Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Second Amended Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Second Amended Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Second Amended Complaint.

28. Defendants repeat and incorporate herein their responses to paragraphs 1 through 27.

29. Defendants deny the allegations contained in paragraph 29 of the Second Amended Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Second Amended Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Second Amended Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Second Amended Complaint.

33. Defendants repeat and incorporate herein their responses to paragraphs 1 through 32.

34. Defendants deny the allegations contained in paragraph 34 of the Second Amended Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Second Amended Complaint.

36. Defendants repeat and incorporate herein their responses to paragraphs 1 through 35.

37. Defendants deny the allegations contained in paragraph 37 of the Second Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint, and each count thereof, fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of judicial estoppel.

## THIRD AFFIRMATIVE DEFENSE

The damages alleged in the Second Amended Complaint are barred, in whole or in part, because Plaintiff has failed to mitigate any damages which it may have suffered by reason of the acts alleged in the Second Amended Complaint.

IBJTC BUSINESS CREDIT CORPORATION
and DAVID MOLINARIO
By their attorneys,


/s/ Kate Cimini
Christopher R. Dillon (BBO No. 640896)
Kate Cimini (BBO No. 654336)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Robert S. Fischler (Admitted Pro Hac Vice)
Ropes & Gray LLP
45 Rockefeller Plaza
New York, New York 10111
(212) 841-5700

Dated: October 21, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2005, a copy of the foregoing Answer to Plaintiff's Second Amended Complaint was served on counsel for the plaintiff Stephen P. Carrigan, The Carrigan Law Firm, LLP, 202 Houston Center, 909 Fannin, Suite 1575, Houston, TX 77010 by United States mail.

/s/ Kate Cimini
Kate Cimini