Thomas F. Morgan
6/15/2005

Page 1

```
 1           UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF MASSACHUSETTS
 2
                                 VOL. I
                                 PGS. 1-220
 3                           EXHIBITS 1-6

 4
 5   ARY JEWELERS, LLC,                )
                                       )
                                       )
 6                   Plaintiff,        )
                                       )Civil Action
                                       )04: CV-10281 EFH
 7       vs                            )
                                       )
 8   IBJTC BUSINESS CREDIT CORP., and  )
     DAVID MOLINARIO,                  )
                                       )
 9                                     )
                     Defendants.       )
                                       )
10
11
12      DEPOSITION OF THOMAS F. MORGAN, a witness in
13   the above-entitled cause, taken before
14   Lori J. Atkinson, Professional Court
15   Reporter and Notary Public in and for the
16   Commonwealth of Massachusetts at the Westin
17   Hotel, Copley Place, 10 Huntington Avenue,
18   Boston, MA, on the 15th of June, 2005,
19   commencing at 10:00 a.m. pursuant to the Federal
20   Rules of Civil Procedure.
21
22
23
24
25
```



Team Litigation Company
713-802-9100

Thomas F. Morgan
6/15/2005

Page 142

|   |   |   |
|---|---|---|
| 1 |   | about halfway down a little bit more than |
| 2 |   | halfway down in the paragraph it says, it |
| 3 |   | refers to an order to obtain the lender's legal |
| 4 |   | approval to effect completion of the financing |
| 5 |   | arrangement herein contemplated; do you see that |
| 6 |   | language. Right before the second sentence. |
| 7 |   | It says "In order to obtain lender's |
| 8 |   | legal approval to effect the completion of |
| 9 |   | the financing arrangements herein contemplated"? |
| 10 |   | Let me if you don't mind, I will |
| 11 |   | come around. |
| 12 | A. | Sure. |
| 13 | Q. | Okay. My question to you is: Would that suggest |
| 14 |   | to you that these are things that need to |
| 15 |   | be done or accomplished prior to the issuance of |
| 16 |   | the commitment i.e., approval as opposed to loan |
| 17 |   | closing? |
| 18 | A. | Well, again, a commitment letter dose not |
| 19 |   | constitute as a closed loan from the commitment |
| 20 |   | stage to the closing the stage there are some |
| 21 |   | things that have to happen. Because we offer a |
| 22 |   | commitment doesn't guarantee we are going to |
| 23 |   | close. |
| 24 | Q. | Let me refer you to phrase litigation |
| 25 |   | searches. Do you see that in subparagraph B? |

Thomas F. Morgan
6/15/2005

Page 143

1  A.  Yes.
2  Q.  Does that mean that before a commitment or
3      closing on the loan the borrower would need
4      to disclose litigation that it's involved in?
5  A.  Yes.
6  Q.  This is a standard provision in these type of
7      proposal letters?
8  A.  Yes.
9  Q.  And would it be correct that it would require
10     litigation information concerning parent
11     companies and affiliate?
12 A.  Yes.
13 Q.  That's standard operating procedure, is it
14     not?
15 A.  Yes.
16 Q.  Is it your understanding that ARY Jewelers
17     LLC was a subsidiary of the ARY Group or
18     ARY Trading, which is a foreign company?
19 A.  My understanding was that ARY Trading was the
20     parent company and that ARY LLC was setup
21     for purposes of doing business in the states.
22     That was the best of my recollection and
23     my understanding.
24 Q.  ARY Trading or the ARY Group was some type of
25     parent entity?

Thomas F. Morgan
6/15/2005

Page 144

1   A.   Related entity or parent.
2   Q.   Would it be fair to say that ARY would have to
3        disclose litigation involving ARY Trading
4        pursuant to this subparagraph E of this document?
5   A.   Yes.
6              MR. CARRIGAN: Objection. That calls
7        for a legal conclusion. There is no predicate
8        laid for expertise in answering that.
9        BY MR. GAYER (CONT'D):
10  Q.   In any event, you have already testified that
11       Foothill had done its background check to search
12       for that kind of information; is that right?
13             MR. CARRIGAN: Objection. Leading.
14  A.   Yes.
15  Q.   When you spoke to Mr. Molinario on or about
16       February 28, 2001, is it correct that he told you
17       that IBJ had determined not to issue a loan to
18       ARY?
19  A.   I don't recall. I would have to go through my
20       testimony back in May.
21             MR. GAYER: Let's go off the record
22       for a second.
23             (Discussion off the record.)
24       BY MR. GAYER (CONT'D):
25  Q.   At the time that you received the call from