## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARY Jewelers, LLC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04:-CV-10281 EFH |
| | ) | |
| IBJTC Business Credit Corp. and | ) | **Oral Argument Requested** |
| David Molinario, | ) | |
| Defendants. | ) | |


## PLAINTIFF ARY JEWELERS, LLC.'S SUPPLEMENTAL
## OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT


The Carrigan Law Firm, L.L.P.
Stephen P. Carrigan
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas 77010
(713) 739-0810 (telephone)
(713) 739-0821 (telefax)

OF COUNSEL:

The Carrigan Law Firm, L.L.P.
Jill L. Groff
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas  77010
713) 739-0810 (telephone)
(713) 739-0821 (telefax)

Ashish Mahendru
1111 Bagby, Suite 2000
Houston, Texas 77002
(713) 571-1519 (telephone)
(713) 651-0776 (telefax)

**TABLE OF CONTENTS**

I.     VIOLATIONS OF M.G.L. CHAPTER 93A ....................................................     1

II.    BREACH OF IMPLIED CONTRACT OF CONFIDENTIALITY ................     3

III.   CONCLUSION ....................................................................................     6

# TABLE OF AUTHORITIES

## STATE CASES

*Djowharzadeh v. City Natl. Bank & Trust Co.*, (Okla. App. 1982) 646 P.2d 616 .............. 3, 4, 5

*Fraser Engineering Co., Inc. v. Desmond*, 524 N.E.2d 110 (Mass.App.Ct, 1988)............ 3

*Grand Pacific Finance Corp. v. Brauer*, 783 N.E.2d 849 (Mass.App.2003)...................... 2

*Groob v. Keybank*, 155 Ohio App. 3d 510, 801 N.E.2d 919 (2003) .................................. 3

*Jordan v. Shattuck Nat.*, 868 F.2d 383 (10th Cir. 1989) ......................................... 3

*Peterson v. Idaho First Nat. Bank*, 367 P.2d 284 (1961) .................................... 4

*Rubenstein v. South Denver Nat. Bank*, 762 P.2d.755, 756 (Ct.App.Colo. 1988).............. 3

*Vmark Software, Inc. v. EMC Corp.*, 642 N.E.2d 587 (Mass.App.Ct. 1994)................... 3

*Wasserman v. Agnastopoulos*, 497 N.E.2d 19 (Mass.App.Ct. 1986)................................ 2

## OTHER AUTHORITIES

M.G.L. Chapter 93A ...............................................................................2, 3

10 Am.Jur.2d Banks §332 (1963)      ................................................................. 4

## PRELIMINARY STATEMENT

Plaintiff ARY Jewelers, LLC ("ARY") files its Supplemental Opposition to Defendants' Motion for Summary Judgment because genuine issues of material fact exist, which preclude summary judgment. On August 11, 2005, Defendants filed their Motion for Summary Judgment. On September 15, 2005, ARY filed, among others, the following pleadings:

1.  Plaintiff ARY Jewelers, LLC's Opposition to Defendants' Motion for Summary Judgment ("Opposition");
2.  Statement of Material Facts of Record as to Which It Is Contended That There Exists A Genuine Issue To Be Tried ("Statement of Facts"); and
3.  Plaintiff ARY Jewelers, LLC's Motion for Leave to File Second Amended Complaint.

On October 11, 2005 this Court entered various orders, including an order allowing ARY to file its Second Amended Complaint ("Complaint") and an order deeming moot Defendants' Motion for Summary Judgment based on the Court granting ARY permission to file the Complaint. Thereafter, on October 24, 2005, Defendants filed another Motion for Summary Judgment alleging essentially the same arguments as previously set forth and adding argument and authority addressing the additional causes of action alleged in the Complaint. Because Defendants' second motion sets forth essentially the same arguments as in its first, with the added parts addressing the new complaints, ARY files this supplemental opposition to address Defendants' new arguments. Thus, ARY hereby incorporates the Opposition (with all referenced affidavits, deposition testimony, and exhibits), the Statement of Facts, and the Supplemental Statement of Facts.

Finally, ARY files this Supplemental Opposition and Opposition subject to its Motion for Continuance and Motion to Compel, both of which have been filed in this Court.

