UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY Jewelers, LLC., )<br>            Plaintiff, )<br> )<br>v. )<br> )<br>IBJTC Business Credit Corp. and )<br>David Molinario, )<br>            Defendants. ) | CIVIL ACTION NO. 04:-CV-10281 EFH |

**PLAINTIFF ARY JEWELERS, LLC.'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO STRIKE CERTAIN MATERIALS FILED BY
<u>DEFENDANTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT</u>**

TO THE UNITED STATES DISTRICT COURT:

Plaintiff, ARY Jewelers, LLC., ("ARY") hereby submits its Memorandum of Law in Support of its Motion to Strike Certain Materials Filed by Defendants in Support of Their Motion for Summary Judgment and in support thereof, respectfully shows the following:

When considering a motion for summary judgment, a court may not consider material that would be inadmissible at trial. *Finn v. Consol. Rail Corp.*, 782 F.2d 13, 16-17 (1st Cir. 1986); *see also* Fed. R. Civ. P. 56(e). The following materials submitted by Defendants in support of their summary judgment would be inadmissible at trial and therefore, the Court must strike them:

1. Exhibits B, D, E, and F to Kate Cimini's affidavit;

2. All of the Exhibits attached to the Affidavit of Francis O'Connor;

3. Paragraph 5 and last two sentences paragraph 12 of Steven Cole's Affidavit.

ARY objects to the Exhibits B and F attached to Kate Cimini's affidavit because Defendants have failed to properly authenticate them. They are not sworn or certified copies of documents as required under Federal Rule of Civil Procedure 56(e). Exhibits attached to affidavits must be either certified copies or sworn to by a person through whom the exhibits could be admitted into evidence. *Nolla Morell v. Riefkohl*, 651 F.Supp. 134, 140 (D. Puerto Rico 1986); Fed. R. Ev. 901 and 902; 10A C. Wright & A. Miller and M. Kane, *Federal Practice & Procedure*, § 2722, pp. 58-60 (1983); *see also Sanabia v. Travelers Ins. Co.*, 1999 Mass. App. Div. 46, 1999 WL 66915 (1999)(affiant's characterization of a document attached to her affidavit as a "'true and correct'" copy of a consent agreement between a doctor and the medical board did not transform the document into the "'sworn or certified copy' required by [Massachusetts Rule of Civil Procedure] Rule 56(e)."); *Galena v. Commerce Ins. Co.*, 2001 Mass. App. Div. 222, 2001 WL 34032349 (2001)(documents attached to affidavit were not certified or sworn to by someone in a position to attest to the character of the items)[1]. Ms. Cimini's affidavit purporting to authenticate the above-mentioned documents as "true and correct copies" fails to satisfy the requirements that they be sworn to by someone in a position to attest to the character of each.

ARY objects to Exhibits D and E on the grounds that they are inadmissible hearsay under Fed. R. Ev. 802.

ARY objects to all of the Exhibits attached to the Affidavit of Francis O'Connor because they are not sworn or certified copies of documents as required under Federal Rule of Civil Procedure 56(e). *Nolla Morell*, 651 F.Supp. at 140; Fed. R. Ev. 901 and 902; Wright & Miller, §

---

[1] Although *Sanabia* and *Galena* are Massachusetts state court cases interpreting the Massachusetts Rules of Civil Procedure, the cases provide authority on the point since the state rule 56 is modeled after Fed. R. Civ. P. 56.

2

2722; *see also Sanabia*, 1999 Mass. App. Div. 46; *Galena*, 2001 Mass. App. Div. 222. Additionally, all of the exhibits are inadmissible hearsay in violation of Fed. R. Ev. 802..

ARY objects to paragraph 5 of the Affidavit of Steven Cole on the grounds that it consists of hearsay in violation of Fed. R. Ev. 802. ARY further objects to the last two sentences paragraph 12 because these two sentences are not based on personal knowledge, are speculative, and are improper conclusions. *See Perez v. Volvo Car Corp.*, 247 F.3d 303, 315-316 (1st Cir.). Although Defendants try to circumvent the personal knowledge requirement by having Cole state that he has no doubt what the supposed background check would either have revealed, it is just a matter of semantics and his testimony still consists of speculation and it not based on personal knowledge.

For the foregoing reasons, ARY moves the Court to strike the above-objected to Exhibits.

Respectfully submitted,

THE CARRIGAN LAW FIRM, L.L.P.

By: /s/ Steve Carrigan by jm
Stephen P. Carrigan (Admitted Pro Hac Vice)
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas 77010
(713) 739-0810 (telephone)
(713) 739-0821 (telefax)
*Attorney-in-Charge for Plaintiff*

OF COUNSEL:

| | |
|---|---|
| **THE CARRIGAN LAW FIRM, L.L.P.** | **MAHENDRU, P.C.** |
| Jill L. Groff (Admitted Pro Hac Vice) | Ashish Mahendru BBO#647661 |
| 2 Houston Center | 1111 Bagby, Suite 2000 |
| 909 Fannin, Suite 1575 | Houston, Texas 77002 |
| Houston, Texas 77010 | (713) 571-1519 (telephone) |

(713) 739-0810 (telephone)  
(713) 739-0821 (telefax)  
*Of Counsel for Plaintiff*

(713) 651-0776 (telefax)  
*Of counsel for Plaintiff*

Dated: November 7, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was forwarded as indicated below by certified mail, facsimile and/or hand delivery, return receipt requested in accordance with the Federal Rules of Civil Procedure on this 7th day of November, 2005.

Robert S. Fischler  
ROPES & GRAY, L.L.P.  
45 Rockefeller Plaza  
New York, NY 10111  
Tel: (212)841-0444

Christopher R. Dillon  
Kate Cimini  
Ropes & Gray, LLP  
One International Place  
Boston, MA 02110-2624

Stephen P. Carrigan/Jill L. Groff

4