ORIGINAL

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

ARY Jewelers, LLC.,                )
            Plaintiff,          )
                            )
v.                                 )    CIVIL ACTION NO. 04:-CV-10281 EFH
                            )    **Oral Argument Requested**
IBJTC Business Credit Corp. and    )
David Molinario,                   )
            Defendants.         )

---

### PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ARY JEWELERS, LLC,** (hereinafter called "Plaintiff") in the above-styled and captioned matter and files this its Motion to Compel and in support thereof would show the following:

1.    In this lawsuit ARY alleges that the Defendant herein tortiously interfered with its contract and business relationship with a competitor of Defendants.

As in many commercial cases, obtaining a full and complete set of Defendants pertinent documents/records is critical. In this lawsuit, the Defendant has ingeniously failed to provide documents, therefor necessitating Plaintiff's Motion to Compel.

2.    On or about June 29, 2004, Plaintiff propounded to Defendant a set of requests for production of documents (a copy of Plaintiff's Request for Production of Documents to IBJTC Business Credit Corp., and David Molinaria is attached hereto as Exhibit 1).

3.    On or about July 26, 2004 Defendant served its Response thereto upon counsel of record for your Plaintiff. (A copy of Defendants Responses and Objections hereto attached as

1

Exhibit 2.)

4.    In Defendants' Response, Defendant objected to nearly all of Plaintiffs Requests and stated for a few that Defendant would supplement. Most of Defendants' Objections were form objections, spurious and baseless.

5.    Much later, Defendant finally produced and forwarded some documents, but intentionally failed to supplement its responses. Importantly, the documents forwarded by the Defendant were not segregated by request, nor were the documents produced as kept in the regular course and scope of business, both shortcomings being in violation of the Federal Rules of Procedure. Further, Defendant failed to remove any of its multiple meaningless objections, leaving counsel for Plaintiff in the dark and guessing as to which objection Defendant was really serious about, if any. It also leaves one to wonder if Defendant is hiding documents behind its meaningless objections.

6.    It is also obvious upon reviewing Defendants' production that many key documents were withheld. This was substantiated throughout the course of depositions of Defendants' representatives. The most glaring example of the above is Defendants' failure to even produce its policy and procedures manual that could indeed be pivotal in this case. Defendant not only failed to produce its policy and procedures manual with its document production, but continued to failed to do so, despite repeated requests from the undersigned. In fact, counsel for Defendant kept representing that it would be produced with each request to produce same, until the discovery period ended on June 15, 2005, at which time the Defendants' counsel took the position that the discovery period had expired and therefor his client had no obligation to produce same. Likewise with Plaintiff's request to review the originals of Defendants' documents as kept in the regular course of business. Again, counsel for Defendant continually represented that this request would be complied with and then with the expiration of the discovery period, likewise took the position that there was no obligation to do so.

2

7.    These documents are critical to the case. Certainly Plaintiff is entitled to review these withheld documents. Likewise, Plaintiff has the absolute right to view all of Defendants' pertinent documents in their original form as kept in the course of ordinary business. Certainly Plaintiff is entitled to know which documents are responsive to which categories and be provided with a privileged document log. Certainly Plaintiff is allowed to have a hearing and ruling on Defendants' multiple form objections and to be able to determine as best as is possible that Defendants are not hiding behind frivolous objections in withholding otherwise pertinent, material and responsive documents. Defendants should not be allowed to use the Federal Rules of Procedure and this Honorable Courts' deadlines to prevent necessary and legitimate discovery. Defendant should not be allowed to pay lip-service to providing documents that are relevant and material and responsive and in the form and fashion as requested and as required by the Federal Rules of Procedure just long enough for the Courts' discovery period to lapse and then hide behind same. What your Plaintiff is requesting herein is not new or additional discovery, rather what Plaintiff is seeking is for this Courts' assistance in compelling Defendants to fulfill their discovery obligations prior to the expiration of the Discovery Period.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court set this matter for a hearing and upon said hearing and after reviewing the pertinent motions and related pleadings, and after hearing argument from counsel, that this Court enter an Order, striking Defendants' objections to Plaintiffs Request for Production of Documents, requiring Defendants to produce all relevant documents including but not limited to all of Defendants' policies and procedures in place at the time of the occurrences made the basis of this lawsuit, that Defendants be required to provide Plaintiff with a proper privileged document log, that Defendants produce their responsive documents identified by category and as kept in the regular course of business and that Plaintiff's counsel be allowed to inspect Defendants' original

3

documents as kept in the regular course of business and that all of this be accomplished within

fourteen (14) days of the entering of an Order by this Court, and for such other and further relief

as this Honorable court believes that Plaintiff is justly entitled to.

