UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARY Jewelers, LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>IBJTC Business Credit Corporation and David Molinario,<br><br>           Defendants. | Civil Action No. 04-10281-EFH |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Defendants IBJTC Business Credit Corporation ("IBJ") and David Molinario (collectively, "defendants") respectfully submit this Opposition to Plaintiff ARY Jewelers, LLC's ("ARY") Motion to Strike Certain Materials Filed by Defendants in Support of Their Motion For Summary Judgment ("Motion to Strike"), and in opposition to the Memorandum of Law submitted by plaintiff in support thereof. The Court should deny plaintiff's Motion to Strike in its entirety.

At the outset, it is significant to note that plaintiff's current Motion to Strike is directed to the very same documents that were challenged by plaintiff in its prior motion to strike, which the Court denied in its entirety. *See,* Electronic Order denying plaintiff's prior motion to strike, entered on October 11, 2005.[1] Indeed, Exhibits B, D, and E to the Cimini Affidavit, and Exhibits

---

[1] Because plaintiff's motion is simply a re-hash of its earlier motion to strike, for purposes of efficiency defendants respectfully refer the Court to their September 29, 2005 Memorandum in Opposition to that prior motion ("Prior Opposition"), which addresses each of the challenged documents in detail, and provides citation to relevant authority establishing that each document was properly authenticated and admissible. For ease of reference, the Prior Opposition is attached hereto as Exhibit A, and is incorporated herein. For further ease of reference, we note that the same documents that are attached as Exhibits B, D, and E to the current Cimini Affidavit, and which plaintiff now is challenging, also were attached as Exhibits J, G and I, respectively, to Ms. Cimini's earlier affidavit, and they are referred to by those earlier exhibit designations in the Prior Opposition. The O'Connor Affidavit is identical to the one previously submitted by defendants, so the exhibit designations have not changed.

A through D to the O'Connor Affidavit, all were the subject of plaintiff's prior motion, and the Court rejected plaintiff's attempts to exclude them. Thus, plaintiff's current motion simply serves up the same arguments this Court already has rejected, and it should be denied on this basis alone. *See*, *Sigros v. Walt Disney World, Co.*, 190 F. Supp. 2d 165, 169 (D. Mass. 2002) (motion to transfer venue is summarily denied where a prior identical motion previously had been denied, and where the party seeking transfer offered no new facts or arguments supporting transfer).

Not only has plaintiff failed to offer any new reason to exclude the documents they now seek to challenge for the second time, but they have failed to articulate any legitimate basis for such relief. Indeed, and as discussed in more detail in defendants' Prior Opposition, the documents plaintiff seeks to exclude are either: (i) articles published in the New York Times (Cimini Affidavit, Exhibit B) or on the Dow Jones Newswire (O'Connor Affidavit, Exhibit C), which are self-authenticating and admissible pursuant to Federal Rule of Evidence 902(6); (ii) letters, notes and other admissions by plaintiff that *plaintiff itself produced* in this action, and which *plaintiff itself authenticated*, either in response to defendants' Request for Admissions, or at deposition (Cimini Affidavit, Exhibits D and E); or (iii) documents and correspondence relating to the transaction at issue, all of which were properly authenticated by Mr. O'Connor's affidavit, and which are admissible as business records pursuant to Federal Rule of Evidence 803(6) (O'Connor Affidavit, Exhibits A, B and D). Each and every one of these documents has been properly authenticated – including by plaintiff itself – and all are properly before the Court.[2]

There also is no basis to strike any aspect of the affidavit of Steven Cole. Paragraph 5 of Mr. Cole's affidavit recounts a conversation he had with ARY's agent, Mr. Husain. Mr.

---

[2]  The only document that plaintiff is challenging that was not previously submitted by defendants is Exhibit G to the current Cimini Affidavit. However, Exhibit G is an order entered by the United States Bankruptcy Court for the Western District of Missouri. As discussed in the Prior Opposition, such materials obtained from official court files are self-authenticating pursuant to Federal Rule of Evidence 902(5).

Husain's statements on behalf of ARY clearly are admissible as admissions against a party-opponent pursuant to Federal Rule of Evidence 801(d)(2)(providing that a statement is not hearsay if it is offered against a party and it is the "party's own statement").  Moreover, Mr. Cole's statement in paragraph 12 of his affidavit that Foothill would undoubtedly have uncovered the Dow Jones articles when it conducted its own background check and Internet media search is based upon his years of experience negotiating credit facilities, and his familiarity with Foothill's policies and procedures for conducting background checks.  Thus, Mr. Cole's statements are well-grounded in his own personal knowledge and experience and, therefore, are fully admissible.

## CONCLUSION

For the reasons stated above, ARY's Motion to Strike should be denied in its entirety, and this Court should enter summary judgment in favor of defendants.

> IBJTC BUSINESS CREDIT CORPORATION and DAVID MOLINARIO
>
> By their attorneys,
>
> /s/_____
> Christopher R. Dillon (BBO No. 640896)
> Ropes & Gray LLP
> One International Place
> Boston, Massachusetts 02110-2624
> (617) 951-7000
>
> Robert S. Fischler (Admitted Pro Hac Vice)
> Ropes & Gray LLP
> 45 Rockefeller Plaza
> New York, NY 10111
> (212) 841-5700

Dated:  November 16, 2005