FILE COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
---------------------------------------------------------------x
ARY JEWELERS, LLC,

               Plaintiff,

    v.                                                     CV: 04-10281-EFH

IBJTC BUSINESS CREDIT CORPORATION
and DAVID MOLINARIO,

               Defendants.
---------------------------------------------------------------x

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and the applicable local rules, defendants, by their undersigned counsel, hereby respond to Plaintiff's First Request for Production of Documents.

## GENERAL OBJECTIONS

1. Defendants object to all Requests insofar as they purport to impose upon defendants obligations different from those set forth in the Federal Rules of Civil Procedure and the local rules of the U.S. District Court, District of Massachusetts.

2. Defendants object to all Requests insofar as they purport to require production or disclosure of any privileged communication, attorneys' work product, or material prepared in anticipation or preparation for litigation on the grounds that such discovery is impermissible under Rule 26(b) of the Federal Rules of Civil Procedure.

3. Defendants object to all Requests insofar as they are repetitive and/or substantially overlap with other requests. Where a document is reasonably responsive to more than one Request, Defendants will produce that document only once.

EXHIBIT A

RECEIVED JUL 30 2004

4. Defendants object to all Requests insofar as they purport to require the production of documents outside the possession, custody, or control of defendants.

5. Defendants object to all Requests insofar as they purport to require the production of documents created after the date this action was commenced.

6. Defendants object to all Requests to the extent they are phrased in absolute terms and require the production of "all documents concerning" a specified matter. In such instances, defendants will only undertake to produce documents (a) known to it at the time of the response or located after a reasonably diligent search and (b) that are reasonably related to the plain intent of the Request as understood by defendants. Defendants do not undertake any obligation to represent that this Response includes "all" of the documents that may concern a particular subject matter.

7. The assertion of an objection by defendants to a particular Request is not to be construed as an admission that responsive documents necessarily exist.

8. The production of documents responsive to the Plaintiff's Request for Production is made without waiving any right by defendants to object to admissibility of any document at trial on relevance or any other ground.

9. Documents to be produced by defendants will be produced for inspection at the offices of Winston & Strawn, 200 Park Avenue, New York, New York 10016 at a date and time mutually convenient to the parties' counsel.

10. Defendants specifically incorporate each of the foregoing general objections in each of its responses that follow. Without waiving these general objections and the objections set forth in response to the specific Requests, defendants respond as set forth below.

## ANSWERS AND SPECIFIC OBJECTIONS

REQUEST FOR PRODUCTION NO. 1:

All documents relating to Plaintiffs.

RESPONSE:

Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 2:

All documents relating to ARY Jewelers, LLC.

RESPONSE:

Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 3:

All documents relating to, showing, describing or demonstrating Defendants' relationship to Plaintiff and/or Raji Abdul Razzak Yacoob or Gohar Husain.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 4:

All documents relating to any loan application, loan analysis or the like and relating to and/or originated from Plaintiffs.

3

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 5:

All documents relating to Krigels, Inc.

RESPONSE:

Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 6:

All documents relating to, showing, describing or demonstrating Defendants' relationship to Krigels, Inc.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 7:

All documents relating to Plaintiffs attempt to purchase Krigels, Inc..

RESPONSE:

Subject to their general objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 8:

All documents relating to Plaintiffs attempt to obtain a loan (and any analysis thereof) from Defendants.

RESPONSE:

Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 9:

All documents relating to Plaintiffs attempt to obtain a loan (and any analysis thereof) from Defendants relating to the purchase of Krigels, Inc.

RESPONSE:

Subject to their general objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 10:

All documents relating to any rules, regulations, guidelines, policies, procedures, standards, customs, statutes, laws or the like relating to the transfer of information and/or communicating with other financial institutions about a customer, loan applicant, loan application or the like.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information which is neither relevant nor likely to lead to the discover of admissible evidence. Defendants further object to this request to the extent that it purports to require the production of "statutes" and "laws" on the ground that such information is readily available to plaintiff and its counsel from sources other than defendants, who have no obligation to educate plaintiff and its counsel concerning legal issues.

REQUEST FOR PRODUCTION NO. 11:

All communications, correspondence, e-mail, documents or the like passed to, forwarded to, from or between Foothill Capital and/or any related entity and Defendants and relating to Plaintiffs, Haji Abdül Razzak Yacoob or Gohar Husain, Krigels, Inc. or any loan application or proposed business deal.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 12:

All documents relating to, showing, describing, related to or demonstrating Defendants relationship with Foothill Capital and/or any related entity.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants are not aware of any responsive documents.

