# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARY Jewelers, LLC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04:-CV-10281 EFH |
| | ) | |
| IBJTC Business Credit Corp. and | ) | |
| David Molinario, | ) | |
| Defendants. | ) | |

## PLAINTIFF ARY JEWELERS, LLC.'S MOTION
## FOR ADDITIONAL DISCOVERY

TO THE UNITED STATES DISTRICT COURT:

COMES NOW ARY Jewelers, LLC. ("ARY"), Plaintiff in the above-styled and captioned matter and files this its Motion for Additional Discovery and in support thereof would respectfully show the following:

1.    This lawsuit involves a tortious interference allegation between Plaintiff and a potential lender, Defendant IBJ, in which it is alleged that Defendant IBJ, wrongfully and tortiously forwarded information about its customer to a competing potential lender.

2.    This matter was initially set for trial by this Honorable Court for February, 2006, with an initial fact discovery cut-off date of March 14, 2005. The fact discovery, expert designation, and other deadlines were changed pursuant to the parties' Assented to Motion to Extend the Time for Fact Discovery. Importantly, pursuant to the new scheduling order entered after this motion, Defendants Expert Designation and report deadline was on or about October 28, 2005. Plaintiff timely met its experts' designation deadlines. At the request of the Defendant, much discovery was postponed and, Plaintiff allowed the Defendant to designate its experts and provide reports ninety

days after the Court entered its order on Defendants' Motion for Summary Judgment. As this Honorable Court is well aware, Defendants' Motion for Summary Judgment has now been heard and this Honorable Court has denied same as to the tortious interference claim. Plaintiffs were ready and able to go to trial in May; however, at the urging of Defendant, and again with counsel for Plaintiff once again accommodating Defendant, the trial date was pushed back and reset to September 25, 2006. Because of another trial setting in a Texas state court, the trial has now been set for December 11, 2006.

3.      Given Plaintiff's continued accommodations of Defendants' scheduling requests, the latest trial setting, and the denial of Defendant's Motion for Summary Judgment, Plaintiff requests this additional limited discovery. Plaintiff is entitled to the same and there is no reason for Defendants to refuse allowing such additional limited discovery.

4.      Plaintiff requests the following additional discovery:

a.      Production of documents requested much before the original discovery deadline and made the basis of Plaintiff's Motion to Compel attached hereto as Exhibit A. Note that these documents are long requested and continually not produced by the Defendant includes such basic and necessary documents as Defendant IBJ's policies and procedures for the time period in-question. Concurrent with the production of these previously requested documents, Plaintiff would request the deposition of Defendant IBJ's custodian of records.

b.      Plaintiff would seek and request the deposition of Steven Cole, who executed a key affidavit in support of Defendants' Motion for Summary Judgment and testified to a meeting that Plaintiff disputes even took place, but is a key remaining fact issue per

this Honorable Courts' Order Denying Defendants' Summary Judgment Motion. Mr. Cole's affidavit is attached hereto as Exhibit B. Note that prior to the initial discovery cutoff and prior to the submission of Cole's affidavit, Defendant's counsel had represented that he had had little or no dealings with ARY/Krigel's and thus no deposition was taken earlier.

c.      Plaintiff also needs to take the deposition of Scott Krigel, who is alleged by the Defendants to be an attendant at an alleged meeting before February 28, 2001 between Krigel, Steven Cole, and Gohar Husain. Thus, Mr. Scott Krigel is a key witness and should be deposed.

For the above reasons and so that the best interests of justice may be served, Plaintiff prays that this Honorable Court allow the above additional discovery and enter an order accordingly:

1.      Defendants shall produce documents requested before the original discovery deadline and made the basis of Plaintiff's Motion to Compel as follows:

   A.      Defendants' objections to Plaintiff's Request for Production of Documents shall be stricken;

   B.      Defendants shall produce all relevant documents, including but not limited to all of Defendants' policies and procedures as requested in place at the time of the occurrences made the basis of this lawsuit;

   C.      Defendants shall provide Plaintiff with a proper privileged document log;

   D.      Defendants shall produce their responsive documents identified by category and as kept in the regular course of business; and

   E.      Plaintiff's counsel be allowed to inspect Defendants' original documents as

kept in the regular course of business

    F.      All of the foregoing shall accomplished within fourteen (14) days of the entering of an Order by this Court;

2.      Plaintiffs may depose Defendant IBJ's custodian of records;

3.      Plaintiffs may depose Steven Cole; and

4.      Plaintiffs may depose Scott Krigel.

The depositions of Mr. Cole and Mr. Krigel shall be conducted at a time mutually agreeable to all parties. Additionally, Defendants shall make the custodian of records available within sixty days of the entry of the Court's order. Plaintiff prays for all additional and further relief to which it may show itself justly entitled.

Respectfully submitted,

THE CARRIGAN LAW FIRM, L.L.P.

By:      _____
           Stephen P. Carrigan (Admitted Pro Hac Vice)
           2 Houston Center
           909 Fannin, Suite 1575
           Houston, Texas 77010
           (713) 739-0810 (telephone)
           (713) 739-0821 (telefax)
           *Attorney-in-Charge for Plaintiff*

OF COUNSEL:

**THE CARRIGAN LAW FIRM, L.L.P.**
Jill L. Groff (Admitted Pro Hac Vice)
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas 77010
(713) 739-0810 (telephone)

**MAHENDRU, P.C.**
Ashish Mahendru BBO#647661
1111 Bagby, Suite 2000
Houston, Texas 77002
(713) 571-1519 (telephone)
(713) 651-0776 (telefax)

(713) 739-0821 (telefax)                          *Of counsel for Plaintiff*
*Of Counsel for Plaintiff*
June 1, 2006

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(A)(2), counsel for Plaintiff conferred with counsel for Defendants regarding the relief requested herein and the same is opposed to this Motion.

