UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY JEWELERS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> IBJTC BUSINESS CREDIT CORP. AND DAVID MOLINARIO, <br><br> Defendants. | Civil Action No. 04-10281 (EFH) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A CONTINUANCE OF CONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

#### Introduction

The Motion by plaintiff ARY Jewelers LLC ("ARY") seeks to reopen fact discovery which, under the Court's revised scheduling order, ended almost 5 months ago, on **June 15, 2005.**

In the Motion, ARY seeks documents "responsive" to a document request that was served in late July, well *after* the discovery cutoff date. The request seeks documents that either have already been produced or which do not exist. ARY also seeks to compel the corporate defendant, IBJTC, to produce for deposition a witness, Steven Cole, over whom IBJTC has no control, and who resides in North Carolina. Contrary to the statements in ARY's Motion, Mr. Cole has never been employed by IBJTC. Moreover, Mr. Cole was identified in defendants' Rule 26 disclosures, which were served on ARY in **June 2004**. Yet ARY made no effort to subpoena Mr. Cole or otherwise obtain his attendance at deposition during the lengthy fact discovery phase of this case.

9857560_1

Approximately six weeks ago, ARY opposed, *without claiming to need additional discovery*, defendants' initial motion for summary judgment motion in this case. That motion was mooted by the subsequently filed Second Amended Complaint to which the defendants' pending summary judgment motion is directed. Defendants' pending motion is a slightly revised version of their prior motion, and is supported by the very same evidence. Yet plaintiff offers no explanation for why it was able to oppose the initial motion, but supposedly needs additional discovery to oppose the re-filed motion. Indeed, ARY has indicated that *it will be filing opposition papers to the pending summary judgment motion on Monday, November 7, 2005.* This completely undermines the premise of the Motion, which is that further discovery is needed to oppose summary judgment.

Beyond its incorrect allegations concerning Mr. Cole, ARY's Motion, which lacks the affidavit required by Rule 56(f), is based on false assertions and baseless personal attacks on defendants' counsel. For example, it is not true as alleged that any deposition of a "custodian of records" was ever to take place in Boston. No such deposition was ever scheduled, nor was one requested within the discovery period. At bottom, the Motion is a frivolous attempt to delay consideration of defendants' motion for summary judgment, which ARY plainly cannot defeat.

We respectfully ask the Court to deny the Motion and to turn at its earliest convenience to deciding defendants' pending motion for summary judgment.

### Plaintiff Has Not Met Its Burden Under Rule 56(f)

Plaintiff's Motion fails under Rule 56(f) of the Federal Rules of Civil Procedure, which governs the motion.[1] "To benefit from the protections of Rule 56(f), a litigant ordinarily must

---

[1] Rule 56(f) provides: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may made such other order as is just."

9857560_1                                      2

furnish the nisi prius court with a timely statement – if not by affidavit, then in some other authoritative manner – that (i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion. Such a litigant also must have exercised 'due diligence' both in pursuing discovery before the summary judgment initiative surfaces and in pursuing an extension of time thereafter." Velez v. Awning Windows, 375 F.3d 35, 39-40 (1st Cir. 2004).

In Velez, the First Circuit held that the motion for a continuance was properly denied because it failed to identify "a single sought-after fact", and did not explain how information sought, if unearthed, would influence the outcome of the pending motion for summary judgment." Id. at 40. Here, the plaintiff's motion suffers from the same deficiencies. There is no explanation whatsoever as to what specific facts plaintiff expects to elicit from additional discovery, or how such facts would influence the outcome of defendants' pending summary judgment motion. For these reasons alone, the Motion, as in Velez, must be denied.

It should be denied for the further reason that plaintiff failed to exercise due diligence "in pursuing discovery before the summary judgment initiative surface[d]". Id. As noted, fact discovery began in June 2004, and at plaintiff's request, Court later extended the initial cutoff date from March 14, 2005 to June 15, 2005.[2] Thus, ARY had a full year to obtain discovery and to raise any legitimate discovery issues with the Court before the extended cutoff date. In addition, almost five months have now passed since the June 2005 cutoff date. Yet plaintiff

---

[2] The discovery in this case has included, among other things, Rule 26 disclosures, the exchange of written discovery requests and responses thereto, production by defendants of voluminous documents responsive to multiple requests from plaintiff, the production by subpoenaed third parties of several boxes of documents, and the depositions of several party and non-party witnesses. With one exception, all of the depositions were taken at plaintiff's request.

9857560_1                                    3

failed to raise any document discovery issue, or to in any way seek Mr. Cole's deposition, until now. Remarkably, plaintiff provides no explanation in the Motion as to why it did not earlier pursue the discovery it now claims to need, or raise any discovery disputes before the expiration of the extended cutoff date.

Plaintiff failed to exercise due diligence in other respects as well. Its Motion asserts that plaintiff was somehow misled by defendants' counsel about the role of Steven Cole, and that that is why plaintiff failed to seek his deposition. Motion at p. 2. This is pure fiction. First, contrary to plaintiff's assertion, Mr. Cole was not "an employee of Defendant at the time in question." Id. Rather, he was employed by Foothill Capital Corp., a non-party. He is not now, and never has been, employed by the corporate defendant here. Second, Mr. Cole was identified as a person with relevant information in defendants' Rule 26(a) disclosures, which were served on plaintiff in June 2004. Therefore, plaintiff was aware of Mr. Cole since that time, and could easily have pursued his deposition before the end of the extended discovery cutoff period in June 2005. Instead, plaintiff chose to take depositions of peripheral witnesses, and to procure no less than 10 "expert" reports and affidavits, which have no bearing on this case. Plaintiff, of course, had the right to decide its own pretrial strategy, but cannot now credibly claim that it did not know about Mr. Cole (who also was identified by other deposition witnesses). Finally, ARY's allegation that it was somehow misled by defense counsel is both false and offensive.

It is similarly disingenuous for plaintiff, a billion-dollar enterprise with interests all over the globe, to argue to this Court that it was somehow constrained by "limited resources" from attempting to subpoena Mr. Cole for a deposition. Motion at p. 2. In fact, as its prolific (mis)use of highly compensated "experts" demonstrates, ARY is more than able to expend substantial sums in pursuit of this meritless case.

9857560_1                                4

## **CONCLUSION**

The Motion fails under Rule 56(f) and therefore should be denied.

Dated: November 4, 2005

        ROPES & GRAY LLP

        By: /s/
            Christopher R. Dillon (BBO No. 640896)
            One International Place
            Boston, MA 02110-2621
            Tel: (617) 951-7000

        Attorneys for Defendants