UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY Jewelers, LLC., <br>     Plaintiff, <br><br> v. <br><br> IBJTC Business Credit Corp. and <br> David Molinario, <br>     Defendants. | CIVIL ACTION NO. 04-CV-10281 EFH <br> **Oral Argument Requested** |

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ARY JEWELERS, LLC**, (hereinafter called "Plaintiff") in the above-styled and captioned matter and files this its Motion to Compel and in support thereof would show the following:

1. In this lawsuit ARY alleges that the Defendant herein tortiously interfered with its contract and business relationship with a competitor of Defendants.

As in many commercial cases, obtaining a full and complete set of Defendants pertinent documents/records is critical. In this lawsuit, the Defendant has ingeniously failed to provide documents, therefor necessitating Plaintiff's Motion to Compel.

2. On or about June 29, 2004, Plaintiff propounded to Defendant a set of requests for production of documents (a copy of Plaintiff's Request for Production of Documents to IBJTC Business Credit Corp., and David Molinaria is attached hereto as Exhibit 1).

3. On or about July 26, 2004 Defendant served its Response thereto upon counsel of record for your Plaintiff. (A copy of Defendants Responses and Objections hereto attached as

1

05/19/2006 11:06   713-739-0821           THE CARRIGAN LAWFIRM                    PAGE   12/27
Case 1:04-cv-10281-EFH   Document 111-5   Filed 06/01/2006   Page 2 of 5

Exhibit 2.)

4. In Defendants' Response, Defendant objected to nearly all of Plaintiffs Requests and stated for a few that Defendant would supplement. Most of Defendants' Objections were form objections, spurious and baseless.

5. Much later, Defendant finally produced and forwarded some documents, but intentionally failed to supplement its responses. Importantly, the documents forwarded by the Defendant were not segregated by request, nor were the documents produced as kept in the regular course and scope of business, both shortcomings being in violation of the Federal Rules of Procedure. Further, Defendant failed to remove any of its multiple meaningless objections, leaving counsel for Plaintiff in the dark and guessing as to which objection Defendant was really serious about, if any. It also leaves one to wonder if Defendant is hiding documents behind its meaningless objections.

6. It is also obvious upon reviewing Defendants' production that many key documents were withheld. This was substantiated throughout the course of depositions of Defendants' representatives. The most glaring example of the above is Defendants' failure to even produce its policy and procedures manual that could indeed be pivotal in this case. Defendant not only failed to produce its policy and procedures manual with its document production, but continued to failed to do so, despite repeated requests from the undersigned. In fact, counsel for Defendant kept representing that it would be produced with each request to produce same, until the discovery period ended on June 15, 2005, at which time the Defendants' counsel took the position that the discovery period had expired and therefor his client had no obligation to produce same. Likewise with Plaintiff's request to review the originals of Defendants' documents as kept in the regular course of business. Again, counsel for Defendant continually represented that this request would be complied with and then with the expiration of the discovery period, likewise took the position that there was no obligation to do so.

2

7. These documents are critical to the case. Certainly Plaintiff is entitled to review these withheld documents. Likewise, Plaintiff has the absolute right to view all of Defendants' pertinent documents in their original form as kept in the course of ordinary business. Certainly Plaintiff is entitled to know which documents are responsive to which categories and be provided with a privileged document log. Certainly Plaintiff is allowed to have a hearing and ruling on Defendants' multiple form objections and to be able to determine as best as is possible that Defendants are not hiding behind frivolous objections in withholding otherwise pertinent, material and responsive documents. Defendants should not be allowed to use the Federal Rules of Procedure and this Honorable Courts' deadlines to prevent necessary and legitimate discovery. Defendant should not be allowed to pay lip-service to providing documents that are relevant and material and responsive and in the form and fashion as requested and as required by the Federal Rules of Procedure just long enough for the Courts' discovery period to lapse and then hide behind same. What your Plaintiff is requesting herein is not new or additional discovery, rather what Plaintiff is seeking is for this Courts' assistance in compelling Defendants to fulfill their discovery obligations prior to the expiration of the Discovery Period.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court set this matter for a hearing and upon said hearing and after reviewing the pertinent motions and related pleadings, and after hearing argument from counsel, that this Court enter an Order, striking Defendants' objections to Plaintiffs Request for Production of Documents, requiring Defendants to produce all relevant documents including but not limited to all of Defendants' policies and procedures in place at the time of the occurrences made the basis of this lawsuit, that Defendants be required to provide Plaintiff with a proper privileged document log, that Defendants produce their responsive documents identified by category and as kept in the regular course of business and that Plaintiff's counsel be allowed to inspect Defendants' original

documents as kept in the regular course of business and that all of this be accomplished within fourteen (14) days of the entering of an Order by this Court, and for such other and further relief as this Honorable court believes that Plaintiff is justly entitled to.

Respectfully submitted,

THE CARRIGAN LAW FIRM, L.L.P.

By: _____
Stephen P. Carrigan (Admitted Pro Hac Vice)
State Bar No. 03877000
Federal I.D. 6112
2 Houston Center
909 Fannin, Suite 1575
Tel. (713)739-0810
Fax. (361)739-0821
*Attorney-in-Charge for Plaintiff*

OF COUNSEL:

Jill L. Groff (Admitted Pro Hac Vice)
The Carrigan Law Firm, L.L.P.
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas 77010
(713-729-0810 (telephone)
(713) 739-0821 (facsimle)
*Of Counsel for Plaintiff*

Ashish Mahendru BBO#647661
Mahendru, P.C.
1111 Bagby, Suite 2000
Houston, Texas 77002
(713) 571-1519 (telephone)
(713) 651-0776 (facsimile)
*Of Counsel for Plaintiff*

### CERTIFICATE OF CONFERENCE

This is to certify that the undersigned attorney attempted in good faith to resolve the issues surrounding this discovery matter without court intervention, however those attempts failed. Therefore, the matter is presented to the Court for determination.

_____
Stephen P. Carrigan

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Motion to Compel Defendant, IBJTC Business Corp., and David Molinario's. Responses to Request for Production was served to each

4

05/19/2005 11:05 713-739-0821 THE CARRIGAN LAWFIRM PAGE 15/27
Case 1:04-cv-10281-EFH    Document 111-5    Filed 06/01/2006    Page 5 of 5

person listed below by certified mail, return receipt requested, facsimile and/or hand delivery on the _____ day of November, 2005.

Robert S. Fischler
Ropes & Gray, LLP
45 Rockefeller Plaza
New York, New York 10111

_____
Stephen P. Carrigan