UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY JEWELERS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>IBJTC BUSINESS CREDIT CORP.<br>AND DAVID MOLINARIO,<br><br>        Defendants. | Civil Action No. 04-10281 (EFH) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Plaintiff's Motion to Compel is untimely and it seeks the production of documents which either already have been produced, or which do not exist.

Plaintiff waited to bring the Motion to Compel until now, even though fact discovery closed on **June 15, 2005,** and the document production about which plaintiff complains was made in **July 2004.** Even more perplexing, the Motion to Compel has been made while defendants' summary judgment motion is pending, and after plaintiff's opposition papers to that motion have been filed. Finally, the Motion to Compel comes on the heels of the Court's denial of plaintiff's motion to continue defendants' summary judgment motion, which sought an order compelling production of essentially the *very same documents* plaintiff now incorrectly claims have been withheld by defendants. The Court denied the motion for a continuance on November 8, 2005.

The Motion to Compel is based on pure speculation and generally complains about defendants' objections to various document requests. Yet it fails to identify a single document

3153075_12

which defendants have withheld, or which other discovery suggests has been improperly withheld. Indeed, as plaintiff has been advised repeatedly, the so-called "policies and procedures manual" about which it speculates is not in defendants' possession, custody or control. Moreover, there has been substantial deposition testimony about policies and procedures of the corporate defendant during the period in question.[1]

During the lengthy fact discovery period (which was once extended by the Court and lasted over one year), defendants produced several boxes of responsive documents to plaintiff, and addressed some 32 specific requests for production. Additionally, defendants made several witnesses, including former employees, available for deposition. In short, plaintiff obtained ample discovery during the discovery period, and this case is ripe for summary judgment.

We submit that plaintiff's recent discovery motions, coming five months after the close of fact discovery, are less a genuine attempt to obtain further discovery than an effort to influence the Court's view of defendants' pending motion for summary judgment. The Motion to Compel, like the prior motion for a continuance, is meritless and should be denied.

Although plaintiff's Motion to Compel is not styled as a motion for a continuance under Rule 56(f) of the Federal Rules, where a properly supported motion for summary judgment is pending, the opposing party is not entitled to additional discovery unless it meets the Rule 56(f) test. See Velez v. Awning Windows, 375 F.3d 35, 39-40 (1st Cir. 2004). For the reasons set forth in Defendants' Opposition to Plaintiff's Motion for a Continuance of Consideration of Defendants' Motion for Summary Judgment, filed November 4, 2005, the Motion to Compel does not begin to satisfy Rule 56(f).

---

[1] It should be noted that the corporate defendant, IBJ, ceased operations and sold its assets before this lawsuit commenced. IBJ does not have, or have the ability to obtain, all documents that existed prior to the sale.

3153075_12                                  2

## CONCLUSION

For all the foregoing reasons, the Motion to Compel should be denied.

Dated: November 9, 2005

                ROPES & GRAY LLP

                By: /s/_____
                      Christopher R. Dillon (BBO No. 640896)
                      One International Place
                      Boston, Massachusetts 02110-2624
                      (617) 951-7000

                Attorneys for Defendants