UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ARY JEWELERS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-10281-EFH |
| IBJTC BUSINESS CREDIT CORPORATION and DAVID MOLINARIO, | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT IBJTC BUSINESS CREDIT CORP.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY**

Plaintiff's motion seeks to reopen fact discovery in this case in order to take the depositions of Steven Cole, Scott Krigel, and a document custodian. Messrs. Cole and Krigel are non-parties residing in North Carolina and Missouri, respectively, over whom defendant has no control. Plaintiff knew of the involvement of both witnesses when this lawsuit was filed in early 2004, and certainly well before fact discovery closed on **June 14, 2005**. Plaintiff has previously moved to reopen discovery to take Mr. Cole's deposition. See Exhibit A. The Court denied that motion, and it should deny plaintiff's belated current motion.[1]

Plaintiff sets forth no good cause – indeed, the plaintiffs have come forward with no new facts or arguments – to support its request for fact witness depositions so long after the close of fact discovery, especially in view of (1) the Court's prior denial of plaintiff's motion for the Cole deposition; and (2) the fact that the parties are preparing for trial.

---

[1] This opposition is filed only on behalf of defendant IBJTC because David Molinario is no longer a defendant, having been voluntarily dismissed by the plaintiff.

3220317_1

Plaintiff asserts that its "continued accommodations of Defendant's scheduling requests" justify its current motion.  This assertion is irrelevant, and puzzling given that the scheduling accommodations have run from defendants to plaintiff.  Indeed, the recent motion to move the trial date from September 25, 2006 was made by plaintiff, not by defendants (who assented to the motion and thus accommodated plaintiff).

Regarding Mr. Cole, plaintiff asserts, as it did in its previous motion seeking leave to pursue his deposition, that it failed to pursue the deposition previously because defendant's counsel "represented [Cole] had little or no dealings with ARY/Krigel's."  Motion ¶4c.  As defendants previously stated in opposition to plaintiff's prior motions, this assertion is nonsense.  Mr. Cole was identified in defendants' Rule 26(c) statement filed at the outset of this case, and his involvement was otherwise well known to plaintiff, which had direct contact with Mr. Cole prior to filing this action.  Similarly, plaintiff dealt extensively with Mr. Krigel, and thus knew of his involvement before this action was filed.

Under the circumstances, the Court should deny plaintiff's motion.

Dated:  June 1, 2006

> ROPES & GRAY LLP
>
> /s/_____
> Christopher R. Dillon (BBO No. 640896)
> One International Place
> Boston, MA 02110
> (617) 951-7000
>
> Attorneys for defendant
> IBJTC Business Credit Corp