UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY Jewelers, LLC., )<br>         Plaintiff, )<br>)<br>v. )<br>)<br>IBJTC Business Credit Corp. and )<br>David Molinario, )<br>         Defendants. ) | CIVIL ACTION NO. 04:-CV-10281 EFH |

**PLAINTIFF ARY JEWELERS, LLC.'S OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE EXPERT
REPORT AND TO ENTER JUDGMENT DISMISSING THE
<u>SOLE REMAINING COUNT OF THE SECOND AMENDED COMPLAINT</u>**

                                                       The Carrigan Law Firm, L.L.P.
                                                       Stephen P. Carrigan
                                                       2 Houston Center
                                                       909 Fannin, Suite 1575
                                                       Houston, Texas 77010
                                                       (713) 739-0810 (telephone)
                                                        (713) 739-0821 (telefax)

OF COUNSEL:

The Carrigan Law Firm, L.L.P.
Jill L. Groff
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas  77010
713) 739-0810 (telephone)
(713) 739-0821 (telefax)

Ashish Mahendru
1111 Bagby, Suite 2000
Houston, Texas 77002
(713) 571-1519 (telephone)
(713) 651-0776 (telefax)

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | DEFENDANTS FAIL TO MEET THE STANDARD FOR SUMMARY JUDGMENT ................................................................................... | 1 |
| II. | TORTIOUS INTERFERENCE ........................................................................... | 3 |
| | A. Business Relationship or Contemplated Contract ................................... | 3 |
| |     1. ARY's Evidence Satisfied this Element ...................................... | 3 |
| |     2. Defendants' Arguments Fail ....................................................... | 4 |
| | B. Defendants' had Knowledge About the Contemplated Contract ........... | 10 |
| | C. Improper Purpose or Improper Means ...................................................... | 13 |
| | D. Damages/Causation ................................................................................... | 14 |
| III. | BREACH OF FIDUCIARY/CONFIDENTIAL DUTY ....................................... | 16 |
| IV. | CLAIMS IN SECOND AMENDED COMPLAINT PRECLUDE SUMMARY JUDGMENT ...................................................................................  | 19 |
| V. | CAUSES OF ACTION AGAINST DEFENDANT MOLINARIO ..................... | 19 |
| VI. | CONCLUSION .................................................................................................. | 19 |

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Alternative System Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 32-34 (1st Cir. 2004) .... 5

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505,
    91 L.Ed.2d 202 (1986) ................................................................................................ 2

*Bienkowski v. Northeastern University*, 285 F.3d. 138 (1st Cir. 2002) ................................ 2

*Boyle v. Douglas Dynamics, L.L.C.* 292 F.Supp.2d 198 (D. Mass. 2003) ............................ 3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ................................................................ 1

*Chrysler Corp. v. Silva*, 118 F.3d 56, 59 -60 (1st. Cir. 1997) ............................................... 5

*Cleveland v. Policy Management Systems Corp.* 526 U.S. 795, 796,
    119 S.Ct. 1597, 599) (U.S.1999) .................................................................................. 7

*Coke v. General Adjustments Bureau*, 640 F.2d 584 (5th Cir. 1981) .................................... 2

*Fraser and Wise, P.C. v. Primarily Primates, Inc.*, 966 F.Supp. 63 (D.Mass.1996) ............. 2

*Greenburg v. Puerto Rico Maritime Shipping Authority*, 835 F.2d 932 (1st Cir.1987) ......... 2

*Hurd v. DiMento & Sullivan,* 440 F.2d 1322 (1st Cir.), *cert. denied,* 404 U.S. 862,
    92 S.Ct. 164, 30 L.Ed.2d 105 (1971) ......................................................................... 5

*In re Varrasso* 37 F3d 760, 763 (1st. Cir. 1994) .................................................................. 2

*Irby v. Bittick*, 44 F.3d 949 (11th Cir. 1995)

*Mutual Fire, Marine and Inland Insurance Co. v. Costa*, 789 F.2d 83 (1st Cir. 1986) ..... 15

*NASCO, Inc. v. Public Storage, Inc.*, 29 F.3d 28 (1st. 1994) .............................................. 2

*Roadmaster Industries, Inc. v. Columbia Mfg. Co., Inc.*, 893 F.Supp. 1162(D.Mass.1995).2

*United States v. Levasseur,* 846 F.2d 786, 792 (1st Cir.1988) ........................................... .5

*United States v. Shea,* 150 F.3d 44, 52 (1st Cir.1998) ....................................................... .5

