UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY Jewelers, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 04-10281-EFH |
| IBJTC Business Credit Corporation and David Molinario, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' MOTION TO STRIKE CERTAIN
MATERIAL FILED BY PLAINTIFF IN
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, IBJTC Business Credit Corporation ("IBJ") and David Molinario (collectively, "Defendants") hereby move to strike certain material filed by Plaintiff ARY Jewelers, LLC ("ARY") in opposition to Defendants' motion for summary judgment. In support of this Motion, the defendants submit the accompanying Memorandum of Law in Support of Defendants' Motion to Strike. As the memorandum demonstrates, the materials that are the subject of this motion would be inadmissible at trial and therefore may not be considered on defendants' motion for summary judgment. Accordingly, the defendants respectfully request that the Court strike the following materials from ARY's opposition and disregard them in its consideration of defendants' summary judgment motion:



EXHIBIT A

1. The Deposition Transcript of Thomas Morgan, dated May 21-22, 2001, attached as Exhibit 1 to the Affidavit of Barry Pickens, dated September 13, 2005;

2. Paragraph 4 of the Affidavit of Thomas Morgan, dated September 14, 2005;

3. The Affidavits of John A. Baerst and Thomas Bonville, dated September 13, 2005 and September 12, 2005, respectively;

4. The Affidavit of Ijaz-ul-Ahsan, dated September 8, 2005;

5. The Affidavit of Shirley Webster, dated, September 9, 2005; and

6. The Supplemental Affidavit of Barry Pickens, dated September 12, 2005.

IBJTC BUSINESS CREDIT CORPORATION and
DAVID MOLINARIO

By their attorneys,

/s/ Kate Cimini
Kate Cimini (BBO No. 654336)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Robert S. Fischler (Admitted Pro Hac Vice)
Ropes & Gray LLP
45 Rockefeller Plaza
New York, NY 10111
(212) 841-5700

Dated: September 29, 2005

## Local Rule 7.1(A)(2) Certification

I, Lee Gayer, attorney for the IBJTC Business Credit Corporation and David Molinario hereby certify that I have conferred with counsel for ARY Jewelers, LLC regarding the subject of the instant motion and we attempted in good faith to resolve or narrow the issues raised by the instant motion.

/s/ Lee Gayer
Lee Gayer

## Certificate of Service

I hereby certify that on September 29, 2005, copies of the foregoing Motion to Strike and the Memorandum of Law in Support of Defendants' Motion to Strike were served on counsel for the plaintiff Stephen P. Carrigan, The Carrigan Law Firm, LLP, 1331 Lamar, Suite 1550, Houston, TX 77010 by E-Mail and Federal Express.

        /s/ Kate Cimini
        Kate Cimini

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY JEWELERS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>IBJTC BUSINESS CREDIT CORPORATION<br>and DAVID MOLINARIO,<br><br>        Defendant. | Civil Action No. 04-10281-EFH |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE

Defendants IJBTC Business Credit Corporation ("IBJ") and David Molinario respectfully submit this Memorandum of Law in Support of their Motion to Strike affidavits and other materials submitted by plaintiff ARY Jewelers, LLC ("ARY") in opposition to defendants' motion for summary judgment.

### PRELIMINARY STATEMENT

In ruling on a motion for summary judgment, a court may not consider material that would be inadmissible in evidence at trial. *Finn v. Consol. Rail Corp.*, 782 F.2d 13, 16-17 (1st Cir. 1986); *see also* Fed. R. Civ. P. 56(e). Accordingly, any portion of an affidavit, deposition, or other document plagued by a lack of personal knowledge, inadmissible hearsay, lack of a foundation in the record, lack of relevance, speculation, or other evidentiary defect must be stricken from the summary judgment record. *See Finn*, 782 F.2d at 16-17; Fed. R. Civ. P. 56(e).

Much of the material submitted by ARY fails to meet the admissibility test and therefore should be stricken. Specifically, defendants move to strike the following items:

9828979_1.DOC

- The affidavit of Barry Pickens (and exhibits thereto), dated September 13, 2005 ("Pickens Aff. I"), which seeks to put before the Court the inadmissible deposition testimony of non-party witness Thomas Morgan taken in a prior action in Missouri in which neither defendant herein was a party;

- Paragraph 4 of the affidavit of Thomas Morgan, dated September 14, 2005 ("Morgan Aff."), which ARY apparently seeks to use to contradict sworn testimony given by Mr. Morgan at his deposition in this case;

- The affidavit of Ijaz-Ul-Ahsan, dated September 8, 2005 ("Ul-Ahsan Aff.")(and the exhibits thereto), which addresses the criminal charges against Razzak and seeks to put before the Court voluminous documents relating to those charges;

- The affidavits of ARY's purported experts, John Baerst ("Baerst Aff."), Thomas Bonville ("Bonville Aff."), and Shirley Webster ("Webster Aff."), all of whom opine on issues not relevant to defendants' motion for summary judgment; and

- The affidavit of Barry Pickens, dated September 12, 2005 ("Pickens Aff. II"), which seeks to put before the Court reams of irrelevant invoices for legal fees apparently incurred by ARY in other lawsuits.

