UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY Jewelers, LLC., )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>IBJTC Business Credit Corp. and )<br>David Molinario, )<br>        Defendants. ) | CIVIL ACTION NO. 04:-CV-10281 EFH<br>**Oral Argument Requested** |

## PLAINTIFF'S OPPOSED MOTION FOR CONTINUANCE

TO THE UNITED STATES DISTRICT COURT:

    Plaintiff ARY Jewelers, LLC ("Plaintiff") files this Opposed Motion For Continuance, and in support thereof would respectfully show the Court the following:

1.    This case is set for trial for on the Court's non-jury docket on December 4, 2006.

2.    Plaintiff just recently learned that one of their banking expert witnesses, John Baerst, passed away. Although Mr. Baerst died last April after a long illness, Plaintiff was not aware that Mr. Baerst had died until recently and was also unaware that he had been ill. Mr. Baerst's deposition has not been taken in this case so it is not possible for his testimony to come before the Court by deposition.

3.    Plaintiff requests a continuance to allow it time to engage another banking expert. Although Plaintiff retained two banking experts (one of whom is Thomas Bonville), each provided equally important testimony based on each one's skill, experience, and expertise. Plaintiff designated both Mr. Baerst and Mr. Bonville, provided reports from both men, and relied upon affidavits from both

men in opposing Defendant's motion for summary judgment. Moreover, Plaintiff had always intended to present both Mr. Baerst and Mr. Bonville at trial to testify on the various banking issues in this case.

4. Among other testimony, Mr. Baerst would have testified that Defendant's conduct violated well-established banking and industry standards; that the industry recognizes that customer information is sensitive and must be handled carefully, and that Defendant neglected its duty to Plaintiff in contacting Foothill. Mr. Baerst's testimony was critical to Plaintiff's tortious interference case because it would support the contention that Defendant interfered through improper means.

5. Plaintiff will be substantially prejudiced without a continuance to allow it to obtain another banking expert witness to replace Mr. Baerst.

WHEREFORE, Plaintiff asks that this Motion be granted and that the trial be re-set from December 4 to another date no earlier than March 2007.

Dated October 16, 2006        Respectfully submitted,

**THE CARRIGAN LAW FIRM, L.L.P.**

By: /s/ Stephen P. Carrigan /s/ by Jill L. Groff
Stephen P. Carrigan(Admitted Pro Hac Vice)
State Bar No. 03877000
Federal I.D. 6112
2 Houston Center
909 Fannin, Suite 1575
Tel. (713)739-0810
Fax. (361)739-0821
*Attorney-in-Charge for Plaintiff*

OF COUNSEL:

Jill L. Groff (Admitted Pro Hac Vice)
The Carrigan Law Firm, L.L.P.
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas 77010
(713-729-0810 (telephone)
(713) 739-0821 (facsimle)
*Of Counsel for Plaintiff*

Ashish Mahendru BBO#647661
Mahendru, P.C.
1111 Bagby, Suite 2000
Houston, Texas 77002
(713) 571-1519 (telephone)
(713) 651-0776 (facsimile
*Of Counsel for Plaintiff*

## CERTIFICATE OF CONFERENCE

This is to certify that the undersigned attorney has conferred with counsel for Defendants and the same opposes to the relief requested in this Motion.

    /s/ Stephen P. Carrigan /s/ by Jill L. Groff
Stephen P. Carrigan/Jill L. Groff

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Opposed Motion for Continuance was served to each person listed below by certified mail, return receipt requested, facsimile and/or hand delivery on the 16th day of October, 2006.

Robert S. Fischler
Ropes & Gray, LLP
45 Rockefeller Plaza
New York, New York 10111

Christopher R. Dillon
Kate Cimini
Ropes & Gray, LLP
One International Place
Boston, MA 02110-2624

    /s/ Stephen P. Carrigan, /s/ by Jill L. Groff
Stephen P. Carrigan/Jill L. Groff