## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY JEWELERS, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>IBJTC BUSINESS CREDIT CORPORATION<br>and DAVID MOLINARIO,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04-10281-EFH |

### DEFENDANT IBJTC BUSINESS CREDIT CORP.'S OPPOSITION TO PLAINTIFF'S MOTION TO RE-URGE PLAINTIFF'S PREVIOUSLY FILED MOTION TO COMPEL

Plaintiff's motion to compel is the **third time** it has moved since fact discovery closed on **June 15, 2005** concerning a document request which was served and fully responded to more than two years ago. As it did in each of its prior motions, plaintiff claims, incorrectly, that documents were improperly withheld by defendants. The Court denied the prior two motions, and it should deny the current motion as well.[1]

Plaintiff's first motion was made on November 4, 2005. *See* Exhibit A. The motion sought to continue consideration of defendants' motion for summary judgment on the grounds that "[d]efendants have totally or intentionally failed to provide requested, pertinent documents to Plaintiff and further, the document production to date is wrongfully non-compliant with the Federal Rules of Civil Procedure." Exhibit A, p. 1. Defendants filed their opposition to

---

[1]  This opposition is filed only on behalf of defendant IBJTC because David Molinario is no longer a defendant, having been voluntarily dismissed by the plaintiff.

plaintiff's motion on November 4, 2005. *See* Exhibit B. On November 7, 2005 the Court denied

the motion. *See* Exhibit C.

On November 7, 2005, plaintiff filed a motion to compel concerning the same document

request at issue here. *See* Exhibit D. Plaintiff claimed that the defendants made "spurious and

baseless" objections. Ex. B, ¶ 4. On November 9, 2005, defendants filed their opposition to

plaintiff's motion. *See* Exhibit E. On December 20, 2005, the Court denied the motion to

compel. *See* Exhibit F.

In short, both of plaintiff's prior motions addressed the same document request attached

to its current motion, and sought the very same relief plaintiff now seeks. Defendant IBJTC

hereby incorporates by reference herein the same arguments it made in its oppositions to the two

prior motions.

Plaintiff has come forward with no new facts that would justify granting its motion to

compel. As IBJTC has previously explained, it has fully and fairly produced all relevant, non-

privileged documents in its possession, custody or control. At this late date, with defendant's

summary judgment motion decided, and the case scheduled for trial, there is no good cause to

reopen fact discovery. Plaintiff's motion should be denied.

Dated: June 1, 2006

                                ROPES & GRAY LLP


                                /s/
                                _____
                                Christopher R. Dillon (BBO No. 640896)
                                One International Place
                                Boston, MA 02110
                                (617) 951-7000

                                Attorneys for defendant
                                IBJTC Business Credit Corp.

Case 1:04-cv-10281-EFH    Document 126-2    Filed 10/16/2006    Page 3 of 21
05/19/2006  11:06    713-739-0821    THE CARRIGAN LAWFIRM    PAGE  02/27
Case 1:04-cv-10281-EFH    Document 111-2    Filed 06/01/2006    Page 1 of 4

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

ARY Jewelers, LLC.,                    )
                 Plaintiff,    )
                                )
v.                                      )    CIVIL ACTION NO. 04:-CV-10281 EFH
                                )
IBJTC Business Credit Corp. and         )
David Molinario,                        )
                Defendants.    )

## PLAINTIFF ARY JEWELERS, LLC.'S MOTION
## FOR ADDITIONAL DISCOVERY

TO THE UNITED STATES DISTRICT COURT:

COMES NOW ARY Jewelers, LLC. ("ARY"), Plaintiff in the above-styled and captioned matter and files this its Motion for Additional Discovery and in support thereof would respectfully show the following:

1.     This lawsuit involves a tortious interference allegation between Plaintiff and a potential lender, Defendant IBJ, in which it is alleged that Defendant IBJ, wrongfully and tortiously forwarded information about its customer to a competing potential lender.

