UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ARY JEWELERS, LLC, ET AL.,
                  Plaintiffs

v.

IBJTC BUSINESS CREDIT CORP. and
DAVID MOLINARIO,
                  Defendants.

CIVIL ACTION NO.:
04-10281-EFH

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# **O R D E R**

October 24, 2006

HARRINGTON, S.D.J.

      In response to Defendant IBJTC Business Credit Corporation's ("IBJ") motion to dismiss Count I of the Second Amended Complaint[1] and to Strike the Expert Report of Plaintiff ARY Jewelers, LLC's ("ARY") witness Shirley Webster (Pleading No. 114), the Court has considered the parties' submissions on that motion and rules as follows:

      The Court denies defendant's motion to enter judgment on Count I.

      When liability is proven, contract law has been used to calculate damages on business torts involving wrongfully denied financing, and the borrower applicant has been limited to damages equal to the cost of obtaining replacement financing. Stacy v. Merchant Bank, 482 A.2d 61, 64 (Vt. 1984). *See also*, U.S. Funding, Inc. of America v. Bank of Boston Corp., 28 Mass.App.Ct. 404, 407 (1990)(holding that consequential damages beyond the cost of alternative financing may be recovered only where, among other things, "substitute financing is unavailable." The measure

---

[1] A full statement of the case is found in Ary Jewelers, et al. v. IBJTC Business Credit Corp., 414 F.Supp.2d 90 (D. Mass. 2006).

of damages for a prospective borrower wrongfully denied financing is based on "the expense of getting another loan, consisting principally of the difference between the interest that the borrower contracted to pay and what he or she was compelled to pay to procure a replacement loan. . . ." 25 Williston on Contracts § 66:100 (4th ed.).  Williston further states that "[t]he borrower's basic recovery is limited, at best, to nominal damages where no actual damages of this nature are proved."  The Restatement (Second) of Contracts § 351 (1981), comment e, states that in most situations, "the lender's liability will be limited to the relatively small additional amount that it would ordinarily cost to get a similar loan from another lender."

It is to be noted that there is no dispute that plaintiff declined the terms of Foothill's March financing offer and decided not to seek any alternative financing.[2]

Therefore, the measure of any damages to be established in this case shall not include lost profits flowing from a separate contract between ARY and Krigel's Inc. ("Krigel") relating to ARY's agreement to purchase Krigel's stock, but only those damages flowing from defendant's alleged interference with ARY's financial relationship with Foothill Capital Corporation ("Foothill").  Thus, the Motion to Strike the Expert's Report, which calculated such lost profits, is granted.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge

---

[2] After plaintiff decided not to seek any alternative financing, plaintiff made a decision not to go forward with the Krigel's stock purchase.