UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY Jewelers, LLC., ) | |
|         Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04:-CV-10281 EFH |
| ) | |
| IBJTC Business Credit Corp. and ) | |
| David Molinario, ) | |
|         Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
OPPOSED MOTION FOR RECONSIDERATION OF
ORDER STRIKING EXPERT REPORT OF SHIRLEY WEBSTER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ARY JEWELERS, LLC, (hereinafter called "Plaintiff") in the above-styled and captioned matter and files this Motion for Reconsideration of Order Striking Expert Report of Shirley Webster and in support thereof would show the following:

**A.    Ms. Webster Calculated Damages Based on the Cost to ARY of the Change in Financing Terms**

1.    On October 24, 2006, this Court entered an order striking the expert report of economist, Shirley Webster. The Court held that when liability is proven for wrongful denial of financing, the proper measure of damages is the cost of obtaining replacement financing. The Court further held that Ms. Webster did not use this method of calculating damages, but rather used simply a lost profits analysis based on the profits ARY lost by not being able to consummate the ARY/Krigel's deal.

2.    Plaintiff respectfully requests that the Court reconsider its order because Ms. Webster

actually did calculate the damages based on the cost to ARY of obtaining replacement financing. Ms. Webster's calculation is based on the "economic damages *resulting from the change in Foothill's financing terms* for emergence financing for Krigel's." Report of Shirley Webster at 2 ("Webster Report"), a true and correct copy of which was attached as Exhibit D to Defendant's Motion To Strike Expert Report and to Enter Judgment Dismissing the Sole Remaining Count of the Second Amended Complaint and is incorporated herein.

3.      Although Ms. Webster's calculations refer to "lost profits", the damages model is not actually a lost profits model, but rather, a calculation based on the change in financing terms between the December 15, 2000 and the March 27, 2001 term sheets.  Ms. Webster sets out the differences between the two term sheets and states that she "has determined ARY's economic damages *due to the change in Foothill's financing terms*, allegedly caused by the acts of Defendants, by calculating *the difference* in the projected profits of Krigel's under the December 15, 2000 financing terms from Foothill and the projected profits under the March 27, 2001 financing terms from Foothill." Webster Report at 7-8. Ms. Webster goes on to state, that "[t]he projected profits *under each financing alternative* are based on financial projections prepared by Krigel's." *Id*.

4.      Ms. Webster's calculations are based on the "weighted average cost of capital of ARY" under the December 15 terms – 10.9 percent – versus the March 27 terms – 12.5 percent:

> The present value of the lost profits of ARY as of March 27, 2001 under the December 15 financing terms are calculated using a discount rate of 10.9 percent, or the calculated weighted average cost of capital of ARY under the December 15 financing terms.  The present value of the lost profits of ARY as of March 27, 2001 under the March 27 financing terms are calculated using a discount rate of 12.5 percent, with the higher discount rate reflecting the weighted average cost of capital under the March 27 financing terms and the greater risk of the one year financing period in these terms, as compared with the three year loan term under the December 15 financing terms.

5.      Indeed, Ms. Webster even backed-out certain expense differences so that her calculations were based solely on the difference in financing terms:

> For the December 15, 2000 financing terms, Krigel's prepared a monthly financial projection for its fiscal year ended February 28, 2002 and an annual projection for three years. . . . For the March 27, 2001 financing terms, Krigel's prepared a monthly financial projection for its fiscal year ended February 28, 2002. *The differences in the two annual projections were primarily related to the change in financing terms*; however, certain expense categories appear to have been adjusted for reasons other than the change in financing terms. *I have modified these changed expenses to be consistent with the December 2000 projections so that the differences in the two projections reflect the change in financing terms and not other changes in expenses.*

*Id*. at 8.

6. Despite its title, Exhibit 3 to Ms. Webster's report further demonstrates that the damages model is not a lost profits one, but rather a calculation based on the difference in the December 15 and March 27 financing terms. The calculation shows *the cost to ARY* of the financing under the March 27 terms versus the December 15 terms as being $3,084,461.

