UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY Jewelers, LLC., ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04:-CV-10281 EFH |
| ) | |
| IBJTC Business Credit Corp. and ) | |
| David Molinario, ) | |
|       Defendants. ) | |

**PLAINTIFF'S OPPOSED AMENDED MOTION FOR CONTINUANCE
AND REQUEST FOR EMERGENCY DECISION BY SUBMISSION**

TO THE UNITED STATES DISTRICT COURT:

Plaintiff ARY Jewelers, LLC ("Plaintiff") files this Opposed Amended Motion For Continuance, and in support thereof would respectfully show the Court the following:

1. This case is set for trial for on the Court's non-jury docket on December 4, 2006.

2. Plaintiff needs additional time to prepare for trial given the death of its banking expert, John Baerst, and recent Court rulings striking Plaintiff's expert witness, Shirley Webster, which also presumably forecloses recovery of damages for attorney's fees and expenses incurred in the Krigel's litigation

3. Plaintiff just recently learned that one of their banking expert witnesses, John Baerst, passed away. Although Mr. Baerst died last April after a long illness, Plaintiff was not aware that Mr. Baerst had died until recently and was also unaware that he had been ill. Mr. Baerst's deposition has not been taken in this case so it is not possible for his testimony to come before the Court by deposition.

4.  Plaintiff requests a continuance to allow another banking expert to prepare to testify in the case. Although Plaintiff retained two banking experts (one of whom is Thomas Bonville), each provided equally important testimony based on each one's skill, experience, and expertise. Plaintiff designated both Mr. Baerst and Mr. Bonville, provided reports from both men, and relied upon affidavits from both men in opposing Defendant's motion for summary judgment. Moreover, Plaintiff had always intended to present both Mr. Baerst and Mr. Bonville at trial to testify on the various banking issues in this case.

5.  Among other testimony, Mr. Baerst would have testified that Defendant's conduct violated well-established banking and industry standards; that the industry recognizes that customer information is sensitive and must be handled carefully, and that Defendant neglected its duty to Plaintiff in contacting Foothill. Mr. Baerst's testimony was critical to Plaintiff's tortious interference case because it would support the contention that Defendant interfered through improper means.

6.  Plaintiff is in the process of engaging another expert, but he needs more time to fully prepare for the case. Plaintiff will be substantially prejudiced without a continuance to allow Mr. Baerst's replacement time to prepare.

7.  Additionally and/or alternatively, Plaintiff seeks a continuance so that it may have time to adequately prepare its damages evidence given the Court's recent order, and denial of reconsideration, striking the report of its economist Shirley Webster, which also presumably forecloses recovery for attorney's fees and expenses incurred in the Krigel's litigation.

8.  This suit has been on file for over two years and Plaintiff served Defendant with Ms. Webster's report over a year ago, yet on the eve of trial, Court rulings essentially knock out all testimony that supports Plaintiff's damages. Plaintiff needs additional time to assess and obtain

evidence of its damages. Plaintiff asks for only an additional 90 days.

9. Given the trial setting of December 4, 2006, Plaintiff also requests that the Court consider this Motion on an emergency basis before the usual time for submission under the Local Rules.

WHEREFORE, Plaintiff asks that this Motion be granted and that the trial be re-set from December 4 to another date no earlier than March 2007.

Dated November 21, 2006       Respectfully submitted,

**THE CARRIGAN LAW FIRM, L.L.P.**

By: __/s/ Stephen P. Carrigan /s/ by Jill L. Groff_____
Stephen P. Carrigan(Admitted Pro Hac Vice)
State Bar No. 03877000
Federal I.D. 6112
2 Houston Center
909 Fannin, Suite 1575
Tel. (713)739-0810
Fax. (361)739-0821
*Attorney-in-Charge for Plaintiff*

OF COUNSEL:

Jill L. Groff (Admitted Pro Hac Vice)
The Carrigan Law Firm, L.L.P.
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas 77010
(713-729-0810 (telephone)
(713) 739-0821 (facsimile)
*Of Counsel for Plaintiff*

Ashish Mahendru BBO#647661
Mahendru, P.C.
1111 Bagby, Suite 2000
Houston, Texas 77002
(713) 571-1519 (telephone)
(713) 651-0776 (facsimile
*Of Counsel for Plaintiff*

**CERTIFICATE OF CONFERENCE**

This is to certify that the undersigned attorney has conferred with counsel for Defendant and the same opposes to the relief requested in this Motion.

__/s/ Stephen P. Carrigan /s/ by Jill L. Groff_____
Stephen P. Carrigan/Jill L. Groff

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of Plaintiff's Opposed Amended Motion for Continuance

and Request for Emergency Decision by Submission was served to each person listed below by certified mail, return receipt requested, facsimile and/or hand delivery on the 21st day of November, 2006.

Robert S. Fischler
Ropes & Gray, LLP
45 Rockefeller Plaza
New York, New York 10111

Christopher R. Dillon
Kate Cimini
Ropes & Gray, LLP
One International Place
Boston, MA 02110-2624

   /s/ Stephen P. Carrigan, /s/ by Jill L. Groff
Stephen P. Carrigan/Jill L. Groff