UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY JEWELERS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>IBJTC BUSINESS CREDIT CORPORATION<br>and DAVID MOLINARIO,<br><br>    Defendants. | Civil Action No. 04-10281-EFH |

**DEFENDANT IBJTC BUSINESS CREDIT CORP.'S OPPOSITION TO
PLAINTIFF'S AMENDED MOTION FOR CONTINUANCE**

  This is ARY's second motion within the last five weeks to continue the December 4 trial date. On October 16, 2006, ARY moved this Court to continue the trial date (Docket No. 124) – and the Court denied the motion on October 19, 2006. Now, seven business days before trial, ARY again moves to continue the trial date. The new motion should be denied for the following reasons:

  *First*, as discussed with the Court before it entered the October 19 Order denying ARY's previous motion, continuing the December 4 date at this late hour would prejudice IBJ. IBJ's counsel, and witnesses it expects to call, have planned their schedules to accommodate the December 4 trial date. Additionally, it would be a significant inconvenience to them if the trial were suddenly continued yet again.[1] IBJ's counsel has devoted substantial time preparing for

---

[1] As discussed <u>infra</u>, trial dates previously set by the court have been continued several times already.

trial, at significant expense to IBJ, and much of this work will need to be repeated if the requested continuance is granted.

*Second*, the April 2006 death of Mr. Baerst, one of two banking experts designated by ARY, is no basis for a continuance. As ARY acknowledges, it also retained and submitted an expert report from Thomas Bonville, another purported expert on banking practices. Mr. Bonville's report shows that his testimony substantially overlaps with the testimony that Mr. Baerst was to have provided. IBJ intends to offer a single expert on banking practices, and ARY's interest in offering duplicative testimony on this issue does not warrant an eve-of-trial continuance.

*Third*, any asserted prejudice to ARY regarding Mr. Baerst is of ARY's own making because ARY has not acted with reasonable diligence. In February 2006, the Court set a trial date of September 25, 2006. On April 27, 2006, ARY moved to have the Court reschedule the September 25, 2006, trial date, and, on May 2, 2006, the Court set the trial for December 11, 2006. On June 30, 2006, IBJ requested that the Court move the trial up one week, and on July 18, 2006, the Court set the present date of December 4, 2006. *Yet at no point prior to October 2006, did ARY check with Mr. Baerst to confirm his availability to testify at trial.* Had ARY done so, it would have learned of Mr. Baerst's unavailability well before October 2006.

Additionally, ARY has known of Mr. Baerst's death for at least six weeks, and has had ample opportunity over that period to locate a replacement expert if it felt one were required. IBJ informed ARY on October 13, 2006 that ARY intended to move for a continuance based on Mr. Baerst's death. IBJ responded that it opposed moving the December 4 trial date, but that it would agree that ARY could designate an additional expert, and serve a report for such expert,

before trial. On October 16, 2006, ARY sent IBJ a draft stipulation that called for these things to occur by **November 20, 2006**.[2]

Moreover, in its witness list submitted to the Court on November 13, 2006 (Docket No. 131) ARY identifies Cornelius Hurley of Boston University as an expert witness. IBJ has informed ARY that it would be willing to extend the time for Mr. Hurley to file his report until November 27, 2006 – one week longer than ARY originally said it needed and only one week before the start of trial. However, ARY rejected that offer and now seeks a 90-day continuance.

*Fourth*, ARY's professed need for additional time to "assess and obtain evidence of its damages" in light of the Court's decision striking the Webster expert report on damages, provides no basis for a continuance. See ARY Motion, ¶ **8.** ARY made the strategic decision to cast its lot with the damages theory Ms. Webster employed, and the time for the submission of expert reports passed long ago. ARY's attempt to get a second bite at the apple now is meritless. This is particularly true given that ARY has known for *over a year* (because IBJ raised the damages issue in its original summary judgment motion), that IBJ disputed the measure of damages employed by Ms. Webster. Yet ARY took no steps to address this issue in Ms. Webster's report or otherwise. In all events, ARY is no more prejudiced by now than it would have been if IBJ had objected to the introduction of Ms. Webster's testimony, or moved to strike such testimony, during trial.

*Finally*, if ARY were to come forward with a new damages theory, IBJ presumably would wish to obtain another expert report rebutting ARY's new theory. This would entail

---

[2] Attached as Exhibit A is a true and accurate copy of the e-mail of Jill Groff of October 16, 2006, and the attached draft motion to continue or enlarge time for filing expert report.

further delay and expense, highlighting that ARY should not get a "do over" because its damages theory was wrong.

*   *   *

Although this case was transferred to this Court in 2004, it has been pending since 2003 and the underlying events occurred in 2000 and early 2001. The parties have filed a stipulation of facts, identified the issues for trial, and have filed their exhibit lists. It is time to try this case, and IBJ respectfully requests that the Court deny ARY's motion to reconsider.

Dated: November 21, 2006

                      ROPES & GRAY LLP

                      By: /s/ Christopher Dillon
                          Robert S. Fischler (Admitted *Pro Hac Vice*)
                          Christopher R. Dillon (BBO No. 640896)

                          One International Place
                          Boston, Massachusetts 02110-2624
                          (617) 951-7000

                          *Attorneys for Defendant IBJTC*
                          *Business Credit Corp.*

## CERTIFICATE OF SERVICE

    I, Christopher R. Dillon, hereby certify that, pursuant to Fed. R. Civ. P. 5.4(c), a true copy of this document was electronically served upon counsel of record for the plaintiff in this action on November 21, 2006.

                                            By: /s/ Christopher Dillon
                                                  Christopher R. Dillon (BBO No. 640896)