**Dillon, Christopher R.**

| | |
|---|---|
| **From:** | Jill Groff [jgroff@carriganlawfirm.com] |
| **Sent:** | Monday, October 16, 2006 10:20 AM |
| **To:** | Dillon, Christopher R. |
| **Subject:** | RE: ARY v. IBJ |
| **Attachments:** | Motion for Continuance or to Enlarge time to designate.wpd |

Here is a copy of the revised motion for continuance or alternatively, motion to enlarge time to designate expert. Please let me know if you agree to the relief as phrased on the motion to enlarge.

************************

Jill Groff
The Carrigan Law Firm
909 Fannin, Suite 1575
Houston, TX 77010
(713)739-0810 ext. 205
(713)739-0821 fax
jgroff@carriganlawfirm.com

*************************************************

This e-mail, including attachments, contains information that is confidential and may be protected by the attorney/client and/or other privileges. This e-mail, including attachments, constitutes non-public information and is intended to be conveyed only to the designated recipient (s).

If you are not the intended recipient, please delete this e-mail, including attachments, and notify me immediately. The unauthorized use, dissemination, distribution or reproduction of this email, including attachments, is prohibited and may be unlawful.

-----Original Message-----
**From:** Dillon, Christopher R. [mailto:Christopher.Dillon@ropesgray.com]
**Sent:** Friday, October 13, 2006 4:44 PM
**To:** Jill Groff; Fischler, Robert S.
**Cc:** Steve Carrigan Blackberry Account; Wendy Watson
**Subject:** RE: ARY v. IBJ

Jill,

We oppose the motion to reconsider.

We oppose moving the trial date, but are open to allowing ARY to designate an additional expert and serving an expert report in the next few weeks, so long as we have the opportunity to depose that expert.

- Chris

11/21/2006

Christopher Dillon
Ropes & Gray LLP
One International Place
Boston, MA 02110
(617) 951-7827
(617) 951-7050 (fax)
cdillon@ropesgray.com

---

**From:** Jill Groff [mailto:jgroff@carriganlawfirm.com]
**Sent:** Friday, October 13, 2006 4:03 PM
**To:** Fischler, Robert S.; Dillon, Christopher R.
**Cc:** Steve Carrigan Blackberry Account; Wendy Watson
**Subject:** ARY v. IBJ

We are filing two motions today that we are asking to be heard the same day as the hearing on your motion (10/19). I am attaching them both and would appreciate it if you could let me know asap your position on the same.

Jill Groff

*************************

Jill Groff
The Carrigan Law Firm
909 Fannin, Suite 1575
Houston, TX 77010
(713)739-0810 ext. 205
(713)739-0821 fax
jgroff@carriganlawfirm.com

**************************************************

This e-mail, including attachments, contains information that is confidential and may be protected by the attorney/client and/or other privileges. This e-mail, including attachments, constitutes non-public information and is intended to be conveyed only to the designated recipient (s).

If you are not the intended recipient, please delete this e-mail, including attachments, and notify me immediately. The unauthorized use, dissemination, distribution or reproduction of this email, including attachments, is prohibited and may be unlawful.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY Jewelers, LLC., </br> Plaintiff, </br> </br> v. </br> </br> IBJTC Business Credit Corp. and </br> David Molinario, </br> Defendants. | ) </br> ) </br> ) </br> ) CIVIL ACTION NO. 04:-CV-10281 EFH </br> ) **Oral Argument Requested** </br> ) </br> ) </br> ) |

### PLAINTIFF'S OPPOSED MOTION FOR CONTINUANCE, OR IN THE ALTERNATIVE, ASSENTED TO MOTION TO ENLARGE TIME TO DESIGNATE EXPERT WITNESS AND PROVIDE REPORT

**TO THE UNITED STATES DISTRICT COURT:**

Plaintiff ARY Jewelers, LLC ("Plaintiff") files this Opposed Motion For Continuance, or in the Alternative, Assented to Motion to Enlarge Time to Designate Expert Witness and Provide Report, and in support thereof would respectfully show the Court the following:

1. This case is set for trial for on the Court's non-jury docket on December 4, 2006.

2. Plaintiff just recently learned that one of their banking expert witnesses, John Baerst, passed away. Although Mr. Baerst died last April after a long illness, Plaintiff was not aware that Mr. Baerst had died until recently and was also unaware that he had been ill. Mr. Baerst's deposition has not been taken in this case so it is not possible for his testimony to come before the Court by deposition.

