UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARY JEWELERS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>IBJTC BUSINESS CREDIT CORPORATION )<br>and DAVID MOLINARIO, )<br>)<br>Defendants. )<br>) | Civil Action No. 04-10281-EFH |

**DEFENDANT IBJTC BUSINESS CREDIT CORP.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO APPEAL UNDER § 1292**

ARY's motion for leave to appeal does not even facially meet ARY's burden under 28 U.S.C. § 1292(b). ARY cites no case law and provides no explanation as to how the statutory standard is met, nor does ARY provide any rationale for disregarding the First Circuit's policy disfavoring piecemeal appeals. In all events, the motion should be denied because the October 24 Order is not suitable for interlocutory review. Among other things, the legal issue addressed in the Order is neither difficult nor unsettled, and interlocutory review would be disruptive and would not materially advance the ultimate termination of the litigation. Moreover, ARY's petition is untimely and thus jurisdictionally defective.

"Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare." *Camacho v. Puerto Rico Ports Authority*, 369 F.3d 570, 573 (1st Cir. 2004). To appeal an order under Section 1292(b), ARY must convince both this Court and the First Circuit (1) that such order involves a controlling question of law as to which there is substantial ground for difference of opinion, and (2) that an immediate appeal from the order may materially

10278704_2.DOC

advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b); *Camacho*, 369 F.3d at 573.  Here, neither prong is met.

*First*, there is no substantial ground for a difference of opinion regarding the proper measure of damages.  In its October 24 Order, this Court ruled that

> the measure of any damages to be established in this case shall not include lost profits flowing from a separate contract between ARY and Krigel's Inc. ("Krigel") relating to ARY's agreement to purchase Krigel's stock, but only those damages flowing from defendant's alleged interference with ARY's financial relationship with Foothill Capital Corporation ("Foothill").

October 24 Order at 2.  This ruling is entirely consistent with the cases and treatise commentary on the subject, as IBJ's brief in support of its earlier motion to strike the report of ARY's damages expert demonstrates.  ARY did not cite any contrary authority in its opposition to that motion, and it cites not a single case or treatise now that suggests there is a substantial ground for a difference of opinion on the correct measure of damages where, as here, a plaintiff's claim is that it was wrongfully denied a financing agreement.[1]  In short, the October 24 Order addresses a well-settled issue of law that does not warrant an interlocutory appeal.  *See Caraballo-Seda, v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) ("We have repeatedly emphasized that 'interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority.'").

---

[1] Although irrelevant to this motion, ARY is disingenuous in asserting that IBJ moved for summary judgment on the grounds that ARY had no recoverable damages and that the "Court denied Defendant's motion in February, 2006, in effect approving Ms. Webster's report and approach."  (ARY's Memo at ¶ 4).  IBJ's October 24, 2005, motion (which was the motion the Court considered in its February 7, 2006, Order) does not move for summary judgment on that issue.  Indeed, in its November 15, 2005, reply brief IBJ expressly disavowed that it was doing so: "[T]he Court can ignore the affidavits of Shirley Webster, Barry Pickens, and Joseph Thompson submitted by ARY.  All three affidavits are irrelevant, as they are devoted entirely to an issue not raised by defendant's motion - the alleged amount of ARY's damages."  (Docket No. 90 at 1.)

*Second*, an immediate appeal from the Court's October 24 Order would not materially advance the ultimate termination of the litigation; indeed, it would have just the opposite affect. At the eleventh hour, ARY seeks (yet again) to stay the trial so as to appeal an order that has no impact on liability. Even if ARY were granted its interlocutory appeal, a trial would still be necessary at some point on those aspects of the case unaffected by the order – regardless of whether ARY were successful on appeal.

