## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARY JEWELERS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10281-EFH |
| ) | |
| IBJTC BUSINESS CREDIT CORPORATION ) | |
| and DAVID MOLINARIO, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT IBJTC BUSINESS CREDIT CORP.'S MOTION FOR DISMISSAL OF SECOND AMENDED COMPLAINT AND ENTRY OF JUDGMENT**

Defendant IBJTC Business Credit Corporation ("IBJ") moves this Court for dismissal of the sole remaining count (Count I) of the Second Amended Complaint and for entry of judgment for IBJ pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the Court's inherent powers.[1]

On July 18, 2006, the Court scheduled this case for a bench trial on December 4, 2006. Thereafter, plaintiff ARY Jewelers LLC ("ARY") unsuccessfully moved on three separate occasions to continue or stay the trial. On October 13, 2006, ARY first moved for a continuance.

---

[1] Under Rule 41(b), a court may exercise its discretion to dismiss an action for, among other reasons, "the failure of the plaintiff to prosecute" its case. Rule 41(b) has been invoked as a basis for dismissal where a plaintiff failed to appear at trial and where, as here, made a "conscious choice to suffer the consequences of dismissal rather than to proceed to trial in the posture of the case as it then stood." *Hughley v. Eaton*, 572 F.2d 556, 557 (6th Cir. 1978). Under a court's inherent power, it may, among other things, dismiss a case for lack of prosecution. *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962). The inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs to as to achieve the orderly and expeditious disposition of cases." *Id*.

The Court denied that motion on October 16, 2006. On November 21, 2006, ARY again moved for a continuance, and on November 28, 2006, the Court denied that motion as well. On November 27, 2006, ARY moved to certify the Court's October 24, 2006 Order (regarding damages) for interlocutory appeal and to stay the trial pending appeal. On November 29, 2006, the Court denied that motion.

In compliance with the Court's pre-trial scheduling order, on November 13, 2006, the parties submitted their joint stipulation of undisputed facts, list of issues to be tried, and respective witness lists. On November 20, 2006, the parties submitted exhibit lists. On November 27, 2006, IBJ submitted its objections to the plaintiff's exhibit list and expert qualifications. And on December 4, 2006, IBJ filed its trial brief and proposed rulings.

At the appointed hour on December 4, 2006, the Court called the case for trial. IBJ's counsel was ready to proceed. The Court invited ARY's counsel to call his first witness. He responded that ARY would not be calling any witnesses, explaining that ARY had elected not to proceed in light of the Court's prior ruling on damages which, counsel asserted, left ARY unable to prove its damages. Counsel went on essentially to repeat ARY's previously rejected arguments concerning its motion for an interlocutory appeal of the Court's October 24 Order on damages.

After a lengthy discussion among counsel for the parties and the Court, in which the Court again invited ARY to present evidence or make an appropriate offer of proof, IBJ orally moved for a judgment in its favor. The Court granted the motion and asked that it be made formally in writing.

In view of ARY's decision not to proceed at trial, the Court should dismiss Count I of the Second Amended Complaint with prejudice, and enter judgment in favor of IBJ. Based on the

Court's recent rulings denying ARY's motions to continue and stay the trial, and for an interlocutory appeal, ARY was on clear notice that it would be expected to try its case without further delay starting on December 4, 2006.  But ARY made the strategic decision not to "proceed to trial in the posture of the case as it then stood."  *Hughley v. Eaton*, 572 F. 2d at 557.  This Court, of course, was under no obligation to change that posture to ARY's liking by certifying the October 24 Order for interlocutory appeal, or to stay the trial pending appeal.  The motion for interlocutory appeal was unsupported by any legal authority and was jurisdictionally defective, as discussed in IBJ's opposition to the motion.

It should be noted that ARY's conduct has been highly prejudicial to IBJ and, as the Court itself noted, "insulting" to the Court.  ARY did not even extend the professional courtesy of prior notice to IBJ's counsel or the Court of ARY's intention not to put on a case.  As a result, IBJ's attorneys worked many hours last week and through the weekend of December 2-3 to prepare for trial, including the preparation of the lengthy trial brief it filed before the case was called for trial on December 4.  Needless to say, counsel's effort was expensive for IBJ, which reserves its right to seek fees and costs from ARY at an appropriate time.

WHEREFORE, IBJ respectfully requests that the Court dismiss Count I of the Second Amended Complaint with prejudice and enter judgment for IBJ.

Dated:  December 4, 2006

>ROPES & GRAY LLP

>By: /s/ Christopher Dillon
>Robert S. Fischler (Admitted *Pro Hac Vice*)
>Christopher R. Dillon (BBO No. 640896)
>F. Turner Buford (BBO No. 661311)
>
>One International Place
>Boston, Massachusetts 02110-2624
>(617) 951-7000
>
>Attorneys for Defendant IBJTC
>Business Credit Corp.

## CERTIFICATE OF SERVICE

I, Christopher R. Dillon, hereby certify that, pursuant to Fed. R. Civ. P. 5.4(c), a true copy of this document was electronically served upon counsel of record for the plaintiff in this action on December 4, 2006.

>By: /s/ Christopher Dillon
>Christopher R. Dillon (BBO No. 640896)