## ARGUMENT AND AUTHORITIES

**I.    VIOLATIONS OF M.G.L. CHAPTER 93A**

ARY urges the Court to deny Defendants' Motion as to violations of M.G.L. Chapter 93A because ARY's summary judgment evidence raises more than a genuine issue of material fact on this cause of action.[1] The evidence shows that there is a fact issue as to all of the elements of this claim. As set forth in ARY's Opposition, Defendants' actions of conveying private customer information that IBJ was not going to fund the loan and conveying information about the criminal charges constitute tortious interference and breach of fiduciary duty/confidentiality. Moreover, as stated herein, Defendants' actions breached an implied contract of confidentiality.

Even if the Court finds against ARY on the common law causes of action, the court must still deny summary judgment on the Chp. 93A action. *See Grand Pacific Finance Corp. v. Brauer*, 783 N.E.2d 849 (Mass.App.2003)(dismissal of common-law claims was not inconsistent with the imposition of liability against corporation under Chp. 93A, but was attributable to different elements of proof and to the more expansive reach of the Act; Act was a statute of broad impact which created new substantive rights and provided new procedural devices for the enforcement of those rights, was neither wholly tortious nor wholly contractual in nature, was not subject to the traditional limitations of preexisting causes of action, and a cause of action under the Act was not dependent on traditional tort or contract law concepts for its definition). Defendants' actions come within "the penumbra of common law and other established concepts of unfairness" which may form the basis of a Chp. 93A claim. *See* Baerst Aff.; Bonville Aff.; *see Vmark Software, Inc. v. EMC Corp.*, 642 N.E.2d 587, 595

---

[1] Defendants mistakenly state that Count IV of the Second Amended Complaint alleges violations of Chp. 93A; it is actually Count III of the Complaint which does so. Count IV alleges breach of an implied contract of confidentiality.

2

(Mass.App.Ct. 1994) (recognizing act "need only be within any recognized concept of unfairness"); *Fraser Engineering Co., Inc. v. Desmond*, 524 N.E.2d 110,113 (Mass.App.Ct, 1988)(Chp. 93A violation where defendant's conduct both unethical and unscrupulous where he refused to carry through on his assurance that the plaintiff would be paid from insurance proceeds); *Wasserman v. Agnastopoulos*, 497 N.E.2d 19, 23 (Mass.App.Ct. 1986)(violation of the standard of fairness imposed by c. 93A resulted from the negligent failure to clarify ownership).

Baerst and Bonville, both outstanding experts in the field of banking standards and practices state how egregious and unethical Defendants' conduct was and that it violated banking standards and practices. Moreover, conveying the criminal allegations, for the obvious purpose of harming ARY, was both unethical and unscrupulous. ARY also refers the Court to the Opposition which more thoroughly addresses the egregious nature of Defendants' conduct. The fact-finder should be given the opportunity to hear from the witnesses and weigh all of the evidence, including credibility, and make the determination as to whether or not Defendants' conduct violated Chp. 93A.

## II.    BREACH OF IMPLIED CONTRACT OF CONFIDENTIALITY

Defendants incorrectly state that no jurisdictions recognize a duty of confidentiality between a borrower and lender. In fact, other jurisdictions do recognize such duty. *Djowharzadeh v. City Nat. Bank and Trust Co. of Norman* 646 P.2d 616 (Okla.Ct.App. 1982); *Jordan v. Shattuck Nat.*, 868 F.2d 383, 383 (10th Cir. 1989)(applying Oklahoma law); *Groob v. Keybank*, 801 N.E.2d 919 Ct.App.Ohio 2003, appeal allowed May 12, 2004); *see Rubenstein v. South Denver Nat. Bank*, 762 P.2d.755, 756 (Ct.App.Colo. 1988)(court held it was a fact question to determine whether special relationship existed between bank and customer).

Even if the Court decides that there is no fiduciary relationship between a bank and its

borrower, with all such fiduciary duties thereby imposed (e.g., look out for best interests of prospective borrower) it can still impose the lesser, but viable, duty of confidentiality and/or implied contract of confidentiality as so eloquently reasoned in *Djowharzadeh,* 646 P.2d 616.