Respectfully submitted,

*THE CARRIGAN LAW FIRM, L.L.P.*

By:

Stephen P. Carrigan (Admitted Pro Hac Vice)
State Bar No. 03877000
Federal I.D. 6112
2 Houston Center
909 Fannin, Suite 1575
Tel. (713)739-0810
Fax. (361)739-0821
*Attorney-in-Charge for Plaintiff*

OF COUNSEL:

Jill L. Groff (Admitted Pro Hac Vice)
The Carrigan Law Firm, L.L.P.
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas 77010
(713-729-0810 (telephone)
(713) 739-0821 (facsimle)
*Of Counsel for Plaintiff*

Ashish Mahendru BBO#647661
Mahendru, P.C.
1111 Bagby, Suite 2000
Houston, Texas 77002
(713) 571-1519 (telephone)
(713) 651-0776 (facsimile
*Of Counsel for Plaintiff*

## CERTIFICATE OF CONFERENCE

This is to certify that the undersigned attorney attempted in good faith to resolve the issues
surrounding this discovery matter without court intervention, however those attempts failed.
Therefore, the matter is presented to the Court for determination.

Stephen P. Carrigan

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Motion to Compel Defendant, IBJTC
Business Corp., and David Molinario's. Responses to Request for Production was served to each

4

person listed below by certified mail, return receipt requested, facsimile and/or hand delivery on the
day of November, 2005.

Robert S. Fischler
Ropes & Gray, LLP
45 Rockefeller Plaza
New York, New York 10111

Stephen P. Carrigan

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY Jewelers, LLC., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 04:-CV-10281 EFH) |
| | ) |
| IBJTC Business Credit Corp. and | ) |
| David Molinario, | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    Defendants, IBJTC Business Credit Corp. and David Molinario, by and through their attorney of record, Robert S. Fischler, Winston & Strawn, 200 Park Avenue, New York, New York 10166-4183.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and the applicable local rules, Plaintiff **ARY Jewelers, LLC** propounds this First Request for Production of Documents upon you, the answers to which shall be made separately and fully in writing within thirty (30) days after the service of such Requests for Production and shall be returned to the undersigned attorney of record pursuant to Rule 34 of the Federal Rules of Civil Procedure.

You are further charged with the duty, as imposed upon you by Rule 34 of the Federal Rules of Civil Procedure to supplement or amend these responses to the extent the written discovery seeks trial witnesses and other information sought by written discovery if your response was incomplete or incorrect when made, or, although complete and correct when made, is no longer complete and correct. Should you choose to produce records and information in response to these requests, you are hereby notified that such documents and information should be produced at the

1



offices of The Carrigan Law Firm, L.L.P. at 4 Houston Center, 1331 Lamar, Suite 1550, Houston, Texas 77010.

## DEFINITIONS

As used herein, the following terms shall have the meaning and significance set forth below:

A.    **You or Defendant:**  "You", "Your" or "Defendant" shall mean IBJTC Business Credit Corp., or its predecessor, IBJ Whitehall Retail Finance, and/or David Molinario, and any consultant, agent, employee, officer, director, partner, and/or representative thereof, including, without limitation, any other person or entity acting or purporting to act on behalf thereof, whether as his and/or her alter ego or otherwise.