REQUEST FOR PRODUCTION NO. 13:

All documents relating to Defendant, David Molinario.

RESPONSE:

Defendants object to this requests on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to their objections, defendants will produce responsive

documents, if any.

REQUEST FOR PRODUCTION NO. 14:

All documents relating to Thomas Morgan.

RESPONSE:

Defendants object to this requests on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 15:

All employment related documents/files pertinent to Defendant, David Molinario.

RESPONSE:

Defendants object to this requests on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 16:

All personnel files/documents pertinent to Defendant, David Molinario.

RESPONSE:

Defendants object to this requests on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 17:

All documents showing, describing and/or related to Defendant, David Molinario, *i.e.*,

job dates/position with Defendant IBJTC Business Credit Corp.

RESPONSE:

Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 18:

All documents forwarded to, from or between Thomas Morgan and Defendants.

RESPONSE:

Defendants object to this requests on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 19:

All documents forwarded to, from or between Defendants and pertaining to Plaintiff or Haji Abdul Razzak Yacoob and/or Gohar Husain

RESPONSE:

Defendants object to this requests on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 20:

All documents showing, describing, demonstrating and/or related to Defendant, David Molinario relationship with Foothill Capital.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive

documents, if any.

REQUEST FOR PRODUCTION NO. 21:

All documents relating to the transfer of information from Defendants to Foothill Corp. and/or any related entity.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 22:

All documents relating to any investigation into the transfer of information from Defendants to Foothill Capital and/or any related entity.

RESPONSE:

Subject to their general objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 23:

All documents pertinent to any investigation into Plaintiffs allegations made the basis of Plaintiffs lawsuit.

RESPONSE:

Subject to their general objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 24:

All documents relating to any investigation, research into, background search/inquiries about or related to Plaintiffs, Haji Abdul Razzak Yacoob or Gohar Husain and/or any related entity and/or individual.

RESPONSE:

    Subject to their general objections, defendants will produce responsive documents, if any.


REQUEST FOR PRODUCTION NO. 25:

    All documents relating to any consequences and/or proposed consequences, punishment, remedial measures or the like relating to Defendant David Molinario related to and/or arising out of the allegations of this lawsuit.

RESPONSE:

    Subject to their general objections, defendants will produce responsive documents, if any.


REQUEST FOR PRODUCTION NO. 26:

    All documents relating to any remedial or preventative measures taken to prevent other transfers of information between Defendants and other financial institutions.

RESPONSE:

    Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.


REQUEST FOR PRODUCTION NO. 27:

    All documents relating to, showing, demonstrating and/or consisting of other unauthorized transfer of information between to, or from Defendants and any other financial institution in the past seven (7) years.

RESPONSE:

    Defendants object to this request on the grounds that it is vague, ambiguous, overbroad unduly burdensome, and seeks information that is neither relevant nor likely to lead to the

discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 28:

Any disciplinary and/or remedial measures, proposed, received or enacted to prevent such, or as a result of, the unauthorized transfer of information from, to or between the Defendants and any other financial institution.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 29:

All communications, correspondence, e-mail, documents, or the like, passed to, forwarded to, from or between Krigel's, Inc. and Defendants relating to any loan application or proposed business deal.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 30:

All documents received from Wells Fargo Retail Finance, L.L.C. (fka Foothill Capital) in response to Defendants' subpoena to the same served on or about May 14, 2004. Such request excludes the deposition transcripts of Foothill Capital employees deposed in the action entitled *ARY Jewelers, L.L.C. v. Scott Kriegel* [sic], filed in the Johnson County District Court, Kansas City, MO, in or about April 2001.

RESPONSE:

Subject to their general objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 31:

All documents relating to Defendants' involvement in, or connection with, ARY's attempt to obtain financing from Defendant, Foothill Capital, and/or any other entity.

RESPONSE:

Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 32:

All documents relating to Foothill Capital's response to the information Defendants provided to Foothill Capital regarding ARY, Haji Abdul Razzak Yacoob, Gohar Husain, and/or any related person or entity.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

Dated: July 26, 2004

          WINSTON & STRAWN LLP

By: _____
  Robert S. Fischler (Admitted *Pro Hac Vice*)

200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700

     and

THOMAS & ASSOCIATES
Federal Reserve Building
600 Atlantic Avenue, 12th Fl.
Boston, MA 02210
Tel: (617) 371-1072
Fax: (617) 371-1037

Attorneys for Defendants

To: THE CARRIGAN LAW FIRM
   4 Houston Center
   1331 Lamar, Suite 1550
   Houston, TX 77010

   Attorneys for Plaintiff

NY:880567.1