_____
Stephen P. Carrigan/Jill L. Groff/Ashish Mahendru

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was forwarded as indicated below by certified mail, facsimile and/or hand delivery, return receipt requested in accordance with the Federal Rules of Civil Procedure on this ____ day of June, 2006.

Robert S. Fischler
ROPES & GRAY, L.L.P.
45 Rockefeller Plaza
New York, NY 10111
Tel: (212)841-0444

Christopher R. Dillon
Kate Cimini
Ropes & Gray, LLP
One International Place
Boston, MA 02110-2624

Lee S. Gayer
Ropes & Gray, LLP
45 Rockefeller Plaza
New York, N.Y 10111-0087

_____
Stephen P. Carrigan/Jill L. Groff/Ashish Mahendru

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ARY Jewelers, LLC., | ) | |
|        Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04:-CV-10281 EFH |
| | ) | |
| IBJTC Business Credit Corp. and | ) | |
| David Molinario, | ) | |
|        Defendants. | ) | |

**ORDER GRANTING MOTION FOR ADDITIONAL DISCOVERY**

ON THIS the _____ day of _____, 2006, this Court considered ARY Jewelers, LLC.'s  Motion for Additional Discovery.  After consideration of the same, the Court is of the opinion that said motion should be GRANTED.

It is, therefore, ORDERED that  ARY Jewelers, LLC.'s  Motion for Additional Discovery is GRANTED and Plaintiffs shall be allowed to conduct the following additional discovery:

1.      Production of documents requested before the original discovery deadline and made the basis of Plaintiff's Motion to Compel as follows:

      A.      Defendants' objections to Plaintiff's Request for Production of Documents are stricken;

      B.      Defendants shall produce all relevant documents, including but not limited to all of Defendants' policies and procedures in place at the time of the occurrences made the basis of this lawsuit;

      C.      Defendants shall provide Plaintiff with a proper privileged document log;

      D.      Defendants shall produce their responsive documents identified by category and as kept in the regular course of business; and

    E.      Plaintiff's counsel be allowed to inspect Defendants' original documents as kept in the regular course of business

    F.      All of the foregoing shall accomplished within fourteen (14) days of the entering of an Order by this Court;

2.     Plaintiffs may depose Defendant IBJ's custodian of records;

3.     Plaintiffs may depose Steven Cole; and

4.     Plaintiffs may depose Scott Krigel.

The depositions of Mr. Cole and Mr. Krigel shall be conducted at a time mutually agreeable to all parties. Additionally, Defendants shall make the custodian of records available within sixty days of the entry of this order.

_____

UNITED STATES DISTRICT JUDGE

Signed the _____ day of _____, 2006.

# EXHIBIT A



# The
# CARRIGAN
## Law Firm
### A LIMITED LIABILITY PARTNERSHIP
### ATTORNEYS AT LAW
TWO HOUSTON CENTER, 909 FANNIN, SUITE 1575, HOUSTON, TEXAS 77010

TELEPHONE (713) 739-0810

FACSIMILE (713) 739-0821

November 2, 2005

John Joseph Moakley
US Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

**Re:    CA. No. 04 CV 10281EFH; ARY Jewelers, LLC v. IBJTC Business Credit Corp. And David Molinario**

Dear Sir:

Enclosed please find the Original and 1 copy of the following document for filing among the papers in the above captioned cause:

**Plaintiff's Motion to Compel and Order.**

Please place your file stamp on the enclosed photocopies to acknowledge receipt and filing of same and return via the stamped envelope enclosed for your convenience.

Thank you for your usual courtesies and should you have any questions or comments, please do not hesitate to contact me.

Very truly yours,

Wendy Watson

Wendy Watson

ww: Enclosures
cc:
     Robert S. Fischler
     Ropes & Gray, LLP
     45 Rockefeller Plaza
     New York, New York 10111

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARY Jewelers, LLC., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 04:-CV-10281 EFH |
| | ) **Oral Argument Requested** |
| IBJTC Business Credit Corp. and | ) |
| David Molinario, | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ARY JEWELERS, LLC,** (hereinafter called "Plaintiff") in the above-styled and captioned matter and files this its Motion to Compel and in support thereof would show the following:

1.    In this lawsuit ARY alleges that the Defendant herein tortiously interfered with its contract and business relationship with a competitor of Defendants.

As in many commercial cases, obtaining a full and complete set of Defendants pertinent documents/records is critical.  In this lawsuit, the Defendant has ingeniously failed to provide documents, therefor necessitating Plaintiff's Motion to Compel.

2.    On or about June 29, 2004, Plaintiff propounded to Defendant a set of requests for production of documents (a copy of Plaintiff's Request for Production of Documents to  IBJTC Business Credit Corp., and David Molinaria is attached hereto as Exhibit 1).

3.    On or about July 26, 2004 Defendant served its Response thereto upon counsel of record for your Plaintiff.  (A copy of Defendants Responses and Objections hereto attached as

1

Exhibit 2.)

4.    In Defendants' Response, Defendant objected to nearly all of Plaintiffs Requests and stated for a few that Defendant would supplement.  Most of Defendants' Objections were form objections, spurious and baseless.