*Woodman v. Haemonetics Corp.*, 51 F.3d 1087 (1st Cir.1995) .......................................... 2

**STATE CASES**

*Adcom Products, Inc. v. Konica Business Machines*, 41 Mass. App. Ct. 101,
    668 N.E.2d 866 (1996) ................................................................................... 3,4

*Cherick Distributors, Inc. v. Polar Corp.*, 41 Mass.App.Ct. 125,
    669 N.E.2d 218 (1996) ..................................................................................... 15

*Djowharzadeh v. City Natl. Bank & Trust Co.*, (Okla. App. 1982), 646 P.2d 616 .............. 16

*Dowd v. Iantosca*, 27 Mass. App. Ct. 325, 538 N.E.2d 33(1988) ........................................ 4

*Groob v. Keybank*, 155 Ohio App. 3d 510, 801 N.E.2d 919 (2003) ................................... 16

*See G.S. Enterp., Inc. v. Falmouth Marine, Inc.*, 410 Mass. 262, 272 (1991)...................... 14

*Keegan v. O'Donnell*, 310 Mass. 346, 37 N.E.2d 995 (1941) ............................................ .14

*Labonte v. Hutchins & Wheeler*, 424 Mass. 813, 818-20,
    678 N.E.2d 853, 857-58 (1997).............................................................................. 7

*Melo-Tone Vending, Inc. v. Sherry, Inc.*, 39 Mass. App. Ct. 315 (1995) ............................ 15

*M.F. Roach Co. v. Provincetown*, 355 Mass. 731, 732, 247 N.E.2d 377 (1969) ................ 15

*Paixao v. Paixao,* 429 Mass. 307, 309, 708 N.E.2d 91, 93 (Mass.1999)............................. 5

*United Truck Leasing Corp. v. Geltman,* 406 Mass. 811, 551 N.E.2d 20 (1990) ........... 4

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 56   ........................................................................ 1

TO THE UNITED STATES DISTRICT COURT:

Plaintiff ARY Jewelers, LLC ("ARY") hereby files its opposition to Defendant's Motion to Strike Expert Report and to Enter Judgment Dismissing the Sole Remaining Count of the Second Amended Complaint. Pursuant to Local Rule 7.1(b)(2), the reasons and authority are set forth herein. **Jlg see if any other local rules governing this response or D's motion. [jlg** ARY hereby incorporates all affidavits, deposition testimony, and exhibits filed with this Response**].**

## ARGUMENT AND AUTHORITIES

**I.     Procedural Irregularities/Court already ruled (either explicity or implicitly)**

**jlg rule that court considers/rejects all grounds even if not listed or something like that**

**Ds mislead the court in stating that report was filed after court ruled on msj, b/c was dated summer 2005 and filed/provided to Ds and affidavit used by Ps in opposition to Ds' msj incorporated Webster's affidavit, which was based on her report and included the testimony about lost profits. Indeed same argument made by Ds and response by Ps, which the Court already considered. copy attached to Ps opposition to sj, so the affidavit/report was already before the court when court denied Ds' msj.**

**Jlg** See if court already denied D's motion to strike affidavits – I can't find an opposition, but there is an outline for one, so am thinking Ds filed one, which court denied

**D.     Damages/Causation**

Defendants' argument for summary judgment on the damages issue is both legally and factually incorrect. Defendants rely on contract cases for their position; however, this is not a contract case. It is a tort case requiring recovery of tort damages. ARY seeks recovery of attorney's

1

fees and expenses incurred in the Krigel Litigation and recovery of the economic damages proximately caused by ARY's inability to acquire Krigel's. Recovery for these damages is well supported in the law and facts, thus summary judgment cannot be granted.

Attorney's fees and costs incurred in litigation as a result of tortious conduct of another are recoverable damages. *Mutual Fire, Marine and Inland Insurance Co. v. Costa*, 789 F.2d 83,88-89 (1st Cir. 1986); *M.F. Roach Co. v. Provincetown*, 355 Mass. 731, 732, 247 N.E.2d 377, 378-79 (1969). When the natural consequence of a defendant's tortious conduct proximately causes the plaintiff to become involved in litigation with a third party, the plaintiff may recover from defendant attorney's fees associated with that litigation. *Costa*, 789 F.2d at 88 - 89. The Affidavit of Barry Pickens, one of the attorney's representing ARY in the Krigel's Litigation, evidences the attorney's fees and expenses ARY incurred. Pickens Aff. Mr. Pickens affidavit and exhibits thereto show not only the amount of attorney's fees and expenses incurred, but that Defendants' actions proximately causes ARY to incur the same. *Id*.[1]