I. **The Court Should Strike Pickens Affidavit I and the Deposition Testimony It Seeks to Put Before the Court**

Despite the fact that Thomas Morgan, formerly a Foothill employee, was deposed in this case,[1] in its Rule 56.1 Statement and opposition brief, ARY relies extensively on deposition testimony given by Mr. Morgan in a case entitled *Krigel's, Inc. v. ARY Jewelers, LLC*, which was litigated in the U.S. Bankruptcy Court, Western District of Missouri (the "Missouri Litigation"). Neither defendant herein was a party to, or participated in any way, in the Missouri Litigation. The transcript of Mr. Morgan's deposition in the Missouri Litigation (the "Missouri Deposition") is annexed to Pickens Aff. I. As discussed below, the Missouri Deposition is not admissible under Rule 32(a)(4) of the Federal Rules of Civil Procedure and Rule 804(b)(1) of the

---

[1] A copy of relevant portions of Mr. Morgan's deposition in this case is annexed as Exhibit 3 to the accompanying Reply Affidavit of Kate Cimini ("Reply Aff.").

Federal Rules of Evidence.[2] Accordingly, Pickens Aff. I and the Missouri Deposition should be stricken.

Rule 32(a)(4), which governs the use of a deposition transcript in an action other than that in which it was taken, provides, in part, as follows:

> [W]hen an action has been brought in any court of the United States or of any State and another action involving the same subject matter is afterward brought between *the same parties* or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefore.

Fed. R. Civ. P. 32(a)(4)(emphasis added). As the defendants herein were not parties in, and are not "representatives or successors in interest" of the parties to, the Missouri Litigation, the Missouri Deposition may not be used in the case at bar under Rule 32(a)(4).

Rule 32(a)(4) further provides that "[a] deposition previously taken may also be used as permitted by the Federal Rules of Evidence." Fed. R. Civ. P. 32(a)(4). The Federal Rules of Evidence do not permit use of the Missouri Deposition here.

Under Federal Rule of Evidence 804(b)(1), testimony given by a non-party witness at a hearing in a different proceeding is admissible only if: (a) the witness is unavailable; <u>and</u> (b) the party against whom the testimony is now offered had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. Neither prong of this test is satisfied by the Missouri Deposition. As evidenced by the fact that Mr. Morgan was deposed *in this case,* he surely is not "unavailable." In all events, as the defendants herein did not participate in the Missouri Deposition, they did not have an opportunity to "develop the testimony by direct, cross, or redirect examination".

---

[2] Mr. Morgan is not a party to this action, and, accordingly, does not fall within the exception to the hearsay rule established by Fed. R. Evid. 801(d)(2), which provides that admissions of a party-opponent are not hearsay.

## II. Paragraph 4 of the Morgan Affidavit Should be Stricken

Under the "sham affidavit" rule, a plaintiff cannot create a genuine issue of material fact using an affidavit that contradicts earlier deposition testimony.[3] The contradictory affidavit must be disregarded for purposes of summary judgment. *See Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4-5 (1st Cir. 1994).

In paragraph 4 of the Morgan affidavit submitted by ARY in opposition to defendants' summary judgment motion, Morgan states that he was "not aware of any further due diligence or background checks that were either necessary or had been requested." At his deposition *in this case*, Mr. Morgan testified that ARY would have been required, under Foothill's procedures, to disclose the criminal charges against Razzak. He further testified that Foothill would have done a background check, including an Internet search, regarding ARY and its principals, before finalizing any agreement with ARY. Reply Aff. Ex. 3 (Morgan Dep.) at 135-36. The affidavit does not specifically contradict Morgan's deposition testimony. However, if the Court concludes that the Morgan affidavit is in conflict with his deposition in this case, then the conflicting portions of the affidavit must be stricken pursuant to the "sham affidavit" rule. *See Mahan v. Boston Water & Sewer Comm'n*, 179 F.R.D. 49, 54-56 (D. Mass. 1998)(post-deposition affidavit of a non-party that contradicts deposition is insufficient to avoid summary judgment) (citation omitted).