2.     This matter was initially set for trial by this Honorable Court for February, 2006, with an initial fact discovery cut-off date of March 14, 2005. The fact discovery, expert designation, and other deadlines were changed pursuant to the parties' Assented to Motion to Extend the Time for Fact Discovery. Importantly, pursuant to the new scheduling order entered after this motion, Defendants Expert Designation and report deadline was on or about October 28, 2005. Plaintiff timely met its experts' designation deadlines. At the request of the Defendant, much discovery was postponed and, Plaintiff allowed the Defendant to designate its experts and provide reports ninety

Case 1:04-cv-10281-EFH    Document 126-2    Filed 10/16/2006    Page 4 of 21
05/19/2006  11:06    713-739-0821    THE CARRIGAN LAWFIRM    PAGE  03/27
Case 1:04-cv-10281-EFH    Document 111-2    Filed 06/01/2006    Page 2 of 4

days after the Court entered its order on Defendants' Motion for Summary Judgment. As this
Honorable Court is well aware, Defendants' Motion for Summary Judgment has now been heard and
this Honorable Court has denied same as to the tortious interference claim. Plaintiffs were ready
and able to go to trial in May; however, at the urging of Defendant, and again with counsel for
Plaintiff once again accommodating Defendant, the trial date was pushed back and reset to
September 25, 2006. Because of another trial setting in a Texas state court, the trial has now been
set for December 11, 2006.

3.     Given Plaintiff's continued accommodations of Defendants' scheduling requests, the latest
trial setting, and the denial of Defendant's Motion for Summary Judgment, Plaintiff requests this
additional limited discovery. Plaintiff is entitled to the same and there is no reason for Defendants
to refuse allowing such additional limited discovery.

4.     Plaintiff requests the following additional discovery:

a.     Production of documents requested much before the original discovery deadline and
       made the basis of Plaintiff's Motion to Compel attached hereto as Exhibit A. Note
       that these documents are long requested and continually not produced by the
       Defendant includes such basic and necessary documents as Defendant IBJ's policies
       and procedures for the time period in-question. Concurrent with the production of
       these previously requested documents, Plaintiff would request the deposition of
       Defendant IBJ's custodian of records.

b.     Plaintiff would seek and request the deposition of Steven Cole, who executed a key
       affidavit in support of Defendants' Motion for Summary Judgment and testified to
       a meeting that Plaintiff disputes even took place, but is a key remaining fact issue per

Case 1:04-cv-10281-EFH    Document 126-2    Filed 10/16/2006    Page 5 of 21
05/19/2006  11:06    713-739-0821        THE CARRIGAN LAWFIRM                        PAGE  04/27
Case 1:04-cv-10281-EFH    Document 111-2 ·  Filed 06/01/2006    Page 3 of 4

this Honorable Courts' Order Denying Defendants' Summary Judgment Motion. Mr.
Cole's affidavit is attached hereto as Exhibit B.  Note that prior to the initial
discovery cutoff and prior to the submission of Cole's affidavit, Defendant's counsel
had represented that he had had little or no dealings with ARY/Krigel's and thus no
deposition was taken earlier.

c.    Plaintiff also needs to take the deposition of Scott Krigel, who is alleged by the
Defendants to be an attendant at an alleged meeting before February 28, 2001
between Krigel, Steven Cole, and Gohar Husain.  Thus, Mr. Scott Krigel is a key
witness and should be deposed.

For the above reasons and so that the best interests of justice may be served, Plaintiff prays
that this Honorable Court allow the above additional discovery and enter an order accordingly:

1.    Defendants shall produce documents requested before the original discovery deadline
and made the basis of Plaintiff's Motion to Compel as follows:

A.    Defendants' objections to Plaintiff's Request for Production of Documents
shall be stricken;

B.    Defendants shall produce all relevant documents, including but not limited
to all of Defendants' policies and procedures as requested in place at the time
of the occurrences made the basis of this lawsuit;

C.    Defendants shall provide Plaintiff with a proper privileged document log;

D.    Defendants shall produce their responsive documents identified by category
and as kept in the regular course of business; and