7. Ms. Webster's calculations comply with the law under *Stacy v. Merchants Bank*, 482 A.2d 61, 64 (Vt. 1984) and the Restatement (Second) of Contracts § 351 (1981), both of which limit the borrower's recovery to the "cost of obtaining replacement financing." Ms. Webster's opinion provides the difference in the cost of ARY obtaining financing under the December 15 and the March 27 terms.

**B. ARY Should be Able to Present Evidence of Consequential Damages to the Trier of Fact**

8. The Court recognized that consequential damages beyond the cost of alternative financing may be recovered where substitute financing is unavailable. These consequential damages could include the attorney's fees and expenses ARY incurred in defending itself in the Krigel's litigation[1]. Whether ARY incurred consequential damages and can recover the litigation costs and expenses should be a question of fact for the factfinder. Although the Court struck Ms. Webster's opinion,

---

[1] To the extent the Court determines that Ms. Webster's report does indeed calculate lost profits, then the trier of fact should also be able to determine these damages as consequential damages.

it did not strike Barry Pickens' report which set forth the amount and reasonableness of attorney's fees and expenses ARY incurred in defending itself in the Krigel's litigation (nor did Defendants did request that Mr. Pickens' report be stricken.).  The Court's opinion stated that

9.	To the extent applicable, ARY incorporates herein its Opposition to Defendant's Motion To Strike Expert Report and to Enter Judgment Dismissing the Sole Remaining Count of the Second Amended Complaint.

**C.	Conclusion**

Plaintiff ARY respectfully requests that the Court reconsider its order striking the report of Shirley Webster.  ARY further requests that it allow ARY to present to the trier of fact evidence of attorney's fees and expenses incurred in the Krigel's litigation (and to the extent the Court determines that Ms. Webster's calculations are lost profits, then the same be presented to the trier of fact as consequential damages), and for such other and further relief to which ARY may be justly entitled.

Dated November 9, 2006		Respectfully submitted,

						**THE CARRIGAN LAW FIRM, L.L.P.**

						By: __/s/ Stephen P. Carrigan  /s/ by Jill L. Groff__
						Stephen P. Carrigan (Admitted Pro Hac Vice)
						State Bar No. 03877000
						Federal I.D. 6112
						2 Houston Center
						909 Fannin, Suite 1575
						Tel. (713)739-0810
						Fax. (361)739-0821
						*Attorney-in-Charge for Plaintiff*

OF COUNSEL:

Jill L. Groff (Admitted Pro Hac Vice)		Ashish Mahendru BBO#647661
The Carrigan Law Firm, L.L.P.			Mahendru, P.C.
2 Houston Center					1111 Bagby, Suite 2000
909 Fannin, Suite 1575				Houston, Texas 77002
Houston, Texas 77010				(713) 571-1519 (telephone)
(713-729-0810 (telephone)			(713) 651-0776 (facsimile
(713) 739-0821 (facsimle)			*Of Counsel for Plaintiff*
*Of Counsel for Plaintiff*

Imanage 68335					4

**CERTIFICATE OF CONFERENCE**

      This is to certify that the undersigned attorney has conferred with counsel for Defendants and the same is opposed to the relief requested in this Motion.

                                                      __/s/ Stephen P. Carrigan, /s/by Jill L.Groff_____
                                                      Stephen P. Carrigan/Jill L. Groff

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of Plaintiff's Opposed Motion for Reconsideration of Order Denying Motion to Compel was served to each person listed below by certified mail, return receipt requested, facsimile and/or hand delivery on the 16th day of October, 2006.

Robert S. Fischler
Ropes & Gray, LLP
45 Rockefeller Plaza
New York, New York 10111

Christopher R. Dillon
Kate Cimini
Ropes & Gray, LLP
One International Place
Boston, MA 02110-2624

                                                    __/s/ Stephen P. Carrigan, /s/ by Jill L.Groff_____
                                                      Stephen P. Carrigan/Jill L. Groff

Imanage 68335