3. Plaintiff requests a continuance to allow it time to engage another banking expert. Although Plaintiff retained two banking experts (one of whom is Thomas Bonville), each provided equally

1

important testimony based on each one's skill, experience, and expertise. Plaintiff designated both Mr. Baerst and Mr. Bonville, provided reports from both men, and relied upon affidavits from both men in opposing Defendant's motion for summary judgment. Moreover, Plaintiff had always intended to present both Mr. Baerst and Mr. Bonville at trial to testify on the various banking issues in this case.

4. Among other testimony, Mr. Baerst would have testified that Defendant's conduct violated well-established banking and industry standards; that the industry recognizes that customer information is sensitive and must be handled carefully, and that Defendant neglected its duty to Plaintiff in contacting Foothill. Mr. Baerst's testimony was critical to Plaintiff's tortious interference case because it would support the contention that Defendant interfered through improper means.

5. Plaintiff will be substantially prejudiced without a continuance to allow it to obtain another banking expert witness to replace Mr. Baerst.

In the alternative, Plaintiff requests that the deadline for designating expert witnesses and providing reports be enlarged to allow it to designate a banking expert to replace Mr. Baerst. Plaintiff also requests this additional time to allow the expert to provide a report and time for Defendant to depose the witness. Plaintiff requests that the time be enlarged so that it has until November 20 to so designate and provide a report.

WHEREFORE, Plaintiff asks that this Motion be granted and that the trial be re-set from December 4 to another date no earlier than March 2007. Alternatively, Plaintiff requests that it be allowed until November 20, 2006 to designate a banking expert to replace Mr. Baerst, provide a report from same, and that Defendant shall be able to depose the witness before trial.

Dated October 16, 2006

Respectfully submitted,
**THE CARRIGAN LAW FIRM, L.L.P.**

By: /s/ Stephen P. Carrigan
Stephen P. Carrigan (Admitted Pro Hac Vice)
State Bar No. 03877000
Federal I.D. 6112
2 Houston Center
909 Fannin, Suite 1575
Tel. (713)739-0810
Fax. (361)739-0821
*Attorney-in-Charge for Plaintiff*

OF COUNSEL:
Jill L. Groff (Admitted Pro Hac Vice)
The Carrigan Law Firm, L.L.P.
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas 77010
(713-729-0810 (telephone)
(713) 739-0821 (facsimile)
*Of Counsel for Plaintiff*

Ashish Mahendru BBO#647661
Mahendru, P.C.
1111 Bagby, Suite 2000
Houston, Texas 77002
(713) 571-1519 (telephone)
(713) 651-0776 (facsimile)
*Of Counsel for Plaintiff*

## CERTIFICATE OF CONFERENCE

This is to certify that the undersigned attorney has conferred with counsel for Defendants and the same _____ to the relief requested in this Motion.

/s/ Stephen P. Carrigan
Stephen P. Carrigan/Jill L. Groff

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the [Assented] to Motion for Continuance was served to each person listed below by certified mail, return receipt requested, facsimile and/or hand delivery on the _____ day of October, 2006.

Robert S. Fischler
Ropes & Gray, LLP
45 Rockefeller Plaza
New York, New York 10111

Christopher R. Dillon
Kate Cimini
Ropes & Gray, LLP
One International Place
Boston, MA 02110-2624

/s/ Stephen P. Carrigan
Stephen P. Carrigan/Jill L. Groff

3

## VERIFICATION

BEFORE ME, the undersigned authority, on this day personally appeared Stephen P. Carrigan, attorney in charge for Plaintiff, who after being by me duly sworn, stated upon his oath that all statements in the Motion for Continuance are true and correct to the best of his knowledge.

_____
Stephen P. Carrigan

SUBSCRIBED and SWORN TO before me on this the ___ day of October 2006.

(SEAL)

_____
Notary Public in and for the State of Texas

_____
Printed Name of Notary

My commission expires:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY Jewelers, LLC., <br>    Plaintiff, | ) <br> ) <br> ) |
| v. | )   CIVIL ACTION NO. 04:-CV-10281 EFH <br> ) |
| IBJTC Business Credit Corp. and <br> David Molinario, <br>    Defendants. | ) <br> ) <br> ) <br> ) |

ORDER GRANTING MOTION FOR CONTINUANCE

On the _____ day of _____, 2006, the Court considered the Motion for Continuance. The Court, after considering the same finds that said Motion should be GRANTED.

IT IS THEREFORE ORDERED that the Motion for Continuance is hereby GRANTED and that the trial of this cause shall be removed from the trial docket of December 4, 2006 and re-set to _____.

SIGNED on _____ , 2006.

                  _____
                  JUDGE PRESIDING