As evidenced by the parties' joint statement of undisputed facts and the Court's summary judgment decision, the underlying case is relatively straightforward. The parties have represented to the Court that the trial should last about a week – not the "weeks of testimony" suggested in ARY's motion (ARY's Memo at ¶ 9). Witnesses are lined up, counsel is prepared, and the Court has allotted time on its calendar. As the First Circuit has stated: "By their nature, interlocutory appeals are disruptive, time-consuming, and expensive. Thus, we have elevated the threshold for discretionary review in other instances, endeavoring to discourage piecemeal appeals." *Waste Management Holding, Inc. v. Mowbray*, 208 F.3d 288, 294 (1st Cir. 2000), c*iting Heddendorf v. Goldfine*, 263 F.2d 887, 889 (1st Cir. 1959) (dealing with applications under 28 U.S.C. § 1292(b)). Here, a piecemeal appeal is especially inappropriate, as the entire case will soon be decided such that all appealable issues may be heard in a single appeal after the entry of final judgment.

*Third*, ARY's motion is untimely and thus jurisdictionally defective. It is inexcusable – and fatal to its motion – that ARY waited until eve of trial to bring this motion, given that the Court's initial order was issued on October 24, 2006. Section 1292(b) contemplates that the district court shall certify in its original order that its order is appropriate for an interlocutory appeal and that the parties then have ten days to appeal that order. Here, the Court did not make

any such findings in its October 24 Order, nor did ARY promptly move to have the Court amend the Order to include such findings.[2]  More importantly, ARY's current motion is jurisdictionally defective because ARY did not file its notice of intent to appeal with the First Circuit within ten days, as required by Section 1292(b).  *Rodriguez v. Banco Central*, 917 F.2d 664, 668 (1st Cir. 1990) ("Since the plaintiffs did not file a petition for permission to appeal under § 1292(b) in this court within ten days of the district court's entry of its November Order, we lack jurisdiction over their appeal from that order.")  Rather ARY waited over two months until the eve of trial to bring its motion in the district court and has yet to file anything with the First Circuit.  Consequently, the Court should deny ARY's motion as untimely as the court of appeals would not have jurisdiction to hear ARY's appeal.  As the First Circuit held in *In re Casal*:

> The district court did not purport to certify the September 4 order for immediate appeal, and, in any case, a court of appeals may not exercise its discretion to entertain an interlocutory appeal under section 1292(b) unless the appellant requests it to do so within ten days after entry of the district court order from which appeal is sought.  No such timely request was made by appellants.  "[T]he statute's ten-day limit is jurisdictional, which is to say that the law does not permit us to forgive a party's failure to comply."  *Rodriguez v. Banco Central*, 917 F.2d 664, 668 (1st Cir.1990).

*In re Casal*, 998 F.2d 28, 32-33 (1st Cir. 1993); *see also Richards v. Dunne*, 325 F.2d 155, 156 (1st Cir. 1963) (appeal filed 22 days after district court decision dismissed as untimely under 28 U.S.C. 1292(b)).

\*     \*     \*

---

[2] Indeed, even in its motion to reconsider, which was not filed until November 9, 2006, ARY did not challenge the Court's holding regarding the proper measure of damages or otherwise indicate that it thought that issue was ripe for an interlocutory appeal.  Rather, ARY argued that Ms. Webster's testimony was consistent with the standard set forth in the Court's October 24 Order.   Thus, ARY's motion for interlocutory appeal cannot be fairly characterized as an appeal of the Court's November 16 decision.  Moreover, ARY has still not filed a notice of appeal with the First Circuit regarding any of this Court's decisions.

      For the reasons above, IBJ respectfully requests that the Court deny ARY's motion for leave to appeal.

Dated: November 28, 2006

                                      ROPES & GRAY LLP

                                      By: /s/ Christopher Dillon
                                             Robert S. Fischler (Admitted *Pro Hac Vice*)
                                             Christopher R. Dillon (BBO No. 640896)
                                             F. Turner Buford (BBO No. 661331)

                                             One International Place
                                             Boston, Massachusetts 02110-2624
                                             (617) 951-7000

                                             *Attorneys for Defendant IBJTC*
                                             *Business Credit Corp.*

## **CERTIFICATE OF SERVICE**

      I, Christopher R. Dillon, hereby certify that, pursuant to Fed. R. Civ. P. 5.4(c), a true copy of this document was electronically served upon counsel of record for the plaintiff in this action on November 28, 2006.

                                  By: /s/ Christopher Dillon
                                       Christopher R. Dillon (BBO No. 640896)