In *Djowharzadeh,* the court held that a bank's relationship to a loan applicant implicitly imposes a duty to keep contents of the loan application confidential. 646 P.2d at 619-620. The court rejected arguments that there was no contractual nor fiduciary relationship between a prospective borrower and lender:

> The relationship created when a prospective borrower applies for a loan from a bank is a very special one. It has not yet ripened into a contract-because it has not yet crossed the threshold of formal agreement. Neither is it fiducial-because it is by nature an arm's length transaction. It does, however, impose special duties on each party which go beyond mere matters of courtesy.

*Id.* at 619. The court also recognized the superior position of the bank vis a vis the loan applicant which discloses a myriad of private information. "The delicately balanced relationship thus temporarily created is not, in ordinary cases, one composed of equals because of the inordinate power of the bank." *Id.* Relying on other jurisdictions holding that banks have an implied duty to keep their customer's financial status confidential and, recognizing that the specific issues were not squarely on point, the court noted the underlying policy to maintain confidentiality:

> [I]t is an implied term of the contract between a banker and his customer that the banker will not divulge to third persons, without the consent of the customer, express or implied, either the state of the customer's account or any of his transactions with the bank, or any information relating to the customer acquired through the keeping of his account, unless the banker is compelled to do so by order of a court. . .

*Id.* quoting *Peterson v. Idaho First Nat. Bank,* 367 P.2d 284 (1961) (quoting 10 Am.Jur.2d Banks

4

§332 (1963)). Finally, the court stated that the duty of confidentiality owed to loan applicants "has existed traditionally and continues to exist, if not specifically in the law books, at least in the mind of the public in general and within the banking community in particular." *Id.* at 620.

Based on the reasoning and holding in *Djowharzadeh*, ARY urges this Court to impose a duty of confidentiality and/or an implied contract of confidentiality on Defendants which they violated by conveying to Foothill that IBJ would not be funding the transaction and conveying the adverse information about the criminal charges.

With regard Defendants' argument that conveying the information about the criminal charges did not cause ARY damages because Defendants claim Foothill would have discovered the information itself, ARY's evidence raises a fact question for several reasons. First, Tom Morgan testified by affidavit that "[p]rior to February 28, 2001, I am not aware of further due diligence or background checks that were either necessary or had been requested." Morgan Affidavit. Second, despite Cole's assertion that he believes Foothill would have found the same information, the testimony is speculative as to what Foothill would have found and raises a fact issue.[2] All of the foregoing certainly raise a fact issue.[3]

### III. CONCLUSION

ARY has more than amply demonstrated that there exist genuine issues of material fact on all counts alleged in the Complaint, which preclude the Court granting summary judgment.

---

[2] ARY has moved to strike these parts of Cole's affidavit on the above-stated basis.

[3] Where applicable, this causation argument goes to all of the complaints alleged in ARY's Second Amended Complaint and is incorporated in the Opposition, as well as here.

Respectfully submitted,

THE CARRIGAN LAW FIRM, L.L.P.

By: *Steve Carrigan by Am*

Stephen P. Carrigan (Admitted Pro Hac Vice)
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas 77010
(713) 739-0810 (telephone)
(713) 739-0821 (telefax)
*Attorney-in-Charge for Plaintiff*


OF COUNSEL:

**THE CARRIGAN LAW FIRM, L.L.P.**
Jill L. Groff (Admitted Pro Hac Vice)
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas 77010
(713) 739-0810 (telephone)
(713) 739-0821 (telefax)
*Of Counsel for Plaintiff*

**MAHENDRU, P.C.**
Ashish Mahendru BBO#647661
1111 Bagby, Suite 2000
Houston, Texas 77002
(713) 571-1519 (telephone)
(713) 651-0776 (telefax)
*Of counsel for Plaintiff*


Dated:        November 7, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was forwarded as indicated below by certified mail, facsimile and/or hand delivery, return receipt requested in accordance with the Federal Rules of Civil Procedure on this 14th day of September, 2005.

Robert S. Fischler
ROPES & GRAY, L.L.P.
45 Rockefeller Plaza
New York, NY 10111
Tel: (212)841-0444

6

Christopher R. Dillon
Kate Cimini
Ropes & Gray, LLP
One International Place
Boston, MA 02110-2624

Stephen P. Carrigan/Jill L. Groff