B.    **Document:**  "Document" shall mean any and all documents and matters however and by whomever produced or reproduced, now or at any time, in your possession, custody or control, or to which you have access, including, but not limited to, any and all medium upon which information or intelligence may be recorded or retrieved, and includes, without limitation, any written, typed, graphic or printed matter, in its entirety, including addenda, supplements, amendments, revisions, exhibits and appendices thereto, and in its original form or copies thereof where originals are unavailable, whether identical or non-identical, together with any copies bearing notations, memoranda, or other written information not on the originals, regardless of origin or location, including, without limitation, any photograph, book, pamphlet, notebook, correspondence, telegram, notes, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order, form, receipt, financial statement, note, promissory note, agreement, letter of credit, loan application, applications for credit, credit reports or histories, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study,

2

handwritten notice on whatever form or medium, draft, working paper memoranda, chart, paper, print laboratory record, drawing, plans, specifications, sketch, graph, index, list, tape, microfilm, data sheet or data processing card, notes or tape or sound recordings of any type of telephone conversations or of meetings or conferences or individual dictation, notes or tapes or sound recordings of any type of statements of witnesses or of your employees or agents, minutes of meetings, interoffice and intra office communications, studies, analyses, reports of investigations, reviews, desk calendars, appointment books, diaries, time sheets or logs, computer input data, computer output data, computer runs, work sheets, papers or other materials, including all such defined documents submitted to your outside accountants or attorneys or submitted by your outside accountants or attorneys to you, or any written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody or control (as defined herein). For each document which you are asked to "identify" or state the "identity" of same, please set forth: (a) the date of preparation, (b) the nature of its contents, (c) the name of its author, and (d) the name and business address of its custodian.

C. **Possession, Custody or Control:** The terms "possession, custody or control" as used herein shall mean documents actually within the possession, custody or control of IBJTC Business Credit Corp. and/or David Molinario and/or each person acting or in contact with them, and include documents which were prepared by, obtained, or placed in the possession, custody or control of any such person within the scope of his or her duties or relationship with you to which you have a right to copy or have access to, and documents which have been placed in the temporary possession, custody or control of any third party by any of the foregoing person(s) without limitation of the terms "possession, custody or control" as used in the preceding sentence. A document is deemed to be in

3

your possession, custody or control if you have the right to secure the document or a photocopy thereof from another person or entity, whether public or private, having actual physical possession, custody or control thereof.

D.    **Relating to:**  As used herein the term "relating to" shall mean concerning, referring to, alluding to, responding to, connected with, commenting on or about, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, bearing on, associated with, referencing, containing, analyzing, constituting, evidencing or pertaining.

E.    **Photograph:**  As used herein the term "Photograph" or "Photographs" shall mean any photograph, photocopy of a photograph, slide, videotape, film reel, film clip or film tape (8 mm. or otherwise).

F.    **Incident:**  As used herein the terms "incident" or "incident made the basis of this suit", shall mean the incident described with greater particularity in Plaintiff's First Amended Complaint and subsequent pleadings.

G.    **Foothill Capital**: As used herein the term "Foothill Capital Corp." shall mean the company Foothill Capital Corporation and/or its successor, Wells Fargo Retail Finance, L.L.C.

H.    **Krigel's, Inc.**: As used herein the term "Krigel's, Inc." shall mean Krigel's, Inc., any related person or entity, including but not limited to Scott Krigel and /or the Scott W. Krigel Revocable Trust.

## LOST OR DESTROYED DOCUMENTS

If any document requested to be produced was, but is no longer, in the named Defendant's possession or control or is no longer in existence, state whether it is: (a) missing or lost, (b) destroyed, ©) transferred voluntarily or involuntarily to others and if so, to whom or (d) otherwise

4

disposed of, and in each instance explain the circumstances surrounding and authorization of such

disposition thereof and state the approximate date thereof.

## CLAIMS OF PRIVILEGE

If you claim that any document for which production is requested is privileged, and therefore

beyond the scope of discovery, for each document you shall:

A.    Identify the document, by specifying: (1) the date (or approximate date) of

preparation, (2) the nature of its contents, (3) the name and title of the author, all those who

participated in its preparation, and each and every recipient, (4) all attachments or enclosures, and

(5) the name of the business address of its custodian.

B.    Specify the exact nature of the privilege claimed.

Respectfully submitted:

THE CARRIGAN LAW FIRM, L.L.P.

By:    _____

STEPHEN P. CARRIGAN
Federal I.D. No. 6112
Texas State Bar No. 03877000
1331 Lamar, Suite 1550
Houston, Texas 77010
(713) 654-8100 (telephone)
(713) 752-2199 (telefax)
*Attorney-in-Charge for Plaintiff*

OF COUNSEL:

**THE CARRIGAN LAW FIRM, L.L.P.**
Suzanna Bonham Phillips
State Bar No. 24012307
Fed ID No. 24934
1331 Lamar, Suite 1550
Houston, Texas 77010
Telephone: (713) 654-8100
Facsimile: (713) 752-2199
*Of Counsel for Plaintiff*

5

## REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1:

All documents relating to Plaintiffs.