5.    Much later, Defendant finally produced and forwarded some documents, but intentionally failed to supplement its responses.  Importantly, the documents forwarded by the Defendant were not segregated by request, nor were the documents produced as kept in the regular course and scope of business, both shortcomings being in violation of the Federal Rules of Procedure.  Further, Defendant failed to remove any of its multiple meaningless objections, leaving counsel for Plaintiff in the dark and guessing as to which objection Defendant was really serious about, if any.  It also leaves one to wonder if Defendant is hiding documents behind its meaningless objections.

6.    It is also obvious upon reviewing Defendants' production that many key documents were withheld.  This was substantiated throughout the course of depositions of Defendants' representatives.  The most glaring example of the above is Defendants' failure to even produce its policy and procedures manual that could indeed be pivotal in this case. Defendant not only failed to produce its policy and procedures manual with its document production, but continued to failed to do so, despite repeated requests from the undersigned.  In fact, counsel for Defendant kept representing that it would be produced with each request to produce same, until the discovery period ended on June 15, 2005, at which time the Defendants' counsel took the position that the discovery period had expired and therefor his client had no obligation to produce same. Likewise with Plaintiff's request to review the originals of Defendants' documents as kept in the regular course of business.  Again, counsel for Defendant continually represented that this request would be complied with and then with the expiration of the discovery period, likewise took the position that there was no obligation to do so.

7.    These documents are critical to the case. Certainly Plaintiff is entitled to review these withheld documents. Likewise, Plaintiff has the absolute right to view all of Defendants' pertinent documents in their original form as kept in the course of ordinary business. Certainly Plaintiff is entitled to know which documents are responsive to which categories and be provided with a privileged document log. Certainly Plaintiff is allowed to have a hearing and ruling on Defendants' multiple form objections and to be able to determine as best as is possible that Defendants are not hiding behind frivolous objections in withholding otherwise pertinent, material and responsive documents. Defendants should not be allowed to use the Federal Rules of Procedure and this Honorable Courts' deadlines to prevent necessary and legitimate discovery. Defendant should not be allowed to pay lip-service to providing documents that are relevant and material and responsive and in the form and fashion as requested and as required by the Federal Rules of Procedure just long enough for the Courts' discovery period to lapse and then hide behind same. What your Plaintiff is requesting herein is not new or additional discovery, rather what Plaintiff is seeking is for this Courts' assistance in compelling Defendants to fulfill their discovery obligations prior to the expiration of the Discovery Period.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court set this matter for a hearing and upon said hearing and after reviewing the pertinent motions and related pleadings, and after hearing argument from counsel, that this Court enter an Order, striking Defendants' objections to Plaintiffs Request for Production of Documents, requiring Defendants to produce all relevant documents including but not limited to all of Defendants' policies and procedures in place at the time of the occurrences made the basis of this lawsuit, that Defendants be required to provide Plaintiff with a proper privileged document log, that Defendants produce their responsive documents identified by category and as kept in the regular course of business and that Plaintiff's counsel be allowed to inspect Defendants' original

documents as kept in the regular course of business and that all of this be accomplished within fourteen (14) days of the entering of an Order by this Court, and for such other and further relief as this Honorable court believes that Plaintiff is justly entitled to.

Respectfully submitted,

**THE CARRIGAN LAW FIRM, L.L.P.**

By:_____

Stephen P. Carrigan (Admitted Pro Hac Vice)
State Bar No. 03877000
Federal I.D. 6112
2 Houston Center
909 Fannin, Suite 1575
Tel. (713)739-0810
Fax. (361)739-0821
**Attorney-in-Charge for Plaintiff**

OF COUNSEL:

Jill L. Groff (Admitted Pro Hac Vice)
The Carrigan Law Firm, L.L.P.
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas 77010
(713-729-0810 (telephone)
(713) 739-0821 (facsimle)
*Of Counsel for Plaintiff*

Ashish Mahendru BBO#647661
Mahendru, P.C.
1111 Bagby, Suite 2000
Houston, Texas 77002
(713) 571-1519 (telephone)
(713) 651-0776 (facsimile
*Of Counsel for Plaintiff*

## CERTIFICATE OF CONFERENCE

This is to certify that the undersigned attorney attempted in good faith to resolve the issues surrounding this discovery matter without court intervention, however those attempts failed. Therefore, the matter is presented to the Court for determination.

_____
Stephen P. Carrigan

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Motion to Compel Defendant, IBJTC Business Corp., and David Molinario's. Responses to Request for Production was served to each

4

person listed below by certified mail, return receipt requested, facsimile and/or hand delivery on the ⟨___⟩ day of November, 2005.

Robert S. Fischler
Ropes & Gray, LLP
45 Rockefeller Plaza
New York, New York 10111


Stephen D. Carrigan

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ARY Jewelers, LLC.,              )
           Plaintiff,              )
                            )

v.                               )   CIVIL ACTION NO. 04:-CV-10281 EFH
                            )

IBJTC Business Credit Corp. and  )
David Molinario,                 )
           Defendants.              )

---

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

On the _____ day of _____, 2005, the Court considered Plaintiff, ARY Jewelers, LLCs Motion to Compel IBJTC Business Credit Corp., and David Molinario's Responses to Plaintiff's Request for Production of Documents. The Court, after considering the evidence, the arguments of counsel, and reviewing the documents on file in this cause, finds that justice requires that Defendants, be required to respond to Plaintiff's Requests for Production. Accordingly, the Court finds that Plaintiff's Motion to Compel Defendant, IBJTC Business Credit Corp. , and David Molinario's Responses to Requests for Production should be **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Defendants, IBJTC Business Credit Corp., and David Molinario's Responses to Request for Production is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants pay attorney fees and expenses incurred in connection with this Motion to Compel to, Plaintiff, ARY Jewelers, LLC in the amount of $ 500.00.