Likewise, ARY is entitled to recover business economic damages in the form of lost profits. *Cherick Distributors, Inc. v. Polar Corp.*, 41 Mass.App.Ct. 125, 128-29, 669 N.E.2d 218, 221 (1996); *Melo-Tone Vendin*, 39 Mass. App. Ct. at 320, 656 N.E.2d at 315. Shirley Webster's affidavit (economic damages expert witness) supports ARY's lost profits damages in the amount of $3.1 million, excluding prejudgment interest. Affidaivit of Shirley Webster. Defendant claims that the only damages ARY incurred is the additional cost of financing, and that the terms set forth in the March 27 term sheet do not differ from those in the December 15th term sheet. This position is

---

[1] ARY also includes in this response the Affidavit of Joseph G. Thompson, III, an attorney who also represented ARY in the Krigel Litigation and which proves up the invoices from his law firm as business records.

factually incorrect. Webster Aff.

Additionally, the overwhelming credible evidence is that IBJ's interference "directly caused" Foothill to withdraw the previous term sheets, the January 31, 2001 having been orally accepted by ARY. As a direct result of Foothill withdrawing its January 31, 2001 offer, ARY was left with no viable options and therefor rightfully withdrew from the SPA. ARY's rightful withdrawal directly led to the Krigel Litigation which, although ARY ultimately prevailed on all issues, directly caused the expenditure of over $1.2 Million in attorney fees and litigation costs and expenses. Further, there is ample evidence that substitute financing was not available, especially given the time constraints. ARY suffered real, actual damages resulting from IBJ's tortious interference.

Defendants' strained argument that there is no causation again fails on Tom Morgan's disinterested, unlawyered testimony wherein he clearly states that Foothill withdrew its January 31, 2001 term sheet proposal, already orally accepted by ARY, based upon and as a "direct result" of Molinario's phone call on February 28 and the information relayed therein. Morgan Depo. at 144:9-17. Further, based on previous arguments, Foothill had already completed whatever due diligence it contemplated prior to IBJ's interference.

### III.   DUTY OF CONFIDENTIALITY/FIDUCIARY DUTY

Standard banking practices and procedures dictate that a bank should maintain the confidentiality of its customers' and potential customers' information. Baerst Aff.; Bonville Aff. Because potential customers have to disclose highly personal information such as assets, credit history, past conduct, and future information, and cannot obtain loans without disclosing such information, the bank stands in a position superior to the potential customer and owes it a duty of confidentiality. *See Groob v. Keybank*, 155 Ohio Appp. 3d 510, 517-518, 801 N.E.2d 919, 924-25

3

(2003)(special duty of confidentiality exists between loan applicant and prospective lender); *Djowharzadeh v. City Natl. Bank & Trust Co.*, (Okla. App. 1982), 646 P.2d 616(bank's relationship to loan applicant implicitly imposes duty on bank to keep contents of loan application confidential).

It was a reasonable expectation for ARY, based on lending practices generally and ARY's customer relationship with Defendants that Defendants would not have gratuitously transmitted damaging information in Defendants' possession, along with word of its negative credit decision, to another lending institution. Baerst Affidavit; Bonville Affidavit. Financial institutions should follow generally accepted banking practices by communicating with clients or potential clients the status of their loan requests. They should not communicate such matters to competitors. Baerst Affidavit; Bonville Affidavit. By communicating with competitors, financial institutions risk damaging their reputation but also the client's or potential client's trust. Bonville Affidavit. Molinario acknowledged that it would be a reasonable expectation for a potential client that the potential lender would not disseminate information about its loan application to others without express authorization from the potential client. Molinario Depo. at 142:12 - 20.

The practice of lenders in handling customer information has evolved over recent years in its specific restrictions, but there has always been recognition in the industry that customer information is sensitive and must be handled carefully. Baerst Affidavit. The trend over the past twenty or more years has been for lenders to become much more cautious about sharing information about customers, whether public or not. Baerst Affidavit. This trend is reflected in the enactment of the Title V of the Gramm-Leach-Bliley Financial Services Modernization Act of 1999. This Act imposed stringent privacy requirements on all lenders, requiring lenders to develop policies and procedures for the protection of customer information. "It is the policy of the Congress that each

4

financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 USC 6801(a).