Paragraph 4 should also be stricken to the extent it refers to Morgan's "belief" as to a probable agreement between Foothill and ARY. The "touchstone" of admissibility for affidavits supporting or opposing summary judgment is personal knowledge. *See Perez v. Volvo Car*

---

[3] It also does not contradict the affidavit of Steven Cole, which states that a background check would have been done with respect to any potential credit facility to ARY, and that such a search would undoubtedly have uncovered the Dow Jones articles or other similar news reports about ARY. Cole Aff. ¶16.

*Corp.*, 247 F.3d 303, 315-16 (1st Cir. 2001). The "requisite personal knowledge must concern facts as opposed to conclusions, assumptions, or surmise." *Id.* The "belief" expressed in paragraph 4 is nothing more than Morgan's opinion and surmise, and therefore is inadmissible.

### III. The Baerst and Bonville Affidavits Should be Stricken

It is self-evident that publicly available news articles obtained from an Internet web site cannot be considered "confidential" information. Recognizing this, ARY attempts to validate its inherently absurd argument to the contrary with "expert" opinion. Thus, ARY submits the Baerst and Bonville affidavits to try to convince the Court that the Dow Jones articles should be considered "confidential," and that the transmission of the articles somehow violated a "banking standard or practice" (Baerst Aff. ¶7), "demonstrated improper conduct" (Bonville Aff. ¶6), or "breach[ed] [defendants'] confidentiality responsibilities" (Bonville Aff. ¶6).

Not only are the Baerst and Bonville Affidavits substantively without merit, they are irrelevant to the issues currently before this Court and therefore should be stricken. *See Chapman v. Bernard's, Inc.*, 167 F. Supp. 2d 406, 420 (D. Mass. 2001) (stating that irrelevant expert testimony is inadmissible). As demonstrated in the defendant's accompanying reply memorandum, no Massachusetts court has recognized a cause of action for breach of a duty of confidentiality, much less in the factual context of this case. *See Capizzi v. FDIC*, Civ. A. No. 90-127755, 1993 WL 723477, at *11 (D. Mass. Mar. 9, 1993). Accordingly, while Mr. Bonville and Mr. Baerst each go to great lengths to try to convince this Court that the defendants violated some ill-defined "banking standard or practice", even were that true (which it is not), it would not give rise to a cognizable claim against defendants.[4]

---

[4] If the purpose of these affidavits is to show "improper means" for purposes of the tortious interference claim, they would still be irrelevant. Massachusetts law only considers a defendant's means to be improper "when they are contrary to law, such as in violation of statutes, regulations, or recognized common law rules." *Pathe Computer*

Moreover, to the extent that the Baerst and Bonville Affidavits purport to opine on the existence or nature of defendants' *legal* duty, they are inadmissible because experts are not competent to opine on questions of law. *See Chapman*, 167 F. Supp. 2d at 421 (expert testimony containing legal conclusions cannot properly assist trier of fact and is inadmissible); Fed. R. Evid. 702. The existence or nature of a legal duty is a question of law for the Court. Accordingly, the Baerst and Bonville Affidavits should be stricken for this reason as well.

The Baerst and Bonville Affidavits also must be stricken because they lack appropriate foundation. Indeed, glaringly absent from the improper "factual recitations" contained in each of the affidavits is any reference to the record evidence in this case that establishes that: (i) public information is often routinely exchanged among lending institutions for a variety of reasons, and (ii) under the circumstances of this case (*i.e.*, where one lender's proposed loan is intended to pay off another lender's existing facility), it is common practice for a lender who determines not to proceed with the loan, to notify the other bank of its decision. O'Connor Affidavit ¶ 10; Reply Aff. Ex. 3 (Morgan Dep.) at 29-31, 51-52, 94, 129-131, 184, 187-88; Reply Aff. Ex. 1 (Molinario Dep.) at 63, 105, 119-120, 134, 154-57; Reply Aff. Ex. 5 (Kennedy Dep.) at 35-40, 85-88; Reply Aff. Ex. 4 (O'Connor Dep.) at 95-96, 111.

Thus, while Baerst and Bonville speculate about how bankers on the front lines behave, they ignore the consistent, uncontroverted evidence in this case. Thus, both affidavits should be stricken for this independent reason. *See Damon v. Sun Co., Inc.*, 87 F.3d 1467, 1474 (1st Cir. 1996)(stating that "an expert should not be permitted to give an opinion that is based on

---

*Control Sys. Corp. v. Abbey Holding, Inc.*, Civ. A. No. 89-1374-2, 1990 WL 122345 (D. Mass. Aug. 17, 1990)(internal citations omitted).

conjecture or speculation from an insufficient evidentiary foundation")(internal quotations omitted).[5]

Not only do the Baerst and Bonville Affidavits ignore substantial record evidence, but the purported facts they do refer to are inaccurate and are based on improper assumptions as to what they claim the facts to be. It is well settled that a party may not seek to utilize a purported expert to present such a distorted version of the facts in an effort to oppose summary judgment. *See Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 92 (1st Cir. 1993)(in order to oppose summary judgment expert affidavits must comport with Rule 56(e) and cannot be based on assumptions); *see also, Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 551 (S.D.N.Y. 2004)(while an expert may rely upon facts for its opinion, an expert may not be presented for the purpose of constructing a factual narrative). Here, ARY seeks to utilize Baerst and Bonville to present a warped and distorted version of events. This Court should not allow them to do so, and should strike the Baerst and Bonville Affidavits for this reason as well.

## IV. The Ul-Ahsan Affidavit is Irrelevant

The Ul-Ahsan Affidavit alleges that the charges against the principals of ARY, which were the subject of the Dow Jones articles, lacked validity. However, the strength of the criminal charges pending against Mr. Razzak and others is simply not relevant to any issue before the Court. Indeed, defendants have established that information about the charges was public – a point which the Ul-Ahsan Affidavit confirms – and that their transmission was not in any way wrongful. Unable to deal with these points ARY, perhaps understandably, seeks to talk

---

[5] Baerst and Bonville rely on a statute that reflects that both Congress and the Federal Trade Commission have determined that information obtained from an Internet web site is *inherently public* and, therefore, is *specifically excluded* from any disclosure restrictions. *See* Mem. in Reply to Pl.'s Opp'n to Defs.' Mot. for Summ. J. at 15-16. Thus, the premise at the heart of the Baerst and Bonville Affidavits is demonstrably incorrect. More importantly, the fact that information obtained from the Internet is public – not "confidential" – is self-evident, and no amount of spinning by ARY's purported "experts" can alter that reality. Accordingly, for this reason alone, the Court should disregard the Baerst and Bonville Affidavits.

about other things. But these issues are simply irrelevant and, therefore, the Ul-Ahsan Affidavit should be stricken in its entirety. *See Finn*, 782 F.2d at 16-17; Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible").

## V. The Court Should Strike the Affidavit of Shirley Webster

Ms. Webster's affidavit assumes that if ARY prevails, it would be entitled under Count I to "lost profits" damages. She then goes on to opine as to the supposed amount of "lost profits." This entire analysis is irrelevant. The issue raised by defendants' motion is whether, as a matter of law, damages such as lost profits are available. Ms. Webster's affidavit is irrelevant because, as noted, it assumes the availability of such damages.

As defendants explain in their moving brief, the measure of damages in this case is limited to the difference between the interest ARY would have paid in the December Proposal, and the interest paid under any substitute financing agreement. Defs.' Mem. in Supp. Of Defs.' Mot. for Summ. J. 17-19. As ARY admittedly rejected substitute financing offered by Foothill, and admittedly could have paid cash for Krigel's, as a matter of law, it cannot prove compensable damages and may not recover "lost profits." *Id.*

Moreover, the Webster affidavit relies on materials that are not in the record, constitute inadmissible hearsay, or are otherwise inappropriate bases for an expert opinion. For example, Webster's recitation of the "facts" reflects that she relies upon on hearsay statements of ARY representatives. Webster Aff. ¶5. Furthermore, she provides no citation for those facts she purports to have gathered from the documents in this case.

## VI. The Court Should Strike the Pickens Affidavit II

The Pickens Affidavit II seeks to deluge the Court with voluminous records relating to the legal expenses ARY purportedly has incurred. As with the Webster Affidavit, these records have no bearing whatsoever on the legal issues before the Court. Indeed, they are, like the Webster Affidavit, specifically intended to create a mess, and to divert the Court from the actual legal issues. Accordingly, the Pickens Affidavit II and all its attachments should be stricken, and should not be considered by the Court.

## CONCLUSION

For the reasons stated above, the Court should: (i) strike the Missouri Deposition in its entirety; (ii) strike paragraph 4 of the Morgan Affidavit; and (iii) strike the Baerst, Bonville, Ul-Ahsan, Webster and Pickens affidavits in their entirety.

IBJTC BUSINESS CREDIT CORPORATION and DAVID MOLINARIO

By their attorneys,

/s/ Kate Cimini
Kate Cimini (BBO No. 654336)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Robert S. Fischler (Admitted Pro Hac Vice)
Ropes & Gray LLP
45 Rockefeller Plaza
New York, NY 10111
(212) 841-5700

Dated: September 29, 2005