E.    Plaintiff's counsel be allowed to inspect Defendants' original documents as

Case 1:04-cv-10281-EFH    Document 126-2    Filed 10/16/2006    Page 6 of 21
05/19/2006  11:06    713-739-0821    THE CARRIGAN LAWFIRM    PAGE  05/27
Case 1:04-cv-10281-EFH    Document 111-2    Filed 06/01/2006    Page 4 of 4

kept in the regular course of business

    F.    All of the foregoing shall accomplished within fourteen (14) days of the

entering of an Order by this Court;

2.    Plaintiffs may depose Defendant IBJ's custodian of records;

3.    Plaintiffs may depose Steven Cole; and

4.    Plaintiffs may depose Scott Krigel.

The depositions of Mr. Cole and Mr. Krigel shall be conducted at a time mutually agreeable

to all parties. Additionally, Defendants shall make the custodian of records available within sixty

days of the entry of the Court's order. Plaintiff prays for all additional and further relief to which

it may show itself justly entitled.

Respectfully submitted,

THE CARRIGAN LAW FIRM, L.L.P.

By:   _____

Stephen P. Carrigan (Admitted Pro Hac Vice)
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas 77010
(713) 739-0810 (telephone)
(713) 739-0821 (telefax)
*Attorney-in-Charge for Plaintiff*

OF COUNSEL:

**THE CARRIGAN LAW FIRM, L.L.P.**
Jill L. Groff (Admitted Pro Hac Vice)
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas 77010
(713) 739-0810 (telephone)

**MAHENDRU, P.C.**
Ashish Mahendru BBO#647661
1111 Bagby, Suite 2000
Houston, Texas 77002
(713) 571-1519 (telephone)
(713) 651-0776 (telefax)

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ARY JEWELERS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 04-10281 (EFH) |
| IBJTC BUSINESS CREDIT CORP. AND DAVID MOLINARIO, | ) ) ) ) | |
| Defendants. | ) ) ) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### MOTION FOR A CONTINUANCE OF CONSIDERATION OF DEFENDANTS'
### MOTION FOR SUMMARY JUDGMENT

#### Introduction

The Motion by plaintiff ARY Jewelers LLC ("ARY") seeks to reopen fact discovery which, under the Court's revised scheduling order, ended almost 5 months ago, on **June 15, 2005.**

In the Motion, ARY seeks documents "responsive" to a document request that was served in late July, well *after* the discovery cutoff date. The request seeks documents that either have already been produced or which do not exist. ARY also seeks to compel the corporate defendant, IBJTC, to produce for deposition a witness, Steven Cole, over whom IBJTC has no control, and who resides in North Carolina. Contrary to the statements in ARY's Motion, Mr. Cole has never been employed by IBJTC. Moreover, Mr. Cole was identified in defendants' Rule 26 disclosures, which were served on ARY in **June 2004.** Yet ARY made no effort to subpoena Mr. Cole or otherwise obtain his attendance at deposition during the lengthy fact discovery phase of this case.

9857560_1

Case 1:04-cv-10281-EFH     Document 126-2     Filed 10/16/2006     Page 8 of 21
Case 1:04-cv-10281-EFH     Document 111-3     Filed 06/01/2006     Page 2 of 5
Case 1:04-cv-10281-EFH     Document 81     Filed 11/04/2005     Page 2 of 5

Approximately six weeks ago, ARY opposed, *without claiming to need additional discovery*, defendants' initial motion for summary judgment motion in this case. That motion was mooted by the subsequently filed Second Amended Complaint to which the defendants' pending summary judgment motion is directed. Defendants' pending motion is a slightly revised version of their prior motion, and is supported by the very same evidence. Yet plaintiff offers no explanation for why it was able to oppose the initial motion, but supposedly needs additional discovery to oppose the re-filed motion. Indeed, ARY has indicated that *it will be filing opposition papers to the pending summary judgment motion on Monday, November 7, 2005.* This completely undermines the premise of the Motion, which is that further discovery is needed to oppose summary judgment.

Beyond its incorrect allegations concerning Mr. Cole, ARY's Motion, which lacks the affidavit required by Rule 56(f), is based on false assertions and baseless personal attacks on defendants' counsel. For example, it is not true as alleged that any deposition of a "custodian of records" was ever to take place in Boston. No such deposition was ever scheduled, nor was one requested within the discovery period. At bottom, the Motion is a frivolous attempt to delay consideration of defendants' motion for summary judgment, which ARY plainly cannot defeat.

We respectfully ask the Court to deny the Motion and to turn at its earliest convenience to deciding defendants' pending motion for summary judgment.

### Plaintiff Has Not Met Its Burden Under Rule 56(f)

Plaintiff's Motion fails under Rule 56(f) of the Federal Rules of Civil Procedure, which governs the motion.[1] "To benefit from the protections of Rule 56(f), a litigant ordinarily must

---

[1] Rule 56(f) provides: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may made such other order as is just."

Case 1:04-cv-10281-EFH    Document 126-2    Filed 10/16/2006    Page 9 of 21
Case 1:04-cv-10281-EFH    Document 111-3    Filed 06/01/2006    Page 3 of 5
Case 1:04-cv-10281-EFH    Document 81    Filed 11/04/2005    Page 3 of 5

furnish the nisi prius court with a timely statement – if not by affidavit, then in some other authoritative manner – that (i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion. Such a litigant also must have exercised 'due diligence' both in pursuing discovery before the summary judgment initiative surfaces and in pursuing an extension of time thereafter." Velez v. Awning Windows, 375 F.3d 35, 39-40 (1st Cir. 2004).

In Velez, the First Circuit held that the motion for a continuance was properly denied because it failed to identify "a single sought-after fact", and did not explain how information sought, if unearthed, would influence the outcome of the pending motion for summary judgment." Id. at 40. Here, the plaintiff's motion suffers from the same deficiencies. There is no explanation whatsoever as to what specific facts plaintiff expects to elicit from additional discovery, or how such facts would influence the outcome of defendants' pending summary judgment motion. For these reasons alone, the Motion, as in Velez, must be denied.

It should be denied for the further reason that plaintiff failed to exercise due diligence "in pursuing discovery before the summary judgment initiative surface[d]". Id. As noted, fact discovery began in June 2004, and at plaintiff's request, Court later extended the initial cutoff date from March 14, 2005 to June 15, 2005.[2] Thus, ARY had a full year to obtain discovery and to raise any legitimate discovery issues with the Court before the extended cutoff date. In addition, almost five months have now passed since the June 2005 cutoff date. Yet plaintiff

---

[2] The discovery in this case has included, among other things, Rule 26 disclosures, the exchange of written discovery requests and responses thereto, production by defendants of voluminous documents responsive to multiple requests from plaintiff, the production by subpoenaed third parties of several boxes of documents, and the depositions of several party and non-party witnesses. With one exception, all of the depositions were taken at plaintiff's request.

Case 1:04-cv-10281-EFH    Document 126-2    Filed 10/16/2006    Page 10 of 21
Case 1:04-cv-10281-EFH    Document 111-3    Filed 06/01/2006    Page 4 of 5
Case 1:04-cv-10281-EFH    Document 81    Filed 11/04/2005    Page 4 of 5

failed to raise any document discovery issue, or to in any way seek Mr. Cole's deposition, until now. Remarkably, plaintiff provides no explanation in the Motion as to why it did not earlier pursue the discovery it now claims to need, or raise any discovery disputes before the expiration of the extended cutoff date.

Plaintiff failed to exercise due diligence in other respects as well. Its Motion asserts that plaintiff was somehow misled by defendants' counsel about the role of Steven Cole, and that that is why plaintiff failed to seek his deposition. Motion at p. 2. This is pure fiction. First, contrary to plaintiff's assertion, Mr. Cole was not "an employee of Defendant at the time in question." Id. Rather, he was employed by Foothill Capital Corp., a non-party. He is not now, and never has been, employed by the corporate defendant here. Second, Mr. Cole was identified as a person with relevant information in defendants' Rule 26(a) disclosures, which were served on plaintiff in June 2004. Therefore, plaintiff was aware of Mr. Cole since that time, and could easily have pursued his deposition before the end of the extended discovery cutoff period in June 2005. Instead, plaintiff chose to take depositions of peripheral witnesses, and to procure no less than 10 "expert" reports and affidavits, which have no bearing on this case. Plaintiff, of course, had the right to decide its own pretrial strategy, but cannot now credibly claim that it did not know about Mr. Cole (who also was identified by other deposition witnesses). Finally, ARY's allegation that it was somehow misled by defense counsel is both false and offensive.

It is similarly disingenuous for plaintiff, a billion-dollar enterprise with interests all over the globe, to argue to this Court that it was somehow constrained by "limited resources" from attempting to subpoena Mr. Cole for a deposition. Motion at p. 2. In fact, as its prolific (mis)use of highly compensated "experts" demonstrates, ARY is more than able to expend substantial sums in pursuit of this meritless case.

9857560_1                                     4

Case 1:04-cv-10281-EFH     Document 111-3     Filed 06/01/2006     Page 5 of 5
Case 1:04-cv-10281-EFH     Document 81     Filed 11/04/2005     Page 5 of 5

## CONCLUSION

The Motion fails under Rule 56(f) and therefore should be denied.


Dated: November 4, 2005

ROPES & GRAY LLP


By: /s/_____

    Christopher R. Dillon  (BBO No. 640896)
    One International Place
    Boston, MA  02110-2621
    Tel:  (617) 951-7000

    Attorneys for Defendants


9857560_1

5

Case 1:04-cv-10281-EFH    Document 126-2    Filed 10/16/2006    Page 12 of 21
Page 1 of 2
Case 1:04-cv-10281-EFH    Document 111-4    Filed 06/01/2006    Page 1 of 1

## Fischler, Robert S.

**From:**    ECFnotice@mad.uscourts.gov

**Sent:**    Tuesday, November 08, 2005 7:29 AM

**To:**    CourtCopy@mad.uscourts.gov

**Subject:** Activity in Case 1:04-cv-10281-EFH Ary Jewelers, LLC v. IBJTC Business Credit Corporation "Order on Motion to Continue"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Holahan, Sandra entered on 11/8/2005 at 7:28 AM EST and filed on 11/7/2005

**Case Name:**    Ary Jewelers, LLC v. IBJTC Business Credit Corporation

**Case Number:**    1:04-cv-10281

**Filer:**

**Document Number:**

**Docket Text:**

Judge Edward F. Harrington : ElectronicORDER entered denying [79] Motion to Continue. MOTION FOR CONTINUENCE OF CONSIDERATION IS DENIED. cc/cl (Holahan, Sandra)

The following document(s) are associated with this transaction:

**1:04-cv-10281 Notice will be electronically mailed to:**

Stephen P. Carrigan    scarrigan@carriganlawfirm.com

Kate Cimini    kcimini@ropesgray.com, SamplePlead@ropesgray.com

Christopher R. Dillon    cdillon@ropesgray.com, SamplePlead@ropesgray.com

Robert S. Fischler    Robert.Fischler@ropesgray.com, paul.lang@ropesgray.com; sampleplead@ropesgray.com

Jill L. Groff    wwatson@carriganlawfirm.com

Ashish Mahendru    amahendru@thelitigationgroup.com

**1:04-cv-10281 Notice will not be electronically mailed to:**

Lee S. Gayer

5/22/2006

COPY

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ARY Jewelers, LLC.,                    )
                    Plaintiff,         )
                                       )
                                       )
v.                                     )        CIVIL ACTION NO. 04-CV-10281 EFH
                                       )        **Oral Argument Requested**
IBJTC Business Credit Corp. and        )
David Molinario,                       )
                    Defendants.        )

---

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ARY JEWELERS, LLC**, (hereinafter called "Plaintiff") in the above-styled and captioned matter and files this its Motion to Compel and in support thereof would show the following:

1.      In this lawsuit ARY alleges that the Defendant herein tortiously interfered with its contract and business relationship with a competitor of Defendants.

As in many commercial cases, obtaining a full and complete set of Defendants pertinent documents/records is critical. In this lawsuit, the Defendant has ingeniously failed to provide documents, therefor necessitating Plaintiff's Motion to Compel.

2.      On or about June 29, 2004, Plaintiff propounded to Defendant a set of requests for production of documents (a copy of Plaintiff's Request for Production of Documents to IBJTC Business Credit Corp., and David Molinaria is attached hereto as Exhibit 1).

3.      On or about July 26, 2004 Defendant served its Response thereto upon counsel of record for your Plaintiff. (A copy of Defendants Responses and Objections hereto attached as

1

05/19/2005  11:06   713-739-0821          THE CARRIGAN LAWFIRM                PAGE  12/27

Exhibit 2.)

4.     In Defendants' Response, Defendant objected to nearly all of Plaintiffs Requests and stated for a few that Defendant would supplement.  Most of Defendants' Objections were form objections, spurious and baseless.

5.     Much later, Defendant finally produced and forwarded some documents, but intentionally failed to supplement its responses.  Importantly, the documents forwarded by the Defendant were not segregated by request, nor were the documents produced as kept in the regular course and scope of business, both shortcomings being in violation of the Federal Rules of Procedure.  Further, Defendant failed to remove any of its multiple meaningless objections, leaving counsel for Plaintiff in the dark and guessing as to which objection Defendant was really serious about, if any.  It also leaves one to wonder if Defendant is hiding documents behind its meaningless objections.

6.     It is also obvious upon reviewing Defendants' production that many key documents were withheld.  This was substantiated throughout the course of depositions of Defendants' representatives.  The most glaring example of the above is Defendants' failure to even produce its policy and procedures manual that could indeed be pivotal in this case. Defendant not only failed to produce its policy and procedures manual with its document production, but continued to failed to do so, despite repeated requests from the undersigned.  In fact, counsel for Defendant kept representing that it would be produced with each request to produce same, until the discovery period ended on June 15, 2005, at which time the Defendants' counsel took the position that the discovery period had expired and therefor his client had no obligation to produce same.  Likewise with Plaintiff's request to review the originals of Defendants' documents as kept in the regular course of business.  Again, counsel for Defendant continually represented that this request would be complied with and then with the expiration of the discovery period, likewise took the position that there was no obligation to do so.

Case 1:04-cv-10281-EFH       Document 126-2       Filed 10/16/2006       Page 15 of 21
05/19/2006  11:05    713-739-0821         THE CARRIGAN LAW FIRM                PAGE  13/27
       Case 1:04-cv-10281-EFH       Document 111-5       Filed 06/01/2006       Page 3 of 5

7.    These documents are critical to the case. Certainly Plaintiff is entitled to review these withheld documents. Likewise, Plaintiff has the absolute right to view all of Defendants' pertinent documents in their original form as kept in the course of ordinary business. Certainly Plaintiff is entitled to know which documents are responsive to which categories and be provided with a privileged document log. Certainly Plaintiff is allowed to have a hearing and ruling on Defendants' multiple form objections and to be able to determine as best as is possible that Defendants are not hiding behind frivolous objections in withholding otherwise pertinent, material and responsive documents. Defendants should not be allowed to use the Federal Rules of Procedure and this Honorable Courts' deadlines to prevent necessary and legitimate discovery. Defendant should not be allowed to pay lip-service to providing documents that are relevant and material and responsive and in the form and fashion as requested and as required by the Federal Rules of Procedure just long enough for the Courts' discovery period to lapse and then hide behind same. What your Plaintiff is requesting herein is not new or additional discovery, rather what Plaintiff is seeking is for this Courts' assistance in compelling Defendants to fulfill their discovery obligations prior to the expiration of the Discovery Period.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court set this matter for a hearing and upon said hearing and after reviewing the pertinent motions and related pleadings, and after hearing argument from counsel, that this Court enter an Order, striking Defendants' objections to Plaintiffs Request for Production of Documents, requiring Defendants to produce all relevant documents including but not limited to all of Defendants' policies and procedures in place at the time of the occurrences made the basis of this lawsuit, that Defendants be required to provide Plaintiff with a proper privileged document log, that Defendants produce their responsive documents identified by category and as kept in the regular course of business and that Plaintiff's counsel be allowed to inspect Defendants' original

3

Case 1:04-cv-10281-EFH    Document 126-2    Filed 10/16/2006    Page 16 of 21
05/19/2006  11:05   713-739-0821          THE CARRIGAN LAWFIRM                    PAGE  14/27
Case 1:04-cv-10281-EFH    Document 111-5    Filed 06/01/2006    Page 4 of 5

documents as kept in the regular course of business and that all of this be accomplished within

fourteen (14) days of the entering of an Order by this Court, and for such other and further relief

as this Honorable court believes that Plaintiff is justly entitled to.

Respectfully submitted,

**THE CARRIGAN LAW FIRM, L.L.P.**

By: _____

Stephen P. Carrigan (Admitted Pro Hac Vice)
State Bar No. 03877000
Federal I.D. 6112
2 Houston Center
909 Fannin, Suite 1575
Tel. (713)739-0810
Fax. (361)739-0821
*Attorney-in-Charge for Plaintiff*

OF COUNSEL:

Jill L. Groff (Admitted Pro Hac Vice)
The Carrigan Law Firm, L.L.P.
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas 77010
(713-729-0810 (telephone)
(713) 739-0821 (facsimle)
*Of Counsel for Plaintiff*

Ashish Mahendru BBO#647661
Mahendru, P.C.
1111 Bagby, Suite 2000
Houston, Texas 77002
(713) 571-1519 (telephone)
(713) 651-0776 (facsimile)
*Of Counsel for Plaintiff*

## CERTIFICATE OF CONFERENCE

This is to certify that the undersigned attorney attempted in good faith to resolve the issues surrounding this discovery matter without court intervention, however those attempts failed. Therefore, the matter is presented to the Court for determination.

Stephen P. Carrigan

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Motion to Compel Defendant, IBJTC Business Corp., and David Molinario's. Responses to Request for Production was served to each

4

Case 1:04-cv-10281-EFH    Document 126-2    Filed 10/16/2006    Page 17 of 21
05/19/2006  11:05    713-739-0021    THE CARRIGAN LAWFIRM    PAGE  15/27
Case 1:04-cv-10281-EFH    Document 111-5    Filed 06/01/2006    Page 5 of 5

person listed below by certified mail, return receipt requested, facsimile and/or hand delivery on the
_____ day of November, 2005.

Robert S. Fischler
Ropes & Gray, LLP
45 Rockefeller Plaza
New York, New York 10111

Stephen F. Carrigan

Case 1:04-cv-10281-EFH    Document 126-2    Filed 10/16/2006    Page 18 of 21
Case 1:04-cv-10281-EFH    Document 111-6    Filed 06/01/2006    Page 1 of 3
Case 1:04-cv-10281-EFH    Document 89    Filed 11/09/2005    Page 1 of 3

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARY JEWELERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 04-10281 (EFH) |
| v. | ) |
| | ) |
| IBJTC BUSINESS CREDIT CORP. | ) |
| AND DAVID MOLINARIO, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff's Motion to Compel is untimely and it seeks the production of documents which either already have been produced, or which do not exist.

Plaintiff waited to bring the Motion to Compel until now, even though fact discovery closed on **June 15, 2005,** and the document production about which plaintiff complains was made in **July 2004.** Even more perplexing, the Motion to Compel has been made while defendants' summary judgment motion is pending, and after plaintiff's opposition papers to that motion have been filed. Finally, the Motion to Compel comes on the heels of the Court's denial of plaintiff's motion to continue defendants' summary judgment motion, which sought an order compelling production of essentially the *very same documents* plaintiff now incorrectly claims have been withheld by defendants. The Court denied the motion for a continuance on November 8, 2005.

The Motion to Compel is based on pure speculation and generally complains about defendants' objections to various document requests. Yet it fails to identify a single document

3153075_12

Case 1:04-cv-10281-EFH    Document 126-2    Filed 10/16/2006    Page 19 of 21
Case 1:04-cv-10281-EFH    Document 111-6    Filed 06/01/2006    Page 2 of 3
Case 1:04-cv-10281-EFH    Document 89    Filed 11/09/2005    Page 2 of 3

which defendants have withheld, or which other discovery suggests has been improperly withheld. Indeed, as plaintiff has been advised repeatedly, the so-called "policies and procedures manual" about which it speculates is not in defendants' possession, custody or control. Moreover, there has been substantial deposition testimony about policies and procedures of the corporate defendant during the period in question.[1]

During the lengthy fact discovery period (which was once extended by the Court and lasted over one year), defendants produced several boxes of responsive documents to plaintiff, and addressed some 32 specific requests for production. Additionally, defendants made several witnesses, including former employees, available for deposition. In short, plaintiff obtained ample discovery during the discovery period, and this case is ripe for summary judgment.

We submit that plaintiff's recent discovery motions, coming five months after the close of fact discovery, are less a genuine attempt to obtain further discovery than an effort to influence the Court's view of defendants' pending motion for summary judgment. The Motion to Compel, like the prior motion for a continuance, is meritless and should be denied.

Although plaintiff's Motion to Compel is not styled as a motion for a continuance under Rule 56(f) of the Federal Rules, where a properly supported motion for summary judgment is pending, the opposing party is not entitled to additional discovery unless it meets the Rule 56(f) test. See Velez v. Awning Windows, 375 F.3d 35, 39-40 (1st Cir. 2004). For the reasons set forth in Defendants' Opposition to Plaintiff's Motion for a Continuance of Consideration of Defendants' Motion for Summary Judgment, filed November 4, 2005, the Motion to Compel does not begin to satisfy Rule 56(f).

---

[1] It should be noted that the corporate defendant, IBJ, ceased operations and sold its assets before this lawsuit commenced. IBJ does not have, or have the ability to obtain, all documents that existed prior to the sale.

Case 1:04-cv-10281-EFH    Document 126-2    Filed 10/16/2006    Page 20 of 21
Case 1:04-cv-10281-EFH    Document 111-6    Filed 06/01/2006    Page 3 of 3
Case 1:04-cv-10281-EFH    Document 89    Filed 11/09/2005    Page 3 of 3

## CONCLUSION

For all the foregoing reasons, the Motion to Compel  should be denied.


Dated:  November 9, 2005

ROPES & GRAY LLP


By: /s/_____
    Christopher R. Dillon (BBO No. 640896)
    One International Place
    Boston, Massachusetts 02110-2624
    (617) 951-7000

    Attorneys for Defendants


3153075_12                    3

Case 1:04-cv-10281-EFH    Document 126-2    Filed 10/16/2006    Page 21 of 21
Page 1 of 2
Case 1:04-cv-10281-EFH    Document 111-7    Filed 06/01/2006    Page 1 of 1

## Fischler, Robert S.

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Tuesday, December 20, 2005 11:31 AM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:04-cv-10281-EFH Ary Jewelers, LLC v. IBJTC Business Credit Corporation "Order on Motion to Compel" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Holahan, Sandra entered on 12/20/2005 at 11:31 AM EST and filed on 12/20/2005

**Case Name:**     Ary Jewelers, LLC v. IBJTC Business Credit Corporation
**Case Number:**     1:04-cv-10281
**Filer:**
**Document Number:**

**Docket Text:**
Judge Edward F. Harrington : Electronic ORDER entered denying [88] Motion to Compel. MOTION DENIED. cc/cl (Holahan, Sandra)

The following document(s) are associated with this transaction:

**1:04-cv-10281 Notice will be electronically mailed to:**

Stephen P. Carrigan    scarrigan@carriganlawfirm.com

Kate Cimini    kcimini@ropesgray.com, SamplePlead@ropesgray.com

Christopher R. Dillon    cdillon@ropesgray.com, SamplePlead@ropesgray.com

Robert S. Fischler    Robert.Fischler@ropesgray.com, paul.lang@ropesgray.com; sampleplead@ropesgray.com

Jill L. Groff    wwatson@carriganlawfirm.com

Ashish Mahendru    amahendru@thelitigationgroup.com

**1:04-cv-10281 Notice will not be electronically mailed to:**

Lee S. Gayer

5/22/2006