RESPONSE:


REQUEST FOR PRODUCTION NO. 2:

All documents relating to ARY Jewelers, LLC.

RESPONSE:


REQUEST FOR PRODUCTION NO. 3:

All documents relating to, showing, describing or demonstrating Defendants' relationship to Plaintiff and/or Haji Abdul Razzak Yacoob or Gohar Husain.

RESPONSE:


REQUEST FOR PRODUCTION NO. 4:

All documents relating to any loan application, loan analysis or the like and relating to and/or originated from Plaintiffs.

RESPONSE:


REQUEST FOR PRODUCTION NO. 5:

All documents relating to Krigels, Inc.

RESPONSE:

REQUEST FOR PRODUCTION NO. 6

All documents relating to, showing, describing or demonstrating Defendants' relationship to Krigels, Inc.

RESPONSE:

REQUEST FOR PRODUCTION NO. 7:

All documents relating to Plaintiff's attempt to purchase Krigels, Inc.

RESPONSE:

REQUEST FOR PRODUCTION NO. 8:

All documents relating to Plaintiff's attempt to obtain a loan (and any analysis thereof) from Defendants.

RESPONSE:

REQUEST FOR PRODUCTION NO. 9:

All documents relating to Plaintiff's attempt to obtain a loan (and any analysis thereof) from Defendants relating to the purchase of Krigels, Inc.

RESPONSE:

REQUEST FOR PRODUCTION NO. 10:

All documents relating to any rules, regulations, guidelines, policies, procedures, standards, customs, statutes, laws or the like relating to the transfer of information and/or communicating with other financial institutions about a customer, loan applicant, loan application or the like.

RESPONSE:

REQUEST FOR PRODUCTION NO. 11:

All communications, correspondence, e-mail, documents or the like passed to, forwarded to, from or between Foothill Capital and/or any related entity and Defendants and relating to

7

Plaintiffs, Haji Abdul Razzak Yacoob or Gohar Husain, Krigels, Inc. or any loan application or proposed business deal.

RESPONSE:


REQUEST FOR PRODUCTION NO. 12:

All documents relating to, showing, describing, related to or demonstrating Defendants relationship with Foothill Capital and/or any related entity.

RESPONSE:


REQUEST FOR PRODUCTION NO 13:

All documents relating to Defendant, David Molinario.

RESPONSE:


REQUEST FOR PRODUCTION NO. 14:

All documents relating to Thomas Morgan.

RESPONSE:


REQUEST FOR PRODUCTION NO. 15:

All employment related documents/files pertinent to Defendant, David Molinario.

RESPONSE:


REQUEST FOR PRODUCTION NO. 16:

All personnel files/documents pertinent to Defendant, David Molinario.

RESPONSE:

REQUEST FOR PRODUCTION NO. 17:

All documents showing, describing and/or related to Defendant, David Molinario, i.e. job dates/position with Defendant IBJTC Business Credit Corp.

RESPONSE:


REQUEST FOR PRODUCTION NO. 18

All documents forwarded to, from or between Thomas Morgan and Defendants.

RESPONSE:


REQUEST FOR PRODUCTION NO. 19.

All documents forwarded to, from or between Defendants and pertaining to Plaintiff or Haji Abdul Razzak Yacoob and/or Gohar Husain

RESPONSE:


REQUEST FOR PRODUCTION NO. 20:

All documents showing, describing, demonstrating and/or related to Defendant, David Molinario relationship with Foothill Capital.

RESPONSE:


REQUEST FOR PRODUCTION NO 21:

All documents relating to the transfer of information from Defendants to Foothill Corp. and/or any related entity.

RESPONSE:

9

REQUEST FOR PRODUCTION NO 22:

All documents relating to any investigation into the transfer of information from Defendants to Foothill Capital and/or any related entity.

RESPONSE:

REQUEST FOR PRODUCTION NO. 23:

All documents pertinent to any investigation into Plaintiff's allegations made the basis of Plaintiff's lawsuit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 24:

All documents relating to any investigation, research into, background search/inquiries about or related to Plaintiffs, Haji Abdul Razzak Yacoob or Gohar Husain and/or any related entity and/or individual.

RESPONSE:

REQUEST FOR PRODUCTION N0. 25:

All documents relating to any consequences and/or proposed consequences, punishment, remedial measures or the like relating to Defendant David Molinario related to and/or arising out of the allegations of this lawsuit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 26:

All documents relating to any remedial or preventative measures taken to prevent other transfers of information between Defendants and other financial institutions.

RESPONSE:

RESPONSE:

REQUEST FOR PRODUCTION NO. 32:

All documents relating to Foothill Capital's response to the information Defendants provided to Foothill Capital regarding ARY, Haji Abdul Razzak Yacoob, Gohar Husain, and/or any related person or entity.

RESPONSE:

REQUEST FOR PRODUCTION NO. 27:

All documents relating to, showing, demonstrating and/or consisting of other unauthorized transfer of information between to, or from Defendants and any other financial institution in the past seven (7) years.

RESPONSE:


REQUEST FOR PRODUCTION NO. 28:

Any disciplinary and/or remedial measures, proposed, received or enacted to prevent such, or as a result of, the unauthorized transfer of information from, to or between the Defendants and any other financial institution.

RESPONSE:


REQUEST FOR PRODUCTION NO. 29:

All communications, correspondence, e-mail, documents, or the like, passed to, forwarded to, from or between Krigel's, Inc. and Defendants relating to any loan application or proposed business deal.

RESPONSE:


REQUEST FOR PRODUCTION NO. 30:

All documents received from Wells Fargo Retail Finance, L.L.C. (fka Foothill Capital) in response to Defendants' subpoena to the same served on or about May 14, 2004. Such request excludes the deposition transcripts of Foothill Capital employees deposed in the action entitled *ARY Jewelers, L.L.C. v. Scott Kriegel* [sic], filed in the Johnson County District Court, Kansas City, MO, in or about April 2001.

RESPONSE:


REQUEST FOR PRODUCTION NO. 31:

All documents relating to Defendants' involvement in, or connection with, ARY's attempt to obtain financing from Defendant, Foothill Capital, and/or any other entity.

11

RESPONSE:


REQUEST FOR PRODUCTION NO. 32:

All documents relating to Foothill Capital's response to the information Defendants provided to Foothill Capital regarding ARY, Haji Abdul Razzak Yacoob, Gohar Husain, and/or any related person or entity.

RESPONSE:

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was forwarded as indicated below by certified mail, facsimile and/or hand delivery, return receipt requested in accordance with the Federal Rules of Civil Procedure on this _29_ day of _June_, 2004.

Robert S. Fischler
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700

Robert M. Thomas, Jr.
Rory Delaney
THOMAS & ASSOCIATES
Federal Reserve Building
600 Atlantic Avenue
Boston, MA 02210
Tel: (617) 371-1072
Fax: (617) 371-1037

**Stephen P. Carrigan/Suzanna Bonham**

13

FILE COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------------x

ARY JEWELERS, LLC,                          :

               Plaintiff,             :

                          :

           v.                           :       CV: 04-10281-EFH

                          :

IBJTC BUSINESS CREDIT CORPORATION           :
and DAVID MOLINARIO,                        :

                          :

           Defendants.             :

-----------------------------------------------------------------x

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and the applicable local rules, defendants, by their undersigned counsel, hereby respond to Plaintiff's First Request for Production of Documents.

## GENERAL OBJECTIONS

1.      Defendants object to all Requests insofar as they purport to impose upon defendants obligations different from those set forth in the Federal Rules of Civil Procedure and the local rules of the U.S. District Court, District of Massachusetts.

2.      Defendants object to all Requests insofar as they purport to require production or disclosure of any privileged communication, attorneys' work product, or material prepared in anticipation or preparation for litigation on the grounds that such discovery is impermissible under Rule 26(b) of the Federal Rules of Civil Procedure.

3.      Defendants object to all Requests insofar as they are repetitive and/or substantially overlap with other requests. Where a document is reasonably responsive to more than one Request, Defendants will produce that document only once.

**EXHIBIT**
**2**

RECEIVED
JUL 3 0 2004

4.    Defendants object to all Requests insofar as they purport to require the production of documents outside the possession, custody, or control of defendants.

5.    Defendants object to all Requests insofar as they purport to require the production of documents created after the date this action was commenced.

6.    Defendants object to all Requests to the extent they are phrased in absolute terms and require the production of "all documents concerning" a specified matter. In such instances, defendants will only undertake to produce documents (a) known to it at the time of the response or located after a reasonably diligent search and (b) that are reasonably related to the plain intent of the Request as understood by defendants. Defendants do not undertake any obligation to represent that this Response includes "all" of the documents that may concern a particular subject matter.

7.    The assertion of an objection by defendants to a particular Request is not to be construed as an admission that responsive documents necessarily exist.

8.    The production of documents responsive to the Plaintiff's Request for Production is made without waiving any right by defendants to object to admissibility of any document at trial on relevance or any other ground.

9.    Documents to be produced by defendants will be produced for inspection at the offices of Winston & Strawn, 200 Park Avenue, New York, New York 10016 at a date and time mutually convenient to the parties' counsel.

10.    Defendants specifically incorporate each of the foregoing general objections in each of its responses that follow. Without waiving these general objections and the objections set forth in response to the specific Requests, defendants respond as set forth below.

## ANSWERS AND SPECIFIC OBJECTIONS

REQUEST FOR PRODUCTION NO. 1:

All documents relating to Plaintiffs.

RESPONSE:

Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 2:

All documents relating to ARY Jewelers, LLC.

RESPONSE:

Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 3:

All documents relating to, showing, describing or demonstrating Defendants' relationship to Plaintiff and/or Raji Abdul Razzak Yacoob or Gohar Husain.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 4:

All documents relating to any loan application, loan analysis or the like and relating to and/or originated from Plaintiffs.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 5:

All documents relating to Krigels, Inc.

RESPONSE:

Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 6:

All documents relating to, showing, describing or demonstrating Defendants' relationship to Krigels, Inc.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 7:

All documents relating to Plaintiffs attempt to purchase Krigels, Inc.

RESPONSE:

Subject to their general objections, defendants will produce responsive documents, if any.

4

REQUEST FOR PRODUCTION NO. 8:

All documents relating to Plaintiffs attempt to obtain a loan (and any analysis thereof) from Defendants.

RESPONSE:

Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 9:

All documents relating to Plaintiffs attempt to obtain a loan (and any analysis thereof) from Defendants relating to the purchase of Krigels, Inc.

RESPONSE:

Subject to their general objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 10:

All documents relating to any rules, regulations, guidelines, policies, procedures, standards, customs, statutes, laws or the like relating to the transfer of information and/or communicating with other financial institutions about a customer, loan applicant, loan application or the like.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information which is neither relevant nor likely to lead to the discover of admissible evidence. Defendants further object to this request to the extent that it purports to require the production of "statutes" and "laws" on the ground that such information is readily available to plaintiff and its counsel from sources other than defendants, who have no obligation to educate plaintiff and its counsel concerning legal issues.

5

REQUEST FOR PRODUCTION NO. 11:

All communications, correspondence, e-mail, documents or the like passed to, forwarded to, from or between Foothill Capital and/or any related entity and Defendants and relating to Plaintiffs, Haji Abdül Razzak Yacoob or Gohar Husain, Krigels, Inc. or any loan application or proposed business deal.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 12:

All documents relating to, showing, describing, related to or demonstrating Defendants relationship with Foothill Capital and/or any related entity.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants are not aware of any responsive documents.

REQUEST FOR PRODUCTION NO. 13:

All documents relating to Defendant, David Molinario.

RESPONSE:

Defendants object to this requests on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to their objections, defendants will produce responsive

documents, if any.

REQUEST FOR PRODUCTION NO. 14:

      All documents relating to Thomas Morgan.

RESPONSE:

      Defendants object to this requests on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 15:

      All employment related documents/files pertinent to Defendant, David Molinario.

RESPONSE:

      Defendants object to this requests on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 16:

      All personnel files/documents pertinent to Defendant, David Molinario.

RESPONSE:

      Defendants object to this requests on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 17:

      All documents showing, describing and/or related to Defendant, David Molinario, *i.e.*,

job dates/position with Defendant IBJTC Business Credit Corp.

RESPONSE:

Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 18:

All documents forwarded to, from or between Thomas Morgan and Defendants.

RESPONSE:

Defendants object to this requests on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 19:

All documents forwarded to, from or between Defendants and pertaining to Plaintiff or Haji Abdul Razzak Yacoob and/or Gohar Husain

RESPONSE:

Defendants object to this requests on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 20:

All documents showing, describing, demonstrating and/or related to Defendant, David Molinario relationship with Foothill Capital.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive

documents, if any.

REQUEST FOR PRODUCTION NO. 21:

All documents relating to the transfer of information from Defendants to Foothill Corp. and/or any related entity.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 22:

All documents relating to any investigation into the transfer of information from Defendants to Foothill Capital and/or any related entity.

RESPONSE:

Subject to their general objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 23:

All documents pertinent to any investigation into Plaintiffs allegations made the basis of Plaintiffs lawsuit.

RESPONSE:

Subject to their general objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 24:

All documents relating to any investigation, research into, background search/inquiries about or related to Plaintiffs, Haji Abdul Razzak Yacoob or Gohar Husain and/or any related entity and/or individual.

RESPONSE:

Subject to their general objections, defendants will produce responsive documents, if any.


REQUEST FOR PRODUCTION NO. 25:

All documents relating to any consequences and/or proposed consequences, punishment, remedial measures or the like relating to Defendant David Molinario related to and/or arising out of the allegations of this lawsuit.

RESPONSE:

Subject to their general objections, defendants will produce responsive documents, if any.


REQUEST FOR PRODUCTION NO. 26:

All documents relating to any remedial or preventative measures taken to prevent other transfers of information between Defendants and other financial institutions.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad

and unduly burdensome.    Subject to their objections, defendants will produce responsive

documents, if any.


REQUEST FOR PRODUCTION NO. 27:

All documents relating to, showing, demonstrating and/or consisting of other unauthorized transfer of information between to, or from Defendants and any other financial institution in the past seven (7) years.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad

unduly burdensome, and seeks information that is neither relevant nor likely to lead to the

discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 28:

Any disciplinary and/or remedial measures, proposed, received or enacted to prevent such, or as a result of, the unauthorized transfer of information from, to or between the Defendants and any other financial institution.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad,

unduly burdensome, and seeks information which is neither relevant nor likely to lead to the

discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 29:

All communications, correspondence, e-mail, documents, or the like, passed to, forwarded to, from or between Krigel's, Inc. and Defendants relating to any loan application or proposed business deal.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad

and unduly burdensome.    Subject to their objections, defendants will produce responsive

documents, if any.

REQUEST FOR PRODUCTION NO. 30:

All documents received from Wells Fargo Retail Finance, L.L.C. (fka Foothill Capital) in response to Defendants' subpoena to the same served on or about May 14, 2004. Such request excludes the deposition transcripts of Foothill Capital employees deposed in the action entitled *ARY Jewelers, L.L.C. v. Scott Kriegel* [sic], filed in the Johnson County District Court, Kansas City, MO, in or about April 2001.

11

RESPONSE:

Subject to their general objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 31:

All documents relating to Defendants' involvement in, or connection with, ARY's attempt to obtain financing from Defendant, Foothill Capital, and/or any other entity.

RESPONSE:

Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 32:

All documents relating to Foothill Capital's response to the information Defendants provided to Foothill Capital regarding ARY, Haji Abdul Razzak Yacoob, Gohar Husain, and/or any related person or entity.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

12

Dated:  July 26, 2004

WINSTON & STRAWN LLP

By: _____
Robert S. Fischler (Admitted *Pro Hac Vice*)

200 Park Avenue
New York, NY  10166
Tel:  (212) 294-6700
Fax: (212) 294-4700

and

THOMAS & ASSOCIATES
Federal Reserve Building
600 Atlantic Avenue, 12th Fl.
Boston, MA  02210
Tel:  (617) 371-1072
Fax: (617) 371-1037

Attorneys for Defendants

To:    THE CARRIGAN LAW FIRM
       4 Houston Center
       1331 Lamar, Suite 1550
       Houston, TX  77010

       Attorneys for Plaintiff

13