**SIGNED** on _____ , 2005.

_____
**JUDGE PRESIDING**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ARY Jewelers, LLC.,                      )
                    Plaintiff,           )
                                         )
v.                                       )      CIVIL ACTION NO. 04:-CV-10281 EFH)
                                         )
IBJTC Business Credit Corp. and          )
David Molinario,                         )
                    Defendants.          )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:   Defendants, IBJTC Business Credit Corp. and David Molinario, by and through their
      attorney of record, Robert S. Fischler, Winston & Strawn, 200 Park Avenue, New York, New
      York 10166-4183.

         Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and the applicable local rules,

Plaintiff **ARY Jewelers, LLC** propounds this First Request for Production of Documents upon you,

the answers to which shall be made separately and fully in writing within thirty (30) days after the

service of such Requests for Production and shall be returned to the undersigned attorney of record

pursuant to Rule 34 of the Federal Rules of Civil Procedure.

         You are further charged with the duty, as imposed upon you by Rule 34 of the

Federal Rules of Civil Procedure to supplement or amend these responses to the extent the written

discovery seeks trial witnesses and other information sought by written discovery if your response

was incomplete or incorrect when made, or, although complete and correct when made, is no longer

complete and correct.  Should you choose to produce records and information in response to these

requests, you are hereby notified that such documents and information should be produced at the

1



offices of The Carrigan Law Firm, L.L.P. at 4 Houston Center, 1331 Lamar, Suite 1550, Houston, Texas 77010.

## DEFINITIONS

As used herein, the following terms shall have the meaning and significance set forth below:

A.  **You or Defendant:** "You", "Your" or "Defendant" shall mean IBJTC Business Credit Corp., or its predecessor, IBJ Whitehall Retail Finance, and/or David Molinario, and any consultant, agent, employee, officer, director, partner, and/or representative thereof, including, without limitation, any other person or entity acting or purporting to act on behalf thereof, whether as his and/or her alter ego or otherwise.

B.  **Document:** "Document" shall mean any and all documents and matters however and by whomever produced or reproduced, now or at any time, in your possession, custody or control, or to which you have access, including, but not limited to, any and all medium upon which information or intelligence may be recorded or retrieved, and includes, without limitation, any written, typed, graphic or printed matter, in its entirety, including addenda, supplements, amendments, revisions, exhibits and appendices thereto, and in its original form or copies thereof where originals are unavailable, whether identical or non-identical, together with any copies bearing notations, memoranda, or other written information not on the originals, regardless of origin or location, including, without limitation, any photograph, book, pamphlet, notebook, correspondence, telegram, notes, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order, form, receipt, financial statement, note, promissory note, agreement, letter of credit, loan application, applications for credit, credit reports or histories, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study,

2

handwritten notice on whatever form or medium, draft, working paper memoranda, chart, paper, print laboratory record, drawing, plans, specifications, sketch, graph, index, list, tape, microfilm, data sheet or data processing card, notes or tape or sound recordings of any type of telephone conversations or of meetings or conferences or individual dictation, notes or tapes or sound recordings of any type of statements of witnesses or of your employees or agents, minutes of meetings, interoffice and intra office communications, studies, analyses, reports of investigations, reviews, desk calendars, appointment books, diaries, time sheets or logs, computer input data, computer output data, computer runs, work sheets, papers or other materials, including all such defined documents submitted to your outside accountants or attorneys or submitted by your outside accountants or attorneys to you, or any written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody or control (as defined herein). For each document which you are asked to "identify" or state the "identity" of same, please set forth: (a) the date of preparation, (b) the nature of its contents, (c) the name of its author, and (d) the name and business address of its custodian.

C.    <u>Possession, Custody or Control:</u>  The terms "possession, custody or control" as used herein shall mean documents actually within the possession, custody or control of IBJTC Business Credit Corp. and/or David Molinario and/or each person acting or in contact with them, and include documents which were prepared by, obtained, or placed in the possession, custody or control of any such person within the scope of his or her duties or relationship with you to which you have a right to copy or have access to, and documents which have been placed in the temporary possession, custody or control of any third party by any of the foregoing person(s) without limitation of the terms "possession, custody or control" as used in the preceding sentence.  A document is deemed to be in

3

your possession, custody or control if you have the right to secure the document or a photocopy thereof from another person or entity, whether public or private, having actual physical possession, custody or control thereof.

    D.    **Relating to:**  As used herein the term "relating to" shall mean concerning, referring to, alluding to, responding to, connected with, commenting on or about, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, bearing on, associated with, referencing, containing, analyzing, constituting, evidencing or pertaining.

    E.    **Photograph:**  As used herein the term "Photograph" or "Photographs" shall mean any photograph, photocopy of a photograph, slide, videotape, film reel, film clip or film tape (8 mm. or otherwise).

    F.    **Incident:**  As used herein the terms "incident" or "incident made the basis of this suit", shall mean the incident described with greater particularity in Plaintiff's First Amended Complaint and subsequent pleadings.

    G.    **Foothill Capital:**  As used herein the term "Foothill Capital Corp." shall mean the company Foothill Capital Corporation and/or its successor, Wells Fargo Retail Finance, L.L.C.

    H.    **Krigel's, Inc.:**  As used herein the term "Krigel's, Inc." shall mean Krigel's, Inc., any related person or entity, including but not limited to Scott Krigel and /or the Scott W. Krigel Revocable Trust.

## LOST OR DESTROYED DOCUMENTS

    If any document requested to be produced was, but is no longer, in the named Defendant's possession or control or is no longer in existence, state whether it is: (a) missing or lost, (b) destroyed, ©) transferred voluntarily or involuntarily to others and if so, to whom or (d) otherwise

4

disposed of; and in each instance explain the circumstances surrounding and authorization of such disposition thereof and state the approximate date thereof.

## CLAIMS OF PRIVILEGE

If you claim that any document for which production is requested is privileged, and therefore beyond the scope of discovery, for each document you shall:

A.    Identify the document, by specifying: (1) the date (or approximate date) of preparation, (2) the nature of its contents, (3) the name and title of the author, all those who participated in its preparation, and each and every recipient, (4) all attachments or enclosures, and (5) the name of the business address of its custodian.

B.    Specify the exact nature of the privilege claimed.

Respectfully submitted:

THE CARRIGAN LAW FIRM, L.L.P.

By:    _____
STEPHEN P. CARRIGAN
Federal I.D. No. 6112
Texas State Bar No. 03877000
1331 Lamar, Suite 1550
Houston, Texas 77010
(713) 654-8100 (telephone)
(713) 752-2199 (telefax)
*Attorney-in-Charge for Plaintiff*

OF COUNSEL:

THE CARRIGAN LAW FIRM, L.L.P.
Suzanna Bonham Phillips
State Bar No. 24012307
Fed ID No. 24934
1331 Lamar, Suite 1550
Houston, Texas 77010
Telephone: (713) 654-8100
Facsimile: (713) 752-2199
*Of Counsel for Plaintiff*

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to Plaintiffs.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to ARY Jewelers, LLC.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to, showing, describing or demonstrating Defendants' relationship to Plaintiff and/or Haji Abdul Razzak Yacoob or Gohar Husain.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to any loan application, loan analysis or the like and relating to and/or originated from Plaintiffs.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to Krigels, Inc.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 6**

All documents relating to, showing, describing or demonstrating Defendants' relationship to Krigels, Inc.

RESPONSE:

REQUEST FOR PRODUCTION NO. 7:

All documents relating to Plaintiff's attempt to purchase Krigels, Inc.

RESPONSE:

REQUEST FOR PRODUCTION NO. 8:

All documents relating to Plaintiff's attempt to obtain a loan (and any analysis thereof) from Defendants.

RESPONSE:

REQUEST FOR PRODUCTION NO. 9:

All documents relating to Plaintiff's attempt to obtain a loan (and any analysis thereof) from Defendants relating to the purchase of Krigels, Inc.

RESPONSE:

REQUEST FOR PRODUCTION NO. 10:

All documents relating to any rules, regulations, guidelines, policies, procedures, standards, customs, statutes, laws or the like relating to the transfer of information and/or communicating with other financial institutions about a customer, loan applicant, loan application or the like.

RESPONSE:

REQUEST FOR PRODUCTION NO. 11:

All communications, correspondence, e-mail, documents or the like passed to, forwarded to, from or between Foothill Capital and/or any related entity and Defendants and relating to

Plaintiffs, Haji Abdul Razzak Yacoob or Gohar Husain, Krigels, Inc. or any loan application or proposed business deal.

RESPONSE:


## REQUEST FOR PRODUCTION NO. 12:

All documents relating to, showing, describing, related to or demonstrating Defendants relationship with Foothill Capital and/or any related entity.

RESPONSE:


## REQUEST FOR PRODUCTION NO 13:

All documents relating to Defendant, David Molinario.

RESPONSE:


## REQUEST FOR PRODUCTION NO. 14:

All documents relating to Thomas Morgan.

RESPONSE:


## REQUEST FOR PRODUCTION NO. 15:

All employment related documents/files pertinent to Defendant, David Molinario.

RESPONSE:


## REQUEST FOR PRODUCTION NO. 16:

All personnel files/documents pertinent to Defendant, David Molinario.

RESPONSE:

REQUEST FOR PRODUCTION NO. 17:

All documents showing, describing and/or related to Defendant, David Molinario, i.e. job dates/position with Defendant IBJTC Business Credit Corp.

RESPONSE:


REQUEST FOR PRODUCTION NO. 18

All documents forwarded to, from or between Thomas Morgan and Defendants.

RESPONSE:


REQUEST FOR PRODUCTION NO. 19.

All documents forwarded to, from or between Defendants and pertaining to Plaintiff or Haji Abdul Razzak Yacoob and/or Gohar Husain

RESPONSE:


REQUEST FOR PRODUCTION NO. 20:

All documents showing, describing, demonstrating and/or related to Defendant, David Molinario relationship with Foothill Capital.

RESPONSE:


REQUEST FOR PRODUCTION NO 21:

All documents relating to the transfer of information from Defendants to Foothill Corp. and/or any related entity.

RESPONSE:

REQUEST FOR PRODUCTION NO 22:

All documents relating to any investigation into the transfer of information from Defendants to Foothill Capital and/or any related entity.

RESPONSE:

REQUEST FOR PRODUCTION NO. 23:

All documents pertinent to any investigation into Plaintiff's allegations made the basis of Plaintiff's lawsuit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 24:

All documents relating to any investigation, research into, background search/inquiries about or related to Plaintiffs, Haji Abdul Razzak Yacoob or Gohar Husain and/or any related entity and/or individual.

RESPONSE:

REQUEST FOR PRODUCTION N0. 25:

All documents relating to any consequences and/or proposed consequences, punishment, remedial measures or the like relating to Defendant David Molinario related to and/or arising out of the allegations of this lawsuit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 26:

All documents relating to any remedial or preventative measures taken to prevent other transfers of information between Defendants and other financial institutions.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 27:**

All documents relating to, showing, demonstrating and/or consisting of other unauthorized transfer of information between to, or from Defendants and any other financial institution in the past seven (7) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

Any disciplinary and/or remedial measures, proposed, received or enacted to prevent such, or as a result of, the unauthorized transfer of information from, to or between the Defendants and any other financial institution.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

All communications, correspondence, e-mail, documents, or the like, passed to, forwarded to, from or between Krigel's, Inc. and Defendants relating to any loan application or proposed business deal.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

All documents received from Wells Fargo Retail Finance, L.L.C. (fka Foothill Capital) in response to Defendants' subpoena to the same served on or about May 14, 2004. Such request excludes the deposition transcripts of Foothill Capital employees deposed in the action entitled *ARY Jewelers, L.L.C. v. Scott Kriegel* [sic], filed in the Johnson County District Court, Kansas City, MO, in or about April 2001.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**

All documents relating to Defendants' involvement in, or connection with, ARY's attempt to obtain financing from Defendant, Foothill Capital, and/or any other entity.

11

RESPONSE:


REQUEST FOR PRODUCTION NO. 32:

All documents relating to Foothill Capital's response to the information Defendants provided to Foothill Capital regarding ARY, Haji Abdul Razzak Yacoob, Gohar Husain, and/or any related person or entity.

RESPONSE:

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was forwarded as indicated below by certified mail, facsimile and/or hand delivery, return receipt requested in accordance with the Federal Rules of Civil Procedure on this _29_ day of _June_, 2004.

Robert S. Fischler
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700

Robert M. Thomas, Jr.
Rory Delaney
THOMAS & ASSOCIATES
Federal Reserve Building
600 Atlantic Avenue
Boston, MA 02210
Tel: (617) 371-1072
Fax: (617) 371-1037

_____
Stephen P. Carrigan/Suzanna Bonham

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**FILE COPY**

```
------------------------------------------------------------x
ARY JEWELERS, LLC,                          :

                 Plaintiff,                 :
                                            :
         v.                                 :    CV: 04-10281-EFH
                                            :
IBJTC BUSINESS CREDIT CORPORATION           :
and DAVID MOLINARIO,                        :
                                            :
                 Defendants.                :
------------------------------------------------------------x
```

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and the applicable local rules, defendants, by their undersigned counsel, hereby respond to Plaintiff's First Request for Production of Documents.

## GENERAL OBJECTIONS

1.     Defendants object to all Requests insofar as they purport to impose upon defendants obligations different from those set forth in the Federal Rules of Civil Procedure and the local rules of the U.S. District Court, District of Massachusetts.

2.     Defendants object to all Requests insofar as they purport to require production or disclosure of any privileged communication, attorneys' work product, or material prepared in anticipation or preparation for litigation on the grounds that such discovery is impermissible under Rule 26(b) of the Federal Rules of Civil Procedure.

3.     Defendants object to all Requests insofar as they are repetitive and/or substantially overlap with other requests. Where a document is reasonably responsive to more than one Request, Defendants will produce that document only once.

EXHIBIT
2

RECEIVED
JUL 3 0 2004

4.     Defendants object to all Requests insofar as they purport to require the production of documents outside the possession, custody, or control of defendants.

5.     Defendants object to all Requests insofar as they purport to require the production of documents created after the date this action was commenced.

6.     Defendants object to all Requests to the extent they are phrased in absolute terms and require the production of "all documents concerning" a specified matter. In such instances, defendants will only undertake to produce documents (a) known to it at the time of the response or located after a reasonably diligent search and (b) that are reasonably related to the plain intent of the Request as understood by defendants.  Defendants do not undertake any obligation to represent that this Response includes "all" of the documents that may concern a particular subject matter.

7.     The assertion of an objection by defendants to a particular Request is not to be construed as an admission that responsive documents necessarily exist.

8.     The production of documents responsive to the Plaintiff's Request for Production is made without waiving any right by defendants to object to admissibility of any document at trial on relevance or any other ground.

9.     Documents to be produced by defendants will be produced for inspection at the offices of Winston & Strawn, 200 Park Avenue, New York, New York 10016 at a date and time mutually convenient to the parties' counsel.

10.     Defendants specifically incorporate each of the foregoing general objections in each of its responses that follow. Without waiving these general objections and the objections set forth in response to the specific Requests, defendants respond as set forth below.

2

## ANSWERS AND SPECIFIC OBJECTIONS

REQUEST FOR PRODUCTION NO. 1:

All documents relating to Plaintiffs.

RESPONSE:

Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 2:

All documents relating to ARY Jewelers, LLC.

RESPONSE:

Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 3:

All documents relating to, showing, describing or demonstrating Defendants' relationship to Plaintiff and/or Raji Abdul Razzak Yacoob or Gohar Husain.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 4:

All documents relating to any loan application, loan analysis or the like and relating to and/or originated from Plaintiffs.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome.    Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 5:

All documents relating to Krigels, Inc.

RESPONSE:

Defendants object to this request on the grounds that it is overbroad and unduly burdensome.  Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 6:

All documents relating to, showing, describing or demonstrating Defendants' relationship to Krigels, Inc.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome.    Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 7:

All documents relating to Plaintiffs attempt to purchase Krigels, Inc..

RESPONSE:

Subject to their general objections, defendants will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to Plaintiffs attempt to obtain a loan (and any analysis thereof) from Defendants.

**RESPONSE:**

Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 9:**

All documents relating to Plaintiffs attempt to obtain a loan (and any analysis thereof) from Defendants relating to the purchase of Krigels, Inc.

**RESPONSE:**

Subject to their general objections, defendants will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to any rules, regulations, guidelines, policies, procedures, standards, customs, statutes, laws or the like relating to the transfer of information and/or communicating with other financial institutions about a customer, loan applicant, loan application or the like.

**RESPONSE:**

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information which is neither relevant nor likely to lead to the discover of admissible evidence. Defendants further object to this request to the extent that it purports to require the production of "statutes" and "laws" on the ground that such information is readily available to plaintiff and its counsel from sources other than defendants, who have no obligation to educate plaintiff and its counsel concerning legal issues.

REQUEST FOR PRODUCTION NO. 11:

All communications, correspondence, e-mail, documents or the like passed to, forwarded to, from or between Foothill Capital and/or any related entity and Defendants and relating to Plaintiffs, Haji Abdül Razzak Yacoob or Gohar Husain, Krigels, Inc. or any loan application or proposed business deal.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome.  Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 12:

All documents relating to, showing, describing, related to or demonstrating Defendants relationship with Foothill Capital and/or any related entity.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome.  Subject to their objections, defendants are not aware of any responsive documents.

REQUEST FOR PRODUCTION NO. 13:

All documents relating to Defendant, David Molinario.

RESPONSE:

Defendants object to this requests on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence.  Subject to their objections, defendants will produce responsive

documents, if any.

REQUEST FOR PRODUCTION NO. 14:

All documents relating to Thomas Morgan.

RESPONSE:

Defendants object to this requests on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 15:

All employment related documents/files pertinent to Defendant, David Molinario.

RESPONSE:

Defendants object to this requests on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 16:

All personnel files/documents pertinent to Defendant, David Molinario.

RESPONSE:

Defendants object to this requests on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 17:

All documents showing, describing and/or related to Defendant, David Molinario, *i.e.,*

job dates/position with Defendant IBJTC Business Credit Corp.

RESPONSE:

Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 18:

All documents forwarded to, from or between Thomas Morgan and Defendants.

RESPONSE:

Defendants object to this requests on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 19:

All documents forwarded to, from or between Defendants and pertaining to Plaintiff or Haji Abdul Razzak Yacoob and/or Gohar Husain

RESPONSE:

Defendants object to this requests on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 20:

All documents showing, describing, demonstrating and/or related to Defendant, David Molinario relationship with Foothill Capital.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive

documents, if any.

## REQUEST FOR PRODUCTION NO. 21:

All documents relating to the transfer of information from Defendants to Foothill Corp. and/or any related entity.

## RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome.  Subject to their objections, defendants will produce responsive documents, if any.

## REQUEST FOR PRODUCTION NO. 22:

All documents relating to any investigation into the transfer of information from Defendants to Foothill Capital and/or any related entity.

## RESPONSE:

Subject to their general objections, defendants will produce responsive documents, if any.

## REQUEST FOR PRODUCTION NO. 23:

All documents pertinent to any investigation into Plaintiffs allegations made the basis of Plaintiffs lawsuit.

## RESPONSE:

Subject to their general objections, defendants will produce responsive documents, if any.

## REQUEST FOR PRODUCTION NO. 24:

All documents relating to any investigation, research into, background search/inquiries about or related to Plaintiffs, Haji Abdul Razzak Yacoob or Gohar Husain and/or any related entity and/or individual.

RESPONSE:

      Subject to their general objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 25:

      All documents relating to any consequences and/or proposed consequences, punishment, remedial measures or the like relating to Defendant David Molinario related to and/or arising out of the allegations of this lawsuit.

RESPONSE:

      Subject to their general objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 26:

      All documents relating to any remedial or preventative measures taken to prevent other transfers of information between Defendants and other financial institutions.

RESPONSE:

      Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome.   Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 27:

      All documents relating to, showing, demonstrating and/or consisting of other unauthorized transfer of information between to, or from Defendants and any other financial institution in the past seven (7) years.

RESPONSE:

      Defendants object to this request on the grounds that it is vague, ambiguous, overbroad unduly burdensome, and seeks information that is neither relevant nor likely to lead to the

discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 28:**

Any disciplinary and/or remedial measures, proposed, received or enacted to prevent such, or as a result of, the unauthorized transfer of information from, to or between the Defendants and any other financial institution.

**RESPONSE:**

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 29:**

All communications, correspondence, e-mail, documents, or the like, passed to, forwarded to, from or between Krigel's, Inc. and Defendants relating to any loan application or proposed business deal.

**RESPONSE:**

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome.   Subject to their objections, defendants will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 30:**

All documents received from Wells Fargo Retail Finance, L.L.C. (fka Foothill Capital) in response to Defendants' subpoena to the same served on or about May 14, 2004. Such request excludes the deposition transcripts of Foothill Capital employees deposed in the action entitled *ARY Jewelers, L.L.C. v. Scott Kriegel* [sic], filed in the Johnson County District Court, Kansas City, MO, in or about April 2001.

RESPONSE:

Subject to their general objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 31:

All documents relating to Defendants' involvement in, or connection with, ARY's attempt to obtain financing from Defendant, Foothill Capital, and/or any other entity.

RESPONSE:

Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 32:

All documents relating to Foothill Capital's response to the information Defendants provided to Foothill Capital regarding ARY, Haji Abdul Razzak Yacoob, Gohar Husain, and/or any related person or entity.

RESPONSE:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to their objections, defendants will produce responsive documents, if any.

Dated:  July 26, 2004

WINSTON & STRAWN LLP

By: _____
Robert S. Fischler (Admitted *Pro Hac Vice*)

200 Park Avenue
New York, NY  10166
Tel:  (212) 294-6700
Fax: (212) 294-4700

and

THOMAS & ASSOCIATES
Federal Reserve Building
600 Atlantic Avenue, 12th Fl.
Boston, MA  02210
Tel:  (617) 371-1072
Fax: (617) 371-1037

Attorneys for Defendants

To:    THE CARRIGAN LAW FIRM
       4 Houston Center
       1331 Lamar, Suite 1550
       Houston, TX  77010

       Attorneys for Plaintiff

NY:880567.1

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

ARY JEWELERS, LLC,

                Plaintiff,

IBJTC BUSINESS CREDIT CORPORATION
and DAVID MOLINARIO,

                Defendants.

---

CV: 04-10281-EFH

AFFIDAVIT OF STEVEN COLE

STEVEN COLE, being duly sworn, deposes and says:

1.    I am employed as a Senior Credit Officer at Wachovia Capital Finance, a specialty finance company based in Charlotte, N.C. From September 1995 through November 2001, I was a Senior Vice President in the Boston, Massachusetts office of Foothill Capital Corporation ("Foothill"), also a specialty finance company.

2.    At Foothill, I had responsibility for existing relationships with borrowers and for negotiating credit facilities with new borrowers. One of the existing accounts for which I had responsibility was Krigel's, Inc. ("Krigel's"), which operated a chain of jewelry stores. Foothill initially provided a secured credit facility to Krigel's in 1998, and was Krigel's principal lender from that time through approximately mid 2001.

3.    In November 2000, I learned that Scott Krigel had entered into a Stock Purchase Agreement (the "SPA") to sell Krigel's to ARY Jewelers, LLC ("ARY"), the plaintiff in this action. At the time the SPA was signed, Krigel's owed approximately $8.5 million to Foothill.

4.    Shortly after the SPA was signed, Mr. Gohar Husain of ARY and Scott Krigel asked whether Foothill would continue to finance Krigel's after it was acquired by ARY. Because of Krigel's poor financial condition and uncertain prospects, (Krigel's filed for

bankruptcy in January 2001), I decided that Foothill would not finance ARY/Krigel's under the same terms Foothill had previously provided to Krigel's. However, Foothill proposed new financing in a term sheet dated December 15, 2000 (the "December Proposal"). The terms were not accepted by ARY.

5.      In late January or early February 2001, I was advised by Mr. Husain and Mr. Krigel that ARY had accepted a term sheet presented by IBJ Whitehall, the name by which I knew the corporate defendant in this action. Mr. Husain said that IBJ Whitehall had made a proposal which ARY viewed as more favorable than Foothill's, and that IBJ Whitehall would be refinancing Krigel's and replacing Foothill as Krigel's secured lender. I was told that the refinancing would include funds that would be used to repay Foothill's outstanding loan to Krigel's.

6.      In early March 2001, I was advised by Tom Morgan, a junior loan officer at Foothill who worked with me on the Krigel's account, that IBJ Whitehall would not be providing financing to ARY/Krigel's. Mr. Morgan said that IBJ Whitehall had advised him that it declined to proceed because a routine background check had uncovered two news articles concerning criminal charges that had been brought against ARY's chairman and owner, Abdul Razzak. Mr. Morgan provided me with copies of the articles. They reported on bribery charges that had been brought against Mr. Razzak and an affiliate of ARY.

7.      At the time Foothill received the articles from IBJ, there were no ongoing negotiations between ARY and Foothill, as discussions had ended after ARY did not accept Foothill's December Proposal, and instead decided to pursue financing with IBJ.

8.      At some point after I saw the articles concerning the bribery charges, ARY contacted Foothill to renew discussions about possible financing for Krigel's. Thereafter, I met

with Mr. Husain and Mr. Razzak and discussed with them the criminal charges discussed in the news articles Foothill had received. I decided that the charges would not foreclose an agreement between ARY and Foothill for continued financing of Krigel's. I also reviewed an updated business plan for Krigel's, as well as updated sales and revenue figures for the company. This updated information showed continued deterioration in Krigel's business, and that its future sales would be lower than previously projected.

9.      As a result of the updated business information, I decided that Foothill should revise some of the terms of the December Proposal we had previously given to ARY. Accordingly, on March 20, 2001, Foothill presented a revised proposal to ARY (the "March 20 Proposal"). After receiving the March 20 Proposal, Mr. Husain requested certain changes to it, to which I agreed. Foothill then presented ARY with a revised proposal, dated March 27, 2001 (the "March 27 Proposal").

10.      Soon thereafter, I was advised that ARY had decided not to buy Krigel's, and therefore that it would not be proceeding to finalize a financing agreement with Foothill.

11.      Each of Foothill's proposals referred to above was presented in a standard form letter which set forth several conditions that had to be satisfied before Foothill would finally agree to provide financing. One condition was that the borrower execute a "litigation search". This required the disclosure of any litigation involving the borrower, its affiliates, or principals. Therefore ARY would have been required to disclose to Foothill the existence of the bribery charges prior to the closing of any financing agreement.

12.      Consistent with its customary practice, and the practice of lenders generally, before committing to any lending facility for ARY, Foothill would have performed its own background check of ARY and its principals. The background check would have included,

among other things, a search of media databases. I have no doubt that this background check

would either have revealed the very same news articles that IBJ Whitehall had sent to Foothill,

and/or other news reports about the criminal charges filed against Mr. Razzak.

STEVEN COLE

Sworn before me
this 20 day of October , 2005.

Leslyn L Fisher
My commission expires
7-28-2009