Defendants' conveying the potentially adverse information to Foothill is particularly egregious. The allegations in the news articles had not been verified or checked beyond downloading the information from the internet, and the denials of their veracity by Gohar Husain, as ARY's representative, were not, apparently, taken seriously, as evidenced by Defendants' on-the-spot decision to deny credit facilities in the course of its conversation with Mr. Husain. Deposition of Frank O'Connor, June 16, 2005, 83:2-21.

Defendants violated their duty of confidentiality when they initiated contact with Foothill, whom they had reason to know was a creditor of Krigel's, to convey not only its negative credit decision, but the specific reason for the decision, which happened to be the unsubstantiated news reports. Baerst Affidavit; Bonville Affidavit. The combination of these disclosures could not have but undermined the confidence of another lender, and Defendants were acting unreasonably and negligently in gratuitously making these disclosures to Foothill. Baerst Affidavit. Defendants claim that they acted out of "professional courtesy", Deposition of O'Connor at 101:12-18, but they neglected their duty to their customer in doing so. Baerst Affidavit. Defendants' action in conveying the information to another bank breached their confidential responsibility to ARY. Bonville Affidavit.

Defendants' claim that the information was on the public record and therefore there was no duty of confidentiality does not hold water. The distinction of public versus non-public is not relevant to an understanding of a lender's obligation in circumstances in which: (1) the information

5

is by its nature potentially damaging and unsubstantiated and (2) the lender gratuitously volunteers the information to a third party lender in the context of distinctly non-public information, namely its decision to deny credit. Baerst Affidavit. Defendants' actions were inconsistent with good lending practice and violated its duties of confidentiality to its customer. Baerst Affidavit. Moreover, IBJ's decision to not fund the loan, which Defendants' also disclosed, was certainly not public information. O'Connor Depo. 110:12-111:4.

The foregoing authority and affidavits show that Defendants owed ARY a duty of confidentiality which it breached when it conveyed the information to Foothill. As demonstrated previously, Defendants' actions caused ARY damages in the form of legal fees and expenses incurred in the Krigel's Litigation and economic damages. ARY incorporates in this section the argument and authority set forth previously.

### IV. CLAIMS IN SECOND AMENDED COMPLAINT PRECLUDE SUMMARY JUDGMENT

ARY further urges the Court to deny Defendants' Motion because, contemporaneously with the filing of this Response, ARY has moved for leave to amend its complaint to add causes of action for violations of Massachusetts General Law Chp. 93A and breach of an implied contract.

### V. CAUSES OF ACTION AS TO DEFENDANT MOLINARIO

Defendants' motion as to Molinario individually should be denied for all of the same reasons stated herein.

### VI. CONCLUSION

ARY has more than amply demonstrated that there exist genuine issues of material fact on both causes of action, which preclude the Court granting summary judgment.

**ARY REQUESTS ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), ARY hereby requests oral argument because it feels that oral argument may assist the Court in ruling on Defendants' Motion.

Dated:  September ____, 2005        Respectfully submitted,

                                    THE CARRIGAN LAW FIRM, L.L.P.

                            By:     _____
                                    Stephen P. Carrigan (Admitted Pro Hac Vice)
                                    2 Houston Center
                                    909 Fannin, Suite 1575
                                    Houston, Texas 77010
                                    (713) 739-0810 (telephone)
                                    (713) 739-0821 (telefax)
                                    *Attorney-in-Charge for Plaintiff*

OF COUNSEL:

| **THE CARRIGAN LAW FIRM, L.L.P.** | **MAHENDRU, P.C.** |
|---|---|
| Jill L. Groff (Admitted Pro Hac Vice) | Ashish Mahendru BBO#647661 |
| 2 Houston Center | 1111 Bagby, Suite 2000 |
| 909 Fannin, Suite 1575 | Houston, Texas 77002 |
| Houston, Texas 77010 | (713) 571-1519 (telephone) |
| (713) 739-0810 (telephone) | (713) 651-0776 (telefax) |
| (713) 739-0821 (telefax) | *Of counsel for Plaintiff* |
| *Of Counsel for Plaintiff* | |

**CERTIFICATE OF SERVICE**

_____The undersigned hereby certifies that a true and correct copy of the foregoing instrument was forwarded as indicated below by certified mail, facsimile and/or hand delivery, return receipt requested in accordance with the Federal Rules of Civil Procedure on this 14th day of September, 2005.

Robert S. Fischler
ROPES & GRAY, L.L.P.
45 Rockefeller Plaza

New York, NY 10111  
Tel: (212)841-0444

                                                  _____

